## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | MIG EAST, LLC |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | DBA MIG Detroit <br> DBA MIG Construction <br> DBA Michigan Industrial Group |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 38-3527400 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 422 W. Congress <br> Ste. 400 <br> Detroit, MI 48226 <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Wayne <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    https://www.migconstruction.com/

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

_2362_

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. **Check *all* that apply:**

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☒ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | | | Relationship | |
|---|---|---|---|---|---|
| | District | | When | Case number, if known | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds** .

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☒ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☒ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☒ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    December 19, 2023
              MM / DD / YYYY

**X** /s/ Mr. Paul Jenkins, Jr.                 Mr. Paul Jenkins, Jr.
    Signature of authorized representative of debtor         Printed name

Title    Authorized Member

**18. Signature of attorney**

**X** /s/ Alexander J. Berry-Santoro       Date   December 19, 2023
    Signature of attorney for debtor                 MM / DD / YYYY

Alexander J. Berry-Santoro P81545
Printed name

Maxwell Dunn PLC
Firm name

2937 E. Grand Blvd.
Suite 308

Detroit, MI 48202
Number, Street, City, State & ZIP Code

Contact phone               Email address   aberrysantoro@maxwelldunnlaw.com

P81545 MI
Bar number and State

# RESOLUTION OF MIG EAST, LLC

Paul Jenkins (Sr.), the Managing Member (the "Member") of MIG East, LLC., a Michigan Domestic Limited Liability Company ("MIG"), on __12 / 08 / 2023__, 2023, at a meeting in which a quorum of directors was present, adopt and approve the following resolutions:

## A. Chapter 11

WHEREAS, the Board has considered the advice of counsel regarding relief available under Title 11 of the United States Code ("Title 11"), Chapter 11 (Sub-V) and weighed the future viability and liquidity of MIG, versus the present claims against the business and has weighed the alternatives to relief under Title 11; and

WHEREAS, the Board has consulted with its members, Paul Jenkins, Jr. and the Member, and fully considered Title 11 and strategic alternatives available to MIG, and, noted that the "Amended and Restated Operating Agreement of [MIG]," March 25, 2011, clause 3.2, allows Member to act with the full and unfettered discretion and authority to "begin, prosecute, or defend any proceeding in the company's name;" and, to delegate said duty; and

WHEREAS, the Board has previously approved retention of Maxwell Dunn, PLC as counsel;

NOW, THEREFORE, IT IS

RESOLVED, that in the judgment of the Member, it is in the best interests of MIG, its creditors, and other interested parties, that the corporation be and hereby is

Doc ID: f290e8dee182bc797be0423ca35bfc9e2c7dacff

authorized to file, or cause to be filed, a proceeding under Title 11, Chapter 11, Sub V (the "Bankruptcy"), in a court of proper jurisdiction and venue (the "Bankruptcy Court"); and, be it

FURTHER RESOLVED, that in the judgment of the Board it is in the best interests of MIG to retain Maxwell Dunn, PLC, in connection with the Bankruptcy; and, be it

FURTHER RESOLVED, that Paul Jenkins, Jr. ("Authorized Officer"), is authorized, imbued, empowered, and directed to execute and file on behalf of MIG, all documents (non-exhaustive and non-exclusive) and take any actions (non-exhaustive and non-exclusive) that the Authorized Officer deems necessary or proper to obtain relief under the Bankruptcy; and, be it

FURTHER RESOLVED, that the Authorized Officer is authorized, empowered, and directed to certify the authenticity of these resolutions.

## B. Retention of Maxwell Dunn, PLC

IT IS FURTHER RESOLVED, that the Authorized Officer is authorized and directed to execute all documents (non-exhaustive and non-exclusive) and take all actions to retain Maxwell Dunn, PLC, as general bankruptcy counsel in the Bankruptcy and to represent and assist MIG in carrying out its duties under Title 11 and to take any and all actions to advance MIG's rights, fulfill its duties and obligations, and execute or file all documents (non-exhaustive and non-exclusive) to formally address the issues herein, navigate the bankruptcy process, and the resulting

Doc ID: f290e8dee182bc797be0423ca35bfc9e2c7dacff

reorganization of MIG.

RESOLVED:

/s/_____
Paul Jenkins (Sr.), Managing Member of MIG

DATED: 12 / 11 / 2023

Doc ID: f290e8dee182bc797be0423ca35bfc9e2c7dacff


| | |
|---|---|
| **Title** | Maxwell Dunn, PLC, has sent you a document to review and... |
| **File name** | Resolution of MIG.docx |
| **Document ID** | f290e8dee182bc797be0423ca35bfc9e2c7dacff |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested on app.practicepanther.com and signed on app.practicepanther.com**

## Document History

| | | |
|---|---|---|
| **SENT** | **12 / 08 / 2023** 16:07:25 UTC | Sent for signature to Jenkins, Jr, Paul PJ (pj@migconstruction.com) and Jenkins, Paul (pjenkins@migconstruction.com) from pjenkins@migconstruction.com IP: 99.7.74.55 |
| **VIEWED** | **12 / 08 / 2023** 18:30:36 UTC | Viewed by Jenkins, Jr, Paul PJ (pj@migconstruction.com) IP: 104.14.0.11 |
| **SIGNED** | **12 / 08 / 2023** 18:31:05 UTC | Signed by Jenkins, Jr, Paul PJ (pj@migconstruction.com) IP: 104.14.0.11 |
| **VIEWED** | **12 / 11 / 2023** 17:22:22 UTC | Viewed by Jenkins, Paul (pjenkins@migconstruction.com) IP: 64.85.156.170 |
| **SIGNED** | **12 / 11 / 2023** 17:22:37 UTC | Signed by Jenkins, Paul (pjenkins@migconstruction.com) IP: 64.85.156.170 |
| | **12 / 11 / 2023** 17:22:37 UTC | The document has been completed. |


| | |
|---|---|
| **Title** | Maxwell Dunn, PLC, has sent you a document to review and... |
| **File name** | Resolution of MIG.docx |
| **Document ID** | f290e8dee182bc797be0423ca35bfc9e2c7dacff |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested on app.practicepanther.com and signed on app.practicepanther.com**

## Document History
COMPLETED

Fill in this information to identify the case:

Debtor name    MIG EAST, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF MICHIGAN

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    December 19, 2023    **X** /s/   Mr. Paul Jenkins, Jr.
   Signature of individual signing on behalf of debtor

   Mr. Paul Jenkins, Jr.
   Printed name

   Authorized Member
   Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name    MIG EAST, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF MICHIGAN

Case number (if known):    _____

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim *If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim.* | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Anselmino Construction 4562 STANTON RD Oxford, MI 48371 | | Services Rendered/Trade Debt | | | | $120,530.72 |
| Blue Star, Inc. 1402 SYLVAN CIRCLE Rochester, MI 48307 | | Trade debt | | | | $86,028.20 |
| Bluestone Construction Group 2703 PARKLAWN DR Brighton, MI 48114 | | Trade debt | | | | $116,962.34 |
| DataTech Cafe 24875 NOVI RD Novi, MI 48376 | | Trade debt | | | | $59,149.36 |
| Diversified Construction Specialists, In 2141 Austin Ave. Rochester, MI 48309 | | Trade debt | | | | $204,183.26 |
| FRAMING AUTHORITY, INC. 30832 INDUSTRIAL RD Livonia, MI 48150 | | Trade debt | | | | $123,731.72 |
| Gold Star Equipment, Inc. 21680 COOLIDGE Oak Park, MI 48237 | | Trade debt | | | | $59,163.00 |
| Job Site Services 4395 WILDER ROAD Bay City, MI 48706 | | Trade debt | | | | $60,720.56 |
| Limbach Co., LLC 3410 BELLE CHASE WAY, Ste. 600 Lansing, MI 48911 | | Trade debt | | | | $104,403.70 |

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Mechanical Heating & Cooling 6192 N TELEGRAPH RD Dearborn Heights, MI 48127 | | Trade debt | | | | $376,457.28 |
| Omega Floors, INC. 35370 UNION LAKE ROAD Harrison Township, MI 48045 | | Trade debt | | | | $54,203.14 |
| Parker Arntz Plumbing & Heating 6319 S GREENVILLE RD., PO. BOX 364 Greenville, MI 48838 | | Trade debt | | | | $166,661.91 |
| Riney Electric 1459 FORT STREET Wyandotte, MI 48192 | | Trade debt | | | | $315,841.85 |
| Roseville Glass Co. LLC 26153 JOHN R Madison Heights, MI 48071 | | Trade debt | | | | $64,006.21 |
| sav's welding services, inc. 11811 PLEASANT ST Detroit, MI 48217 | | Trade debt | | | | $291,153.89 |
| Schindler Elevator Corporation 20 WHIPPANY ROAD Morristown, NJ 07960 | | Trade debt | | | | $66,570.77 |
| Selective Insurance Inc. 40 Wantage Ave. Branchville, NJ 07890 | | Bond Claims - secured by collateral owned by insider | | | | $1,822,512.27 |
| tri star fire protection, inc 32300 NORTHWESTERN HWY STE 200 Farmington, MI 48334 | | Trade debt | | | | $55,990.42 |
| Tristar Roofing 2273 WADHAMS ROAD Smiths Creek, MI 48074 | | Trade debt | | | | $136,617.02 |

Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Zeeland Lumber & Supply Co 107 BAY CIRCLE DRIVE Holland, MI 49424 | | Trade debt | | | | $337,318.90 |

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                          12/15

---

**Part 1:    Summary of Assets**

1.  ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*...........................................................................................    $                154,542.00

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*.........................................................................................    $             5,288,039.05

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*...........................................................................................    $             5,442,581.05

---

**Part 2:    Summary of Liabilities**

2.  ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................    $                492,000.00

3.  ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*.........................................................    $                       0.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............................    +$             5,789,100.88

4.  **Total liabilities** ...........................................................................................................................
   Lines 2 + 3a + 3b                                                                                                       $             6,281,100.88

**Fill in this information to identify the case:**

Debtor name    MIG EAST, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF MICHIGAN

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.
Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties
which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts
or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write
the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an
additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset
schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the
debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

☐ No.   Go to Part 2.
☒ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
| --- | --- | --- | --- |
| 2. | **Cash on hand** | | $422.00 |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | Independent Bank | Business Flex Account | 9507 | $122,929.21 |
| 3.2. | CD | Restricted Cash CD | | $500,000.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| | $623,351.21 |
| --- | --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

**6. Does the debtor have any deposits or prepayments?**

☐ No.   Go to Part 3.
☒ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
Description, name of holder of deposit

| 7.1. | Security Deposit held by "Chickpea Development, LLC," 645 Griswold St., Ste. 4300, Detroit, Mi 48226 | $3,121.48 |
| --- | --- | --- |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

9. **Total of Part 2.**

   | | |
   |---|---|
   | | $3,121.48 |

   Add lines 7 through 8. Copy the total to line 81.

**Part 3:     Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No.   Go to Part 4.
☒ Yes Fill in the information below.

11.     **Accounts receivable**

| | | | | | |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | 4,410,724.75 | - | 1,081,197.78 | = .... | $3,329,526.97 |
| | face amount | | doubtful or uncollectible accounts | | |

| | | | | | |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | 771,800.19 | - | 0.00 | = .... | $771,800.19 |
| | face amount | | doubtful or uncollectible accounts | | |

| | | | | | |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | 80,243.20 | - | 0.00 | = .... | $80,243.20 |
| | face amount | | doubtful or uncollectible accounts | | |

12.     **Total of Part 3.**

   | | |
   |---|---|
   | | $4,181,570.36 |

   Current value on lines 11a + 11b = line 12.   Copy the total to line 82.

**Part 4:     Investments**

**13. Does the debtor own any investments?**

☐ No.   Go to Part 5.
☒ Yes Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14.     **Mutual funds or publicly traded stocks not included in Part 1**
        Name of fund or stock:

15.     **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
        Name of entity:                                    % of ownership

| | | | | | |
|---|---|---|---|---|---|
| 15.1. | Joint Venture between Debtor and Colasanti (EIN 84-1921646) | 30 | % | Tax records | $307,766.00 |

| | | | | | |
|---|---|---|---|---|---|
| 15.2. | Joint Venture investment, i.e.: Colssanti/Mig, Christman/Mig, McGill/Mig, Oliver/Hatcher/Mig, Mig/Roncelli; Investment (account 1701) | 100 | % | N/A | $46,521.00 |

16.     **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
        Describe:

17.     **Total of Part 4.**

   | | |
   |---|---|
   | | $354,287.00 |

   Add lines 14 through 16.   Copy the total to line 83.

---

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☒ No.   Go to Part 6.
☐ Yes Fill in the information below.

---

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No.   Go to Part 7.
☐ Yes Fill in the information below.

---

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.   Go to Part 8.
☒ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.** **Office furniture**<br>Assorted Office Furniture | $0.00 | Approximation | $112,000.00 |

**40.** **Office fixtures**

**41.** **Office equipment, including all computer equipment and communication systems equipment and software**

**42.** **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43.** **Total of Part 7.**                                                                          | $112,000.00 |
Add lines 39 through 42.   Copy the total to line 86.

**44.** **Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

**45.** **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.   Go to Part 9.
☒ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.** **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1. 2016 Ford F-150<br>(1FTEX1E82GFD62313; $13708); | $0.00 | Kelly Blue Book | $13,708.00 |

---

48. **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**

   Add lines 47 through 50.   Copy the total to line 87.

   | $13,708.00 |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
   ☒ No
   ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
   ☒ No
   ☐ Yes

**Part 9:** | **Real property**

54. **Does the debtor own or lease any real property?**

   ☐ No.   Go to Part 10.
   ☒ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. Buildings - i.e., leasehold improvements which were done to the surrendered lease - include Office carpeting Drywall/countertops/Ceiling work (not trade fixtures); this entry corresponds to "buildings" on balance sheet. | Fee Simple (subject to reversion on surrender of lease) | $8,681.00 | Expert (Plante Moran) | $22,497.00 |
| 55.2. Lease Right of Use in Debtor's address | Equitable interest | $0.00 | Approximation | $132,045.00 |

56. **Total of Part 9.**

   Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
   Copy the total to line 88.

   | $154,542.00 |

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
   ☒ No
   ☐ Yes

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

58.    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
| --- | --- |

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☒ No.   Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
| --- | --- |

70.  **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.   Go to Part 12.
☒ Yes Fill in the information below.

|  |  | Current value of debtor's interest |
| --- | --- | --- |
| 71. | **Notes receivable**<br>Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73. | **Interests in insurance policies or annuities**<br>Zurich Commercial Crime Policy; (Last 4: 39-00)<br>No cash value - but insures $125k of loss due to employee<br>theft | $1.00 |

| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)**<br>Cause of Action (potentially) against Brian Deming - he entered into a transaction on behalf of the company, as the previous president, and unceremoniously left the company without upholding his obligations to the company | Unknown |
| --- | --- | --- |
| | Nature of claim | Breach of Fiduciary Duty and Related Claims |
| | Amount requested | $0.00 |

| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| --- | --- | --- |
| 76. | **Trusts, equitable or future interests in property** | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | |
| 78. | **Total of Part 11.**<br>Add lines 71 through 77. Copy the total to line 90. | $1.00 |

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 19 of 133

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $623,351.21 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $3,121.48 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $4,181,570.36 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $354,287.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $112,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $13,708.00 | |
| 88. **Real property.** *Copy line 56, Part 9* ...........................................> | | $154,542.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $1.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $5,288,039.05 | + 91b. $154,542.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $5,442,581.05 |

Aging as of date: 11/13/2023
Aging basis: Accounting date
Unpaid only?  Yes
Include Retainage?  No
Include Finance Charges?  No
Show detail?  No

# Aging Detail by Job

| Tran Type | ID | Date | Amount | Current | Over 30 | Over 60 | Over 90 | Over 120 | Retainage | Finance Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| **20-006 Harmonie Club Core & Shell** | | | | | | | | | | |
| **311GRAND  311 Grand River LLC** | | | | | | | | | | |
| Invoice | 20222006018 | 09/25/2022 | 56,087.05 | | | | | 56,087.05 | | |
| Invoice | 202220006019 | 10/25/2022 | 237,116.79 | | | | | 237,116.79 | | |
| Invoice | 202220006020 | 11/25/2022 | 51,785.47 | | | | | 51,785.47 | | |
| Invoice | 202320006021 | 01/25/2023 | 35,729.96 | | | | | 35,729.96 | | |
| Invoice | 20232000621523 | 02/25/2023 | -68,425.32 | | | | | -68,425.32 | | |
| Invoice | 20232000600018 | 02/25/2023 | -19,543.50 | | | | | -19,543.50 | | |
| Invoice | 202320006022 | 04/25/2023 | 93,210.62 | | | | | 93,210.62 | | |
| Invoice | 202320006023 | 05/25/2023 | 164,497.56 | | | | | 164,497.56 | | |
| Invoice | 202320006997019 | 07/25/2023 | -137,000.00 | | | | -137,000.00 | | | |
| Invoice | 20232006024 | 08/25/2023 | 439,850.12 | | | 439,850.12 | | | | |
| Invoice | 223200100000024 | 11/10/2023 | -85,000.00 | -85,000.00 | | | | | | |
| | **311 Grand River LLC Totals:** | | **768,308.75** | **-85,000.00** | **0.00** | **439,850.12** | **-137,000.00** | **550,458.63** | | |
| | | **20-006 Totals:** | **768,308.75** | **-85,000.00** | **0.00** | **439,850.12** | **-137,000.00** | **550,458.63** | **0.00** | **0.00** |
| **20-009 AMP Detroit** | | | | | | | | | | |
| **ALLIEDME  Allied Media Projects** | | | | | | | | | | |
| Invoice | 202320009000036 | 09/25/2023 | 58,544.17 | | 58,544.17 | | | | | |
| Invoice | 20232009036 | 09/25/2023 | 129,229.43 | | 129,229.43 | | | | | |
| Invoice | 223200100000025 | 10/25/2023 | 446.36 | 446.36 | | | | | | |
| | **Allied Media Projects Totals:** | | **188,219.96** | **446.36** | **187,773.60** | **0.00** | **0.00** | **0.00** | | |
| | | **20-009 Totals:** | **188,219.96** | **446.36** | **187,773.60** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **20-010 Dreamtroit - Phase 2** | | | | | | | | | | |
| **LIFEISAD  Life Is A Dreamtroit, LLC** | | | | | | | | | | |
| Invoice | 2022201000016 | 07/25/2022 | 8,811.70 | | | | | 8,811.70 | | |
| Invoice | 2022201000017 | 08/25/2022 | 58,536.83 | | | | | 58,536.83 | | |
| Invoice | 20222001000018 | 09/25/2022 | 79,740.54 | | | | | 79,740.54 | | |
| Invoice | 2022200100019 | 10/25/2022 | 90,000.00 | | | | | 90,000.00 | | |
| Invoice | 2023200100023 | 07/25/2023 | 382,155.64 | | | | 382,155.64 | | | |
| Invoice | 223200100000023 | 07/25/2023 | 48,494.44 | | | | 48,494.44 | | | |
| Invoice | 20232001000024 | 09/25/2023 | 793,049.72 | | 793,049.72 | | | | | |
| Invoice | 202320010000024 | 09/25/2023 | 57,150.46 | | 57,150.46 | | | | | |

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 21 of 133

Aging as of date: 11/13/2023
Aging basis: Accounting date
Unpaid only? Yes
Include Retainage? No
Include Finance Charges? No
Show detail? No

# Aging Detail by Job

| Tran Type | ID | Date | Amount | Current | Over 30 | Over 60 | Over 90 | Over 120 | Retainage | Finance Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| **LIFEISAD  Life Is A Dreamtroit, LLC** | | | | | | | | | | |
| Invoice | 2023200100025 | 09/25/2023 | 1,427,616.82 | | 1,427,616.82 | | | | | |
| | **Life Is A Dreamtroit, LLC Totals:** | | **2,945,556.15** | **0.00** | **2,277,817.00** | **0.00** | **430,650.08** | **237,089.07** | | |
| | | **20-010 Totals:** | **2,945,556.15** | **0.00** | **2,277,817.00** | **0.00** | **430,650.08** | **237,089.07** | **0.00** | **0.00** |
| **23-002 23-002 DPS - Bethune** | | | | | | | | | | |
| **DETROITEA  Detroit Edison Public SchoolAcademy** | | | | | | | | | | |
| Invoice | 2023230020003 | 08/25/2023 | 154,300.50 | | | 154,300.50 | | | | |
| Invoice | 2023230020004 | 09/25/2023 | 73,465.47 | | 73,465.47 | | | | | |
| Invoice | 202323002005 | 10/25/2023 | 28,166.50 | 28,166.50 | | | | | | |
| | **Detroit Edison Public SchoolAcademy Totals:** | | **255,932.47** | **28,166.50** | **73,465.47** | **154,300.50** | **0.00** | **0.00** | | |
| | | **23-002 Totals:** | **255,932.47** | **28,166.50** | **73,465.47** | **154,300.50** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-006 MGM - Clear 2 Smoking** | | | | | | | | | | |
| **MGMGRAND  MGM Resorts Internatl - MGM Grand** | | | | | | | | | | |
| Invoice | 202323006 | 09/25/2023 | 2,000.00 | | 2,000.00 | | | | | |
| | **MGM Resorts Internatl - MGM Grand Totals:** | | **2,000.00** | **0.00** | **2,000.00** | **0.00** | **0.00** | **0.00** | | |
| | | **23-006 Totals:** | **2,000.00** | **0.00** | **2,000.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-007 MGM Night Club Smoking** | | | | | | | | | | |
| **MGMGRAND  MGM Resorts Internatl - MGM Grand** | | | | | | | | | | |
| Invoice | 202323007004 | 09/25/2023 | 157,561.40 | | 157,561.40 | | | | | |
| Invoice | 202323007005 | 10/25/2023 | -10,775.99 | -10,775.99 | | | | | | |
| | **MGM Resorts Internatl - MGM Grand Totals:** | | **146,785.41** | **-10,775.99** | **157,561.40** | **0.00** | **0.00** | **0.00** | | |
| | | **23-007 Totals:** | **146,785.41** | **-10,775.99** | **157,561.40** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-008 HFMC - Livonia** | | | | | | | | | | |
| **MIGRONCE  MIG Roncelli LLC** | | | | | | | | | | |
| Invoice | 202323008000001 | 10/25/2023 | 10,332.00 | 10,332.00 | | | | | | |
| | **MIG Roncelli LLC Totals:** | | **10,332.00** | **10,332.00** | **0.00** | **0.00** | **0.00** | **0.00** | | |
| | | **23-008 Totals:** | **10,332.00** | **10,332.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-014 OH JV - PARCEL A** | | | | | | | | | | |

Aging as of date: 11/13/2023
Aging basis: Accounting date
Unpaid only? Yes
Include Retainage? No
Include Finance Charges? No
Show detail? No

**Aging Detail by Job**

| Tran Type | ID | Date | Amount | Current | Over 30 | Over 60 | Over 90 | Over 120 | Retainage | Finance Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| **OLIVERHA  Oliver / Hatcher Construction** | | | | | | | | | | |
| Invoice | 20232014003 | 10/25/2023 | 7,320.00 | 7,320.00 | | | | | | |
| Invoice | 202323014004 | 10/25/2023 | 5,490.00 | 5,490.00 | | | | | | |
| | **Oliver / Hatcher Construction Totals:** | | **12,810.00** | **12,810.00** | **0.00** | **0.00** | **0.00** | **0.00** | | |
| | | **23-014 Totals:** | **12,810.00** | **12,810.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-015 MGM - Zone 8 Bathrooms** | | | | | | | | | | |
| **MGMGRAND  MGM Resorts Internatl - MGM Grand** | | | | | | | | | | |
| Invoice | 202323015 | 10/25/2023 | 38,891.46 | 38,891.46 | | | | | | |
| Invoice | 202323015004 | 10/25/2023 | 20,469.24 | 20,469.24 | | | | | | |
| | **MGM Resorts Internatl - MGM Grand Totals:** | | **59,360.70** | **59,360.70** | **0.00** | **0.00** | **0.00** | **0.00** | | |
| | | **23-015 Totals:** | **59,360.70** | **59,360.70** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-016 K + N Office Renovation** | | | | | | | | | | |
| **KUEHNENA  Kuehne + Nagel Inc.** | | | | | | | | | | |
| Invoice | 202323016002 | 09/25/2023 | 10,985.00 | | 10,985.00 | | | | | |
| | **Kuehne + Nagel Inc. Totals:** | | **10,985.00** | **0.00** | **10,985.00** | **0.00** | **0.00** | **0.00** | | |
| | | **23-016 Totals:** | **10,985.00** | **0.00** | **10,985.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-017 Motown Museum Annex** | | | | | | | | | | |
| **MIGRONCE  MIG Roncelli LLC** | | | | | | | | | | |
| Invoice | 202323017003 | 10/25/2023 | 10,434.31 | 10,434.31 | | | | | | |
| | **MIG Roncelli LLC Totals:** | | **10,434.31** | **10,434.31** | **0.00** | **0.00** | **0.00** | **0.00** | | |
| | | **23-017 Totals:** | **10,434.31** | **10,434.31** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| | | **Report Totals:** | **4,410,724.75** | **25,773.88** | **2,709,602.47** | **594,150.62** | **293,650.08** | **787,547.70** | | |

**Fill in this information to identify the case:**

Debtor name    MIG EAST, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF MICHIGAN

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property     12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

**2. List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Column A**<br>**Amount of claim**<br>Do not deduct the value of collateral. | **Column B**<br>**Value of collateral**<br>**that supports this**<br>**claim** |
| --- | --- | --- | --- |
| **2.1**   Independent Bank<br>Creditor's Name<br><br><br>230 W. Main St.<br>Ionia, MI 48846<br>Creditor's mailing address<br><br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br>4/19/2023<br>**Last 4 digits of account number**<br>4155<br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **Describe debtor's property that is subject to a lien**<br>Petty Cash; Independent Bank ; Security Deposit held by "Chickpea Development, LLC," 645 Griswold St., Ste. 4300, Detroit, Mi 48226; Various accounts receivable (see appendix of AR's); Retainage Receivable<br><br>**Describe the lien**<br>All-Assets Lien<br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $492,000.00 | $4,227,799.85 |

**3.**   Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.     $492,000.00

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
| --- | --- |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| **Name**   and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
| --- | --- | --- |
| | | |

Fill in this information to identify the case:

Debtor name __MIG EAST, LLC__

United States Bankruptcy Court for the: __EASTERN DISTRICT OF MICHIGAN__

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☒ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
   out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| **3.1** **Nonpriority creditor's name and mailing address**<br>A&C Builders Hardware, Inc.<br>22212 DEQUINDRE<br>Warren, MI 48091<br><br>Date(s) debt was incurred __09/25/2023__<br>Last 4 digits of account number __B001__ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __Trade debt__<br>Is the claim subject to offset? ☒ No ☐ Yes | $11,123.40 |
| **3.2** **Nonpriority creditor's name and mailing address**<br>ADVANCED SPECIALTIES PRODUCTS LLC<br>478 BAUMAN AVE<br>Clawson, MI 48017<br><br>Date(s) debt was incurred __12/20/2022__<br>Last 4 digits of account number __V952__ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __Trade Debt/Services rendered__<br>Is the claim subject to offset? ☒ No ☐ Yes | $5,197.57 |
| **3.3** **Nonpriority creditor's name and mailing address**<br>AGB Painting, Inc.<br>13840 W MINISTER ST<br>Southgate, MI 48195<br><br>Date(s) debt was incurred __08/01/2023__<br>Last 4 digits of account number __B001__ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __services rendered__<br>Is the claim subject to offset? ☒ No ☐ Yes | $26,875.00 |
| **3.4** **Nonpriority creditor's name and mailing address**<br>American Express<br>PO Box 650448<br>Dallas, TX 75265<br><br>Date(s) debt was incurred __10/02/2023__<br>Last 4 digits of account number __E008__ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __Trade debt__<br>Is the claim subject to offset? ☒ No ☐ Yes | $45,688.87 |
| **3.5** **Nonpriority creditor's name and mailing address**<br>Anselmino Construction<br>4562 STANTON RD<br>Oxford, MI 48371<br><br>Date(s) debt was incurred __09/06/2023__<br>Last 4 digits of account number __S001__ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __Services Rendered/Trade Debt__<br>Is the claim subject to offset? ☒ No ☐ Yes | $120,530.72 |

| 3.6 | Nonpriority creditor's name and mailing address<br>ARC<br>400 RENAISSANCE CENTER, Ste. 2600<br>West Bloomfield, MI 48324 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $52.37 |
|---|---|---|---|
| | Date(s) debt was incurred  11/19/23 | Basis for the claim:  Trade debt | |
| | Last 4 digits of account number  N001 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.7 | Nonpriority creditor's name and mailing address<br>Asphalt Specialists, Inc.<br>1780 E HIGHWOOD<br>Pontiac, MI 48340 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $43,041.54 |
|---|---|---|---|
| | Date(s) debt was incurred  09/10/2023 | Basis for the claim:  Trade debt | |
| | Last 4 digits of account number  P003 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.8 | Nonpriority creditor's name and mailing address<br>Barry and Bear, LLC<br>1304 BARNESWOOD LN.<br>Rochester, MI 48306 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $2,746.13 |
|---|---|---|---|
| | Date(s) debt was incurred  07/05/2023 | Basis for the claim:  Trade debt | |
| | Last 4 digits of account number  R002 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.9 | Nonpriority creditor's name and mailing address<br>BASCO<br>220 W CONGRESS<br>Detroit, MI 48226 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $32.09 |
|---|---|---|---|
| | Date(s) debt was incurred  09/01/2022 | Basis for the claim:  Trade debt | |
| | Last 4 digits of account number  S001 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.10 | Nonpriority creditor's name and mailing address<br>Blaze Contracting Inc.<br>1402 SYLVAN CIRCLE<br>Rochester, MI 48307 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $37,650.78 |
|---|---|---|---|
| | Date(s) debt was incurred  08/2022 | Basis for the claim:  Trade debt | |
| | Last 4 digits of account number  A001 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.11 | Nonpriority creditor's name and mailing address<br>Blue Star, Inc.<br>1402 SYLVAN CIRCLE<br>Rochester, MI 48307 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $86,028.20 |
|---|---|---|---|
| | Date(s) debt was incurred  10/31/2022 | Basis for the claim:  Trade debt | |
| | Last 4 digits of account number  U002 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.12 | Nonpriority creditor's name and mailing address<br>Bluestone Construction Group<br>2703 PARKLAWN DR<br>Brighton, MI 48114 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $116,962.34 |
|---|---|---|---|
| | Date(s) debt was incurred  08/01/2022 | Basis for the claim:  Trade debt | |
| | Last 4 digits of account number  U003 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.13 | Nonpriority creditor's name and mailing address<br>Brooks Lumber, Co.<br>2200 TRUMBULL AVE.<br>Detroit, MI 48216 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $47.65 |
|---|---|---|---|
| | Date(s) debt was incurred  10/23/23 | Basis for the claim:  Trade debt | |
| | Last 4 digits of account number  O001 | Is the claim subject to offset? ☒ No  ☐ Yes | |

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 26 of 133

| | | | |
|---|---|---|---|
| 3.14 | **Nonpriority creditor's name and mailing address**<br>BUTCHER & BUTCHER CONSTRUCTION COMPANY<br>3885 INDUSTRICAL DRIVE<br>Rochester, MI 48309 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $39,400.60 |
| | Date(s) debt was incurred 02/09/2021 | Basis for the claim: Trade debt | |
| | Last 4 digits of account number G001 | Is the claim subject to offset? ☒ No ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.15 | **Nonpriority creditor's name and mailing address**<br>Chickpea Development, LLC<br>645 GRISWOLD ST., STE. 4300<br>Detroit, MI 48226 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $310.53 |
| | Date(s) debt was incurred 11/2023 | Basis for the claim: Trade debt | |
| | Last 4 digits of account number I001 | Is the claim subject to offset? ☒ No ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.16 | **Nonpriority creditor's name and mailing address**<br>Citizens Ins. Co.<br>Department 77360<br>PO Box 77000<br>Detroit, MI 48277 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $9,540.40 |
| | Date(s) debt was incurred 11/6/23 | Basis for the claim: Ins. Premium | |
| | Last 4 digits of account number T016 | Is the claim subject to offset? ☒ No ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.17 | **Nonpriority creditor's name and mailing address**<br>City of Detroit<br>C/O Law Dept.<br>2 Woodward Ave., Ste. 500<br>Detroit, MI 48226 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $11,416.46 |
| | Date(s) debt was incurred 09/1/2023 | Basis for the claim: Trade debt | |
| | Last 4 digits of account number T951 | Is the claim subject to offset? ☒ No ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.18 | **Nonpriority creditor's name and mailing address**<br>City Shield Security Svcs.<br>33 BLOOMFIELD HILLS PARKWAY, SUITE 125<br>Bloomfield Hills, MI 48304 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $35,403.50 |
| | Date(s) debt was incurred 09/1/2023 | Basis for the claim: Trade debt | |
| | Last 4 digits of account number T027 | Is the claim subject to offset? ☒ No ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.19 | **Nonpriority creditor's name and mailing address**<br>CNA Surety<br>151 N. Franklin Street, 17th Floor<br>Chicago, IL 60606 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $100.00 |
| | Date(s) debt was incurred 11/7/23 | Basis for the claim: Bond | |
| | Last 4 digits of account number A002 | Is the claim subject to offset? ☒ No ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.20 | **Nonpriority creditor's name and mailing address**<br>Comcast<br>1701 JFK Boulevard<br>Philadelphia, PA 19103 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $277.84 |
| | Date(s) debt was incurred 11/24/2023 | Basis for the claim: utilities | |
| | Last 4 digits of account number M008 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.21 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $2,344.59 |
|------|---|---|---|
| | Contractors Fence & Gate Svc. | ☐ Contingent | |
| | 14900 TELEGRAPH RD | ☐ Unliquidated | |
| | Redford, MI 48239 | ☐ Disputed | |
| | **Date(s) debt was incurred** 3/2/23 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** N009 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.22 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $2,344.59 |
|------|---|---|---|
| | Crevier Construction | ☐ Contingent | |
| | 1539 HUNTINGTON BLVD. | ☐ Unliquidated | |
| | Grosse Pointe, MI 48236 | ☐ Disputed | |
| | **Date(s) debt was incurred** 09/25/2022 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** E003 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.23 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $1,931.23 |
|------|---|---|---|
| | Curtis Glass Company | ☐ Contingent | |
| | 4146 AUBURN | ☐ Unliquidated | |
| | Royal Oak, MI 48073 | ☐ Disputed | |
| | **Date(s) debt was incurred** 09/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** R001 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.24 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $41,681.25 |
|------|---|---|---|
| | D&A Public Safety | ☐ Contingent | |
| | 16250 NORTHLAND DR., STE .362 | ☐ Unliquidated | |
| | Southfield, MI 48075 | ☐ Disputed | |
| | **Date(s) debt was incurred** 09/01/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** P001 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.25 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $59,149.36 |
|------|---|---|---|
| | DataTech Cafe | ☐ Contingent | |
| | 24875 NOVI RD | ☐ Unliquidated | |
| | Novi, MI 48376 | ☐ Disputed | |
| | **Date(s) debt was incurred** 07/27/23 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** T001 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.26 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $13,895.00 |
|------|---|---|---|
| | Design Cabinets, Inc. | ☐ Contingent | |
| | 1898 LARCHWOOD | ☐ Unliquidated | |
| | Troy, MI 48083 | ☐ Disputed | |
| | **Date(s) debt was incurred** 10/25/23 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** S006 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.27 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $4,095.00 |
|------|---|---|---|
| | Dillon Law Group, LLC | ☐ Contingent | |
| | 1350 E LAKE LANSING RD, Ste. | ☐ Unliquidated | |
| | East Lansing, MI 48823 | ☐ Disputed | |
| | **Date(s) debt was incurred** 11/1/2023 | **Basis for the claim:** Legal Svc. | |
| | **Last 4 digits of account number** L001 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.28 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $204,183.26 |
|------|---|---|---|
| | Diversified Construction Specialists, In | ☐ Contingent | |
| | 2141 Austin Ave. | ☐ Unliquidated | |
| | Rochester, MI 48309 | ☐ Disputed | |
| | **Date(s) debt was incurred** 07/19/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 8002 | Is the claim subject to offset? ☒ No ☐ Yes | |

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 28 of 133

**3.29**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $14,549.31 |
|---|---|---|
| Division 6 Fabrication and Installation<br>27450 Gloede Dr.<br>Warren, MI 48088 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| Date(s) debt was incurred  09/25/2023 | Basis for the claim:  Trade debt | |
| Last 4 digits of account number  5007 | Is the claim subject to offset?  ☒ No  ☐ Yes | |

**3.30**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,067.45 |
|---|---|---|
| Dixon, Inc.<br>660 WOODWARD AVE., STE. 1537<br>Detroit, MI 48226 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| Date(s) debt was incurred  09/25/2023 | Basis for the claim:  Trade debt | |
| Last 4 digits of account number  X950 | Is the claim subject to offset?  ☒ No  ☐ Yes | |

**3.31**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,000.00 |
|---|---|---|
| Duross Painting Company<br>27270 GLOEDE<br>Warren, MI 48093 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| Date(s) debt was incurred  09/25/2023 | Basis for the claim:  Trade debt | |
| Last 4 digits of account number  R002 | Is the claim subject to offset?  ☒ No  ☐ Yes | |

**3.32**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $38,884.60 |
|---|---|---|
| Eagle Excavation, Inc.<br>4295 HOLIDAY DRIVE<br>Flint, MI 48507 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| Date(s) debt was incurred  07/30/2022 | Basis for the claim:  Trade debt | |
| Last 4 digits of account number  G005 | Is the claim subject to offset?  ☒ No  ☐ Yes | |

**3.33**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $55.90 |
|---|---|---|
| Envy Modular Wall Systems<br>5812 PARAMUS DRIVE<br>Clarkston, MI 48346 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| Date(s) debt was incurred  09/25/2023 | Basis for the claim:  Trade debt | |
| Last 4 digits of account number  V002 | Is the claim subject to offset?  ☒ No  ☐ Yes | |

**3.34**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,625.00 |
|---|---|---|
| Eric Ebejer<br>2660 AUBURN ROAD<br>Auburn Hills, MI 48326 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| Date(s) debt was incurred  12/1/2022 | Basis for the claim:  Trade debt | |
| Last 4 digits of account number  I001 | Is the claim subject to offset?  ☒ No  ☐ Yes | |

**3.35**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $11,450.00 |
|---|---|---|
| ESKO Roofing & Sheet Metal<br>14000 SIMONE<br>Utica, MI 48315 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| Date(s) debt was incurred  07/31/2022 | Basis for the claim:  Trade debt | |
| Last 4 digits of account number  K001 | Is the claim subject to offset?  ☒ No  ☐ Yes | |

**3.36**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $855.73 |
|---|---|---|
| Everstream Solutions, LLC<br>1228 Euclid Ave #250<br>Cleveland, OH 44115 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| Date(s) debt was incurred  11/1/2023 | Basis for the claim:  Trade debt | |
| Last 4 digits of account number  393R | Is the claim subject to offset?  ☒ No  ☐ Yes | |

| 3.37 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $6,245.51 |
|---|---|---|---|

Ferguson Enterprises
28175 HAGGERTY RD
Novi, MI 48377

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  11/1/2023

Basis for the claim:  Trade debt

Last 4 digits of account number  R004

Is the claim subject to offset?  ☒ No   ☐ Yes

---

| 3.38 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $6,245.51 |
|---|---|---|---|

Ferguson Enterprises, Inc.
55500 Grand River Ave
New Hudson, MI 48165

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  09/25/2023

Basis for the claim:  Trade debt

Last 4 digits of account number  0010

Is the claim subject to offset?  ☒ No   ☐ Yes

---

| 3.39 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $12,460.00 |
|---|---|---|---|

FiberClass Insulation
29769 ANTHONY DR
Wixom, MI 48393

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  _

Basis for the claim:  _

Last 4 digits of account number  _

Is the claim subject to offset?  ☐ No   ☐ Yes

---

| 3.40 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $4,707.02 |
|---|---|---|---|

First Bankcard
1620 Dodge St.
Omaha, NE 68197

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  10/13/2023

Basis for the claim:  Trade debt

Last 4 digits of account number  R004

Is the claim subject to offset?  ☒ No   ☐ Yes

---

| 3.41 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $123,731.72 |
|---|---|---|---|

FRAMING AUTHORITY, INC.
30832 INDUSTRIAL RD
Livonia, MI 48150

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  08/25/2022

Basis for the claim:  Trade debt

Last 4 digits of account number  A952

Is the claim subject to offset?  ☒ No   ☐ Yes

---

| 3.42 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $18,655.83 |
|---|---|---|---|

FSS Technologies
3858 BESTECH DRIVE, SUITE E
Ypsilanti, MI 48197

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  03/1/2023

Basis for the claim:  Trade debt

Last 4 digits of account number  1620

Is the claim subject to offset?  ☒ No   ☐ Yes

---

| 3.43 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $9,936.63 |
|---|---|---|---|

Future Maintenance, Inc.
33794 CAPITOL ST
Livonia, MI 48150

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  09/23/2023

Basis for the claim:  Trade debt

Last 4 digits of account number  1223

Is the claim subject to offset?  ☒ No   ☐ Yes

---

| 3.44 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $59,163.00 |
|---|---|---|---|

Gold Star Equipment, Inc.
21680 COOLIDGE
Oak Park, MI 48237

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  02/25/23

Basis for the claim:  Trade debt

Last 4 digits of account number  L001

Is the claim subject to offset?  ☒ No   ☐ Yes

| 3.45 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $3,405.00 |
|---|---|---|---|
| | Great Lakes Tile & Contracting<br>42730 MOUND RD<br>Sterling Heights, MI 48314 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 09/25/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** E002 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.46 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $2,815.20 |
|---|---|---|---|
| | Guardian Equipment Company<br>44375 GRAND RIVER AVE<br>Novi, MI 48375 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 09/25/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 7001 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.47 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $2,815.20 |
|---|---|---|---|
| | Guideline Mechanical, Inc.<br>24323 SORRENTINO COURT<br>Clinton Township, MI 48035 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 09/25/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 0012 | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.48 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $19,540.00 |
|---|---|---|---|
| | Harnish Fireproofing<br>24400 CAPITOL<br>Redford, MI 48239 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 03/25/2022 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 9003 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.49 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $39,826.00 |
|---|---|---|---|
| | Independent Bank<br>4200 EAST BELTLINE AVENUE<br>Grand Rapids, MI 49525 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 11/5/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 5576 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.50 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $26,539.06 |
|---|---|---|---|
| | Industrial Fence & Landscaping<br>12030 PLEASANT<br>Detroit, MI 48217 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 7/25/2021 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 0001 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.51 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $5,597.00 |
|---|---|---|---|
| | International Building Products<br>6240 N. HIX<br>Westland, MI 48185 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 02/25/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 2001 | Is the claim subject to offset? ☒ No ☐ Yes | |

| 3.52 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $2,917.00 |
|---|---|---|---|
| | J. J. Barney<br>2397 DEVONDALE, STE. 101<br>Rochester, MI 48309 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 08/31/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 0721 | Is the claim subject to offset? ☒ No ☐ Yes | |

23-51096-mar   Doc 1   Filed 12/19/23   Entered 12/19/23 10:39:33   Page 31 of 133

---

**3.53** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $537.00

JD Candler Roofing Co., Inc.
3666 TEXTILE RD
Ypsilanti, MI 48197

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 09/25/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 7002

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.54** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $631.41

JMC Electrical Contractor, LLC
33651 GIFTOS DRIVE
Clinton Township, MI 48035

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 10/31/2022

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 9024

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.55** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $60,720.56

Job Site Services
4395 WILDER ROAD
Bay City, MI 48706

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 04/25/2022

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 0002

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.56** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $1,500.00

JRED Engineering
14137 FARMINGTON RD
Livonia, MI 48154

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 01/31/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 1201

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.57** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $8,050.00

KASL Enterprises
4197 WENTWORTH
Troy, MI 48098

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 03/31/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 0001

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.58** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $21,527.11

Kone, Inc.
3410 BELLE CHASE WAY STE 600
Lansing, MI 48911

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 08/25/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 0613

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.59** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $17,622.10

Laforce, Inc.
289 ROBBINS
Troy, MI 48083

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 1/22/2022

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 6001

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.60** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $104,403.70

Limbach Co., LLC
3410 BELLE CHASE WAY, Ste. 600
Lansing, MI 48911

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 09/25/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 7003

Is the claim subject to offset? ☒ No ☐ Yes

---

23-51096-mar   Doc 1   Filed 12/19/23   Entered 12/19/23 10:39:33   Page 32 of 133

| 3.61 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $51,102.96 |
|---|---|---|---|

**3.61**

Nonpriority creditor's name and mailing address
M Goldenberg Painting Inc.
25522 Parkwood Dr
Huntington Woods, MI 48070

Date(s) debt was incurred  09/25/2022

Last 4 digits of account number  0004

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt

Is the claim subject to offset?  ☒ No  ☐ Yes

$51,102.96

---

**3.62**

Nonpriority creditor's name and mailing address
Master Craft Carpet
15001 FOGG ST
Plymouth, MI 48170

Date(s) debt was incurred  08/25/2022

Last 4 digits of account number  9001

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt

Is the claim subject to offset?  ☒ No  ☐ Yes

$46,841.85

---

**3.63**

Nonpriority creditor's name and mailing address
Masters Millwork
30700 STEPHENSON HIGHWAY
Madison Heights, MI 48071

Date(s) debt was incurred  08/25/2022

Last 4 digits of account number  0002

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt

Is the claim subject to offset?  ☒ No  ☐ Yes

$46,841.75

---

**3.64**

Nonpriority creditor's name and mailing address
Mechanical Heating & Cooling
6192 N TELEGRAPH RD
Dearborn Heights, MI 48127

Date(s) debt was incurred  09/25/2022

Last 4 digits of account number  0008

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt

Is the claim subject to offset?  ☒ No  ☐ Yes

$376,457.28

---

**3.65**

Nonpriority creditor's name and mailing address
Michele Pomponio & Sons Construction
27645 CAHILL
Flat Rock, MI 48134

Date(s) debt was incurred  08/25/2022

Last 4 digits of account number  0001

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt

Is the claim subject to offset?  ☒ No  ☐ Yes

$940.46

---

**3.66**

Nonpriority creditor's name and mailing address
MICHIGAN OVERHEAD DOOR AND
LOADING DOCK
560 REID RD
Grand Blanc, MI 48439

Date(s) debt was incurred  08/25/2022

Last 4 digits of account number  O002

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt

Is the claim subject to offset?  ☒ No  ☐ Yes

$7,989.53

---

**3.67**

Nonpriority creditor's name and mailing address
Motor City Electric Co.
9440 GRINNELL
Detroit, MI 48213

Date(s) debt was incurred  09/25/2023

Last 4 digits of account number  5001

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt

Is the claim subject to offset?  ☒ No  ☐ Yes

$2,480.00

---

**3.68**

Nonpriority creditor's name and mailing address
MSU FCU
3777 West Rd
East Lansing, MI 48823

Date(s) debt was incurred  11/01/2023

Last 4 digits of account number  1591

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Trade debt

Is the claim subject to offset?  ☒ No  ☐ Yes

$5,034.58

---

| 3.69 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $21,973.80 |
|---|---|---|---|

MVP Concrete
1370 PETTIBONE LAKE RD
Highland, MI 48356

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 09/30/2021

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 6002

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.70 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $10,341.25 |
|---|---|---|---|

Nagle Paving Company
39525 WEST 13 MILE, SUITE 300
Novi, MI 48377

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 07/31/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 0903

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.71 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $54,203.14 |
|---|---|---|---|

Omega Floors, INC.
35370 UNION LAKE ROAD
Harrison Township, MI 48045

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 12/30/2022

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 2ADJ

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.72 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,180.00 |
|---|---|---|---|

Overhead Door West
4680 HATCHERY RD
Redford, MI 48239

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 09/23/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 9002

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.73 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $166,661.91 |
|---|---|---|---|

Parker Arntz Plumbing & Heating
6319 S GREENVILLE RD., PO. BOX 364
Greenville, MI 48838

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 03/25/2022

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 6005

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.74 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $4,212.00 |
|---|---|---|---|

Pfeiffer Custom Furnishings
3025 LAPEER ROAD
Auburn Hills, MI 48326

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 09/25/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 6001

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.75 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,308.50 |
|---|---|---|---|

Principal Life Insurance Co.
711 High Street
Des Moines, IA 50392

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 12/1/2022

**Basis for the claim:** Trade debt

**Last 4 digits of account number** I002

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.76 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $18,311.88 |
|---|---|---|---|

Quality Installation
6898 VERNMOOR DRIVE
Troy, MI 48098

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 02/25/2022

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 0001

Is the claim subject to offset? ☒ No ☐ Yes

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 34 of 133

| 3.77 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $2,405.98 |
|---|---|---|---|
| | RAM Construction<br>13800 ECKLES RD<br>Livonia, MI 48150 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 04/03/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 2565 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.78 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $28,200.00 |
|---|---|---|---|
| | Rayhaven Group<br>35901 SCHOOLCRAFT RD.<br>Livonia, MI 48150 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 08/25/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 5038 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.79 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $2,115.00 |
|---|---|---|---|
| | Recycle Here LLC<br>26903 YORK ROAD<br>Huntington Woods, MI 48070 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 03/8/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 8369 | Is the claim subject to offset? ☐ No  ☐ Yes | |

| 3.80 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $17,491.97 |
|---|---|---|---|
| | Reliable Landscaping Inc<br>8285 LILLEY RD<br>Canton, MI 48187 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 10/31/2022 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 0010 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.81 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $315,841.85 |
|---|---|---|---|
| | Riney Electric<br>1459 FORT STREET<br>Wyandotte, MI 48192 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 09/25/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 0008 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.82 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $11,487.45 |
|---|---|---|---|
| | Rose Moving & Storage<br>41775 ECORSE ROAD, SUITE 190<br>Belleville, MI 48111 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 09/25/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 4385 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.83 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $64,006.21 |
|---|---|---|---|
| | Roseville Glass Co. LLC<br>26153 JOHN R<br>Madison Heights, MI 48071 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 03/31/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 0006 | Is the claim subject to offset? ☒ No  ☐ Yes | |

| 3.84 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | $19,880.00 |
|---|---|---|---|
| | Royal Roofing<br>2445 BROWN RD<br>Lake Orion, MI 48359 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** 08/7/2023 | **Basis for the claim:** Trade debt | |
| | **Last 4 digits of account number** 0948 | Is the claim subject to offset? ☒ No  ☐ Yes | |

---

**3.85**

**Nonpriority creditor's name and mailing address**
S.E Kalchik Mechanical
47510 AVANTE DR
Wixom, MI 48393

**Date(s) debt was incurred** 01/31/2022

**Last 4 digits of account number** 9006

**As of the petition filing date, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade debt

Is the claim subject to offset? ☒ No ☐ Yes

$25,343.10

---

**3.86**

**Nonpriority creditor's name and mailing address**
Safety Rail Company
4244 Shoreline Dr
Spring Park, MN 55384

**Date(s) debt was incurred** 7/27/2023

**Last 4 digits of account number** 2439

**As of the petition filing date, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade debt

Is the claim subject to offset? ☒ No ☐ Yes

$3,012.94

---

**3.87**

**Nonpriority creditor's name and mailing address**
sav's welding services, inc.
11811 PLEASANT ST
Detroit, MI 48217

**Date(s) debt was incurred** 09/25/2023

**Last 4 digits of account number** 7002

**As of the petition filing date, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade debt

Is the claim subject to offset? ☒ No ☐ Yes

$291,153.89

---

**3.88**

**Nonpriority creditor's name and mailing address**
Scaffolding, Inc.
135 E. MCNICHOLS
Highland Park, MI 48203

**Date(s) debt was incurred** 5/9/2023

**Last 4 digits of account number** 0L2C

**As of the petition filing date, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade debt

Is the claim subject to offset? ☒ No ☐ Yes

$6,570.00

---

**3.89**

**Nonpriority creditor's name and mailing address**
Schindler Elevator Corporation
20 WHIPPANY ROAD
Morristown, NJ 07960

**Date(s) debt was incurred** 09/25/2023

**Last 4 digits of account number** 0002

**As of the petition filing date, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade debt

Is the claim subject to offset? ☒ No ☐ Yes

$66,570.77

---

**3.90**

**Nonpriority creditor's name and mailing address**
Selective Insurance Inc.
40 Wantage Ave.
Branchville, NJ 07890

**Date(s) debt was incurred** 09/24/2020

**Last 4 digits of account number** 0918

**As of the petition filing date, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Bond Claims - secured by collateral owned by insider

Is the claim subject to offset? ☒ No ☐ Yes

$1,822,512.27

---

**3.91**

**Nonpriority creditor's name and mailing address**
Simone Companies
51268 Fischer Park Dr
Utica, MI 48316

**Date(s) debt was incurred** 02/28/2021

**Last 4 digits of account number** 0091

**As of the petition filing date, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade debt

Is the claim subject to offset? ☒ No ☐ Yes

$22,224.25

---

**3.92**

**Nonpriority creditor's name and mailing address**
Sloan Environmental Services
25920 NORTHLINE COMMERCE DR., SUITE 402
Taylor, MI 48180

**Date(s) debt was incurred** 12/30/2021

**Last 4 digits of account number** 6003

**As of the petition filing date, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade debt

Is the claim subject to offset? ☒ No ☐ Yes

$19,545.04

---

| 3.93 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $398.00 |
|---|---|---|---|

State of Michigan - SOS
430 W. Allegan St.
Richard H. Austin Building - 4th Floor
Lansing, MI 48918

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 10/03/2023

**Basis for the claim:** registrations for biz ehs

**Last 4 digits of account number** A007

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.94 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $558.05 |
|---|---|---|---|

State of Michigan (MGCB)
3062 West Grand Boulevard, Suite L-700
Detroit, MI 48202

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 10/30/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 2923

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.95 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $7,362.80 |
|---|---|---|---|

Stony Creek Services, Inc.
875 SOUTH MAIN STREET
Plymouth, MI 48170

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 08/25/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 0613

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.96 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $13,965.00 |
|---|---|---|---|

Synthetic Plastering, Inc.
34018 BEACON STE 200
Livonia, MI 48150

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 09/25/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 0010

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.97 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $37,482.50 |
|---|---|---|---|

Taylor English Duma LLP
40600 ANN ARBOR ROAD E STE 201
Plymouth, MI 48170

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 11/7/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 7932

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.98 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $4,473.42 |
|---|---|---|---|

Testing Engineers & Consultant
1343 ROCHESTER RD
Troy, MI 48083

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 9/25/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 5271

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.99 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $4,438.10 |
|---|---|---|---|

The Sheer Shop
7393 23 MILE RD
Utica, MI 48316

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 09/25/2023

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 3730

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.100 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $8,800.00 |
|---|---|---|---|

Trenko Glass LLC
E55246 5570 E 10 MILE RD
Warren, MI 48091

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** 02/25/2022

**Basis for the claim:** Trade debt

**Last 4 digits of account number** 6002

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.101 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $55,990.42 |
|---|---|---|---|

tri star fire protection, inc
32300 NORTHWESTERN HWY STE 200
Farmington, MI 48334

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  08/25/2022

**Basis for the claim:**  Trade debt

Last 4 digits of account number  0004

Is the claim subject to offset? ☒ No  ☐ Yes

---

| 3.102 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $7,685.00 |
|---|---|---|---|

Triple T Tile LLC
8358 CANANDAIGUA RD
Clayton, MI 49235

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  08/25/2022

**Basis for the claim:**  Trade debt

Last 4 digits of account number  9002

Is the claim subject to offset? ☒ No  ☐ Yes

---

| 3.103 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $136,617.02 |
|---|---|---|---|

Tristar Roofing
2273 WADHAMS ROAD
Smiths Creek, MI 48074

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  02/25/2022

**Basis for the claim:**  Trade debt

Last 4 digits of account number  0005

Is the claim subject to offset? ☐ No  ☐ Yes

---

| 3.104 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $35,621.61 |
|---|---|---|---|

Ventcon
500 ENTERPRISE DR
Allen Park, MI 48101

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  02/28/2021

**Basis for the claim:**  Trade debt

Last 4 digits of account number  0093

Is the claim subject to offset? ☒ No  ☐ Yes

---

| 3.105 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $48,018.63 |
|---|---|---|---|

Vertex Steel Inc.
2175 Fyke Dr
Milford, MI 48381

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  02/28/2021

**Basis for the claim:**  Trade debt

Last 4 digits of account number  0093

Is the claim subject to offset? ☒ No  ☐ Yes

---

| 3.106 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $337,318.90 |
|---|---|---|---|

Zeeland Lumber & Supply Co
107 BAY CIRCLE DRIVE
Holland, MI 49424

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  12/31/2022

**Basis for the claim:**  Trade debt

Last 4 digits of account number  0003

Is the claim subject to offset? ☒ No  ☐ Yes

---

**Part 3:**  **List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

**Part 4:**  **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 5,789,100.88 |

**5c. Total of Parts 1 and 2**
Lines 5a + 5b = 5c.

5c.    $ _____ 5,789,100.88

Fill in this information to identify the case:

Debtor name     MIG EAST, LLC

United States Bankruptcy Court for the:     EASTERN DISTRICT OF MICHIGAN

Case number (if known) _____

☐ Check if this is an
   amended filing

# Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
☐ No. Check this box and file this form with the debtor's other schedules.   There is nothing else to report on this form.
☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*        *Property*
(Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | Lease for Debtor's business address. $74,705 left on term. | |
| | State the term remaining | | |
| | List the contract number of any government contract | | Chickpea Development, LLC 645 GRISWOLD ST., STE. 4300 Detroit, MI 48226 |
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | Please see attached Dreamtroit construction contract. | |
| | State the term remaining | Phase Project | |
| | List the contract number of any government contract | N/A | Dreamtroit 1331 HOLDEN Detroit, MI 48202 |
| 2.3. | State what the contract or lease is for and the nature of the debtor's interest | Mont-to-Month lease of mailing terminal, reloadable terminal. Average Payment $123.84 per month. | |
| | State the term remaining | Month-to-Month | |
| | List the contract number of any government contract | N/A | FP Mail Solutions, Inc 140 N. Mitchell Ct., Ste. 200 Addison, IL 60101 |

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 40 of 133

## Additional Page if You Have More Contracts or Leases

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.4.** State what the contract or lease is for and the nature of the debtor's interest — Lease for Toshiba E-Studio5516AC; E-Studio3015AC; E-Studio2550C (service only); payments of $1,035.00 per month; beginning 2/26/21, ending 63 months after. | |
| State the term remaining — Until May 26, 2026 | |
| List the contract number of any government contract — N/A | Toshiba 25530 Commercentre Drive Lake Forest, CA 92630 |
| **2.5.** State what the contract or lease is for and the nature of the debtor's interest — Month-to-Month lease for storage unit F228, which stores paperwork and some hand-tools | |
| State the term remaining — Month-to-Month | |
| List the contract number of any government contract — N/A | Your Personal Vault 1423 Franklin St. Detroit, MI 48207 |



# Document A133™ – 2009

## Standard Form of Agreement Between Owner and Construction Manager as Constructor *where the basis of payment is the Cost of the Work Plus a Fee with a Guaranteed Maximum Price*

**AGREEMENT** made as of the TWENTY-FOURTH day of SEPTEMBER in the year TWO THOUSAND TWENTY
*(In words, indicate day, month and year.)*

**BETWEEN** the Owner:
*(Name, legal status and address)*

LIFE IS A DREAMTROIT, LLC
1331 HOLDEN
DETROIT, MI 48202

and the Construction Manager:
*(Name, legal status and address)*

MiG EAST, LLC
422 WEST CONGRESS
SUITE 400
DETROIT, MI 48226

for the following Project:
*(Name and address or location)*

DREAMTROIT – ADAPTIVE RE-USE & RENOVATION
1331 HOLDEN
DETROIT, MI 48202

The Architect:
*(Name, legal status and address)*

KRAEMER DESIGN GROUP, PLC
1420 BROADWAY
DETROIT, MI 48226

The Owner's Designated Representative:
*(Name, address and other information)*

OREN GOLDENBERG
DREAMTROIT, LLC
1331 HOLDEN
DETROIT, MI 48202
ogoldenberg@gmail.com
248-224-9063 Mobile

**ADDITIONS AND DELETIONS:**
The author of this document has added information needed for its completion. The author may also have revised the text of the original AIA standard form. An *Additions and Deletions Report* that notes added information as well as revisions to the standard form text is available from the author and should be reviewed. A vertical line in the left margin of this document indicates where the author has added necessary information and where the author has added to or deleted from the original AIA text.

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

AIA Document A201™–2007, General Conditions of the Contract for Construction, is adopted in this document by reference. Do not use with other general conditions unless this document is modified.

Init.
/

AIA Document A133™ – 2009 (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. **The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission.** This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes:                                                                                            (1699034438)

1

The Construction Manager's Designated Representative:
*(Name, address and other information)*

GABE ESTRADA
MiG EAST, LLC
422 WEST CONGRESS
SUITE 400
DETROIT, MI 48226
gestrada@migconstruction.com
313-303-4016 mobile

The Architect's Designated Representative:
*(Name, address and other information)*

BRIAN REBAIN
KRAEMER DESIGN GROUP, PLC
1420 BROADWAY
DETROIT, MI 48226
barebain@thekraemeredge.com
313-965-3399 x215

The Owner and Construction Manager agree as follows.

**AIA Document A133™ – 2009 (formerly A121™ CMc – 2003).** Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes: (1699034438)

**Init.**

*/*

**2**

TABLE OF ARTICLES

1    GENERAL PROVISIONS

2    CONSTRUCTION MANAGER'S RESPONSIBILITIES

3    OWNER'S RESPONSIBILITIES

4    COMPENSATION AND PAYMENTS FOR PRECONSTRUCTION PHASE SERVICES

5    COMPENSATION FOR CONSTRUCTION PHASE SERVICES

6    COST OF THE WORK FOR CONSTRUCTION PHASE

7    PAYMENTS FOR CONSTRUCTION PHASE SERVICES

8    INSURANCE AND BONDS

9    DISPUTE RESOLUTION

10   TERMINATION OR SUSPENSION

11   MISCELLANEOUS PROVISIONS

12   SCOPE OF THE AGREEMENT

EXHIBIT A  GUARANTEED MAXIMUM PRICE AMENDMENT

## ARTICLE 1    GENERAL PROVISIONS
### § 1.1 The Contract Documents
The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary and other Conditions), Drawings, Specifications, Addenda issued prior to the execution of this Agreement, other documents listed in this Agreement, and Modifications issued after execution of this Agreement, all of which form the Contract and are as fully a part of the Contract as if attached to this Agreement or repeated herein. Upon the Owner's acceptance of the Construction Manager's Guaranteed Maximum Price proposal, the Contract Documents will also include the documents described in Section 2.2.3 and identified in the Guaranteed Maximum Price Amendment and revisions prepared by the Architect and furnished by the Owner as described in Section 2.2.8. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. If anything in the other Contract Documents, other than a Modification, is inconsistent with this Agreement, this Agreement shall govern.

### § 1.2 Relationship of the Parties
The Construction Manager accepts the relationship of trust and confidence established by this Agreement and covenants with the Owner to cooperate with the Architect and exercise the Construction Manager's skill and judgment in furthering the interests of the Owner; to furnish efficient construction administration, management services and supervision; to furnish at all times an adequate supply of workers and materials; and to perform the Work in an expeditious and economical manner consistent with the Owner's interests. The Owner agrees to furnish or approve, in a timely manner, information required by the Construction Manager and to make payments to the Construction Manager in accordance with the requirements of the Contract Documents.

### § 1.3 General Conditions
For the Preconstruction Phase, AIA Document A201™–2007, General Conditions of the Contract for Construction, shall apply only as specifically provided in this Agreement. For the Construction Phase, the general conditions of the contract shall be as set forth in A201–2007, which document is incorporated herein by reference. The term "Contractor" as used in A201–2007 shall mean the Construction Manager.

**Init.**

**/**

AIA Document A133™ – 2009 (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes:                                                                        (1699034438)

**3**

## ARTICLE 2    CONSTRUCTION MANAGER'S RESPONSIBILITIES

The Construction Manager's Preconstruction Phase responsibilities are set forth in Sections 2.1 and 2.2. The Construction Manager's Construction Phase responsibilities are set forth in Section 2.3. The Owner and Construction Manager may agree, in consultation with the Architect, for the Construction Phase to commence prior to completion of the Preconstruction Phase, in which case, both phases will proceed concurrently. The Construction Manager shall identify a representative authorized to act on behalf of the Construction Manager with respect to the Project.

### § 2.1 Preconstruction Phase

§ 2.1.1 The Construction Manager shall provide a preliminary evaluation of the Owner's program, schedule and construction budget requirements, each in terms of the other.

### § 2.1.2 Consultation

The Construction Manager shall schedule and conduct meetings with the Architect and Owner to discuss such matters as procedures, progress, coordination, and scheduling of the Work. The Construction Manager shall advise the Owner and the Architect on proposed site use and improvements, selection of materials, and building systems and equipment. The Construction Manager shall also provide recommendations consistent with the Project requirements to the Owner and Architect on constructability; availability of materials and labor; time requirements for procurement, installation and construction; and factors related to construction cost including, but not limited to, costs of alternative designs or materials, preliminary budgets, life-cycle data, and possible cost reductions.

§ 2.1.3 When Project requirements in Section 3.1.1 have been sufficiently identified, the Construction Manager shall prepare and periodically update a Project schedule for the Architect's review and the Owner's acceptance. The Construction Manager shall obtain the Architect's approval for the portion of the Project schedule relating to the performance of the Architect's services. The Project schedule shall coordinate and integrate the Construction Manager's services, the Architect's services, other Owner consultants' services, and the Owner's responsibilities and identify items that could affect the Project's timely completion. The updated Project schedule shall include the following: submission of the Guaranteed Maximum Price proposal; components of the Work; times of commencement and completion required of each Subcontractor; ordering and delivery of products, including those that must be ordered well in advance of construction; and the occupancy requirements of the Owner.

### § 2.1.4 Phased Construction

The Construction Manager shall provide recommendations with regard to accelerated or fast-track scheduling, procurement, or phased construction. The Construction Manager shall take into consideration cost reductions, cost information, constructability, provisions for temporary facilities and procurement and construction scheduling issues.

### § 2.1.5 Preliminary Cost Estimates

§ 2.1.5.1 Based on the preliminary design and other design criteria prepared by the Architect, the Construction Manager shall prepare preliminary estimates of the Cost of the Work or the cost of program requirements using area, volume or similar conceptual estimating techniques for the Architect's review and Owner's approval. If the Architect or Construction Manager suggests alternative materials and systems, the Construction Manager shall provide cost evaluations of those alternative materials and systems.

§ 2.1.5.2 As the Architect progresses with the preparation of the Schematic Design, Design Development and Construction Documents, the Construction Manager shall prepare and update, at appropriate intervals agreed to by the Owner, Construction Manager and Architect, estimates of the Cost of the Work of increasing detail and refinement and allowing for the further development of the design until such time as the Owner and Construction Manager agree on a Guaranteed Maximum Price for the Work. Such estimates shall be provided for the Architect's review and the Owner's approval. The Construction Manager shall inform the Owner and Architect when estimates of the Cost of the Work exceed the latest approved Project budget and make recommendations for corrective action.

### § 2.1.6 Subcontractors and Suppliers

The Construction Manager shall develop bidders' interest in the Project.

§ 2.1.7 The Construction Manager shall prepare, for the Architect's review and the Owner's acceptance, a procurement schedule for items that must be ordered well in advance of construction. The Construction Manager shall expedite and coordinate the ordering and delivery of materials that must be ordered well in advance of construction. If the Owner agrees to procure any items prior to the establishment of the Guaranteed Maximum Price, the Owner shall

AIA Document A133™ – 2009 (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.

Init.

/

User Notes:    (1899034438)

procure the items on terms and conditions acceptable to the Construction Manager. Upon the establishment of the Guaranteed Maximum Price, the Owner shall assign all contracts for these items to the Construction Manager and the Construction Manager shall thereafter accept responsibility for them.

### § 2.1.8 Extent of Responsibility
The Construction Manager shall exercise reasonable care in preparing schedules and estimates. The Construction Manager, however, does not warrant or guarantee estimates and schedules except as may be included as part of the Guaranteed Maximum Price. The Construction Manager is not required to ascertain that the Drawings and Specifications are in accordance with applicable laws, statutes, ordinances, codes, rules and regulations, or lawful orders of public authorities, but the Construction Manager shall promptly report to the Architect and Owner any nonconformity discovered by or made known to the Construction Manager as a request for information in such form as the Architect may require.

### § 2.1.9 Notices and Compliance with Laws
The Construction Manager shall comply with applicable laws, statutes, ordinances, codes, rules and regulations, and lawful orders of public authorities applicable to its performance under this Contract, and with equal employment opportunity programs, and other programs as may be required by governmental and quasi governmental authorities for inclusion in the Contract Documents.

### § 2.2 Guaranteed Maximum Price Proposal and Contract Time
§ 2.2.1 At a time to be mutually agreed upon by the Owner and the Construction Manager and in consultation with the Architect, the Construction Manager shall prepare a Guaranteed Maximum Price proposal for the Owner's review and acceptance. The Guaranteed Maximum Price in the proposal shall be the sum of the Construction Manager's estimate of the Cost of the Work, including contingencies described in Section 2.2.4, and the Construction Manager's Fee.

§ 2.2.2 To the extent that the Drawings and Specifications are anticipated to require further development by the Architect, the Construction Manager shall provide in the Guaranteed Maximum Price for such further development consistent with the Contract Documents and reasonably inferable therefrom. Such further development does not include such things as changes in scope, systems, kinds and quality of materials, finishes or equipment, all of which, if required, shall be incorporated by Change Order.

§ 2.2.3 The Construction Manager shall include with the Guaranteed Maximum Price proposal a written statement of its basis, which shall include the following:
- .1 A list of the Drawings and Specifications, including all Addenda thereto, and the Conditions of the Contract;
- .2 A list of the clarifications and assumptions made by the Construction Manager in the preparation of the Guaranteed Maximum Price proposal, including assumptions under Section 2.2.2, to supplement the information provided by the Owner and contained in the Drawings and Specifications;
- .3 A statement of the proposed Guaranteed Maximum Price, including a statement of the estimated Cost of the Work organized by trade categories or systems, allowances, contingency, and the Construction Manager's Fee;
- .4 The anticipated date of Substantial Completion upon which the proposed Guaranteed Maximum Price is based; and
- .5 A date by which the Owner must accept the Guaranteed Maximum Price.

§ 2.2.4 In preparing the Construction Manager's Guaranteed Maximum Price proposal, the Construction Manager shall include its contingency for the Construction Manager's exclusive use to cover those costs considered reimbursable as the Cost of the Work but not included in a Change Order.

§ 2.2.5 The Construction Manager shall meet with the Owner and Architect to review the Guaranteed Maximum Price proposal. In the event that the Owner and Architect discover any inconsistencies or inaccuracies in the information presented, they shall promptly notify the Construction Manager, who shall make appropriate adjustments to the Guaranteed Maximum Price proposal, its basis, or both.

§ 2.2.6 If the Owner notifies the Construction Manager that the Owner has accepted the Guaranteed Maximum Price proposal in writing before the date specified in the Guaranteed Maximum Price proposal, the Guaranteed Maximum Price proposal shall be deemed effective without further acceptance from the Construction Manager. Following

**Init.**

**/**

**AIA Document A133™ – 2009 (formerly A121™ CMc – 2003).** Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes: (1995034438)

**5**

acceptance of a Guaranteed Maximum Price, the Owner and Construction Manager shall execute the Guaranteed Maximum Price Amendment amending this Agreement, a copy of which the Owner shall provide to the Architect. The Guaranteed Maximum Price Amendment shall set forth the agreed upon Guaranteed Maximum Price with the information and assumptions upon which it is based.

§ 2.2.7 The Construction Manager shall not incur any cost to be reimbursed as part of the Cost of the Work prior to the commencement of the Construction Phase, unless the Owner provides prior written authorization for such costs.

§ 2.2.8 The Owner shall authorize the Architect to provide the revisions to the Drawings and Specifications to incorporate the agreed upon assumptions and clarifications contained in the Guaranteed Maximum Price Amendment. The Owner shall promptly furnish those revised Drawings and Specifications to the Construction Manager as they are revised. The Construction Manager shall notify the Owner and Architect of any inconsistencies between the Guaranteed Maximum Price Amendment and the revised Drawings and Specifications.

§ 2.2.9 The Construction Manager shall include in the Guaranteed Maximum Price all sales, consumer, use and similar taxes for the Work provided by the Construction Manager that are legally enacted, whether or not yet effective, at the time the Guaranteed Maximum Price Amendment is executed.

## § 2.3 Construction Phase
### § 2.3.1 General
§ 2.3.1.1 For purposes of Section 8.1.2 of A201–2007, the date of commencement of the Work shall mean the date of commencement of the Construction Phase.

§ 2.3.1.2 The Construction Phase shall commence upon the Owner's acceptance of the Construction Manager's Guaranteed Maximum Price proposal or the Owner's issuance of a Notice to Proceed, whichever occurs earlier.

### § 2.3.2 Administration
§ 2.3.2.1 Those portions of the Work that the Construction Manager does not customarily perform with the Construction Manager's own personnel shall be performed under subcontracts or by other appropriate agreements with the Construction Manager. The Owner may designate specific persons from whom, or entities from which, the Construction Manager shall obtain bids. The Construction Manager shall obtain bids from Subcontractors and from suppliers of materials or equipment fabricated especially for the Work and shall deliver such bids to the Architect. The Owner shall then determine, with the advice of the Construction Manager and the Architect, which bids will be accepted. The Construction Manager shall not be required to contract with anyone to whom the Construction Manager has reasonable objection.

§ 2.3.2.2 If the Guaranteed Maximum Price has been established and when a specific bidder (1) is recommended to the Owner by the Construction Manager, (2) is qualified to perform that portion of the Work, and (3) has submitted a bid that conforms to the requirements of the Contract Documents without reservations or exceptions, but the Owner requires that another bid be accepted, then the Construction Manager may require that a Change Order be issued to adjust the Contract Time and the Guaranteed Maximum Price by the difference between the bid of the person or entity recommended to the Owner by the Construction Manager and the amount and time requirement of the subcontract or other agreement actually signed with the person or entity designated by the Owner.

§ 2.3.2.3 Subcontracts or other agreements shall conform to the applicable payment provisions of this Agreement, and shall not be awarded on the basis of cost plus a fee without the prior consent of the Owner. If the Subcontract is awarded on a cost plus fee basis, the Construction Manager shall provide in the Subcontract for the Owner to receive the same audit rights with regard to the Subcontractor as the Owner receives with regard to the Construction Manager in Section 6.11 below.

§ 2.3.2.4 If the Construction Manager recommends a specific bidder that may be considered a "related party" according to Section 6.10, then the Construction Manager shall promptly notify the Owner in writing of such relationship and notify the Owner of the specific nature of the contemplated transaction, according to Section 6.10.2.

§ 2.3.2.5 The Construction Manager shall schedule and conduct meetings to discuss such matters as procedures, progress, coordination, scheduling, and status of the Work. The Construction Manager shall prepare and promptly distribute minutes to the Owner and Architect.

**Init.**

**/**

AIA Document A133™ – 2009 (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes: (1699034438)

**6**

**§ 2.3.2.6** Upon the execution of the Guaranteed Maximum Price Amendment, the Construction Manager shall prepare and submit to the Owner and Architect a construction schedule for the Work and submittal schedule in accordance with Section 3.10 of A201–2007.

**§ 2.3.2.7** The Construction Manager shall record the progress of the Project. On a monthly basis, or otherwise as agreed to by the Owner, the Construction Manager shall submit written progress reports to the Owner and Architect, showing percentages of completion and other information required by the Owner. The Construction Manager shall also keep, and make available to the Owner and Architect, a daily log containing a record for each day of weather, portions of the Work in progress, number of workers on site, identification of equipment on site, problems that might affect progress of the work, accidents, injuries, and other information required by the Owner.

**§ 2.3.2.8** The Construction Manager shall develop a system of cost control for the Work, including regular monitoring of actual costs in progress and estimates for uncompleted tasks and proposed changes. The Construction Manager shall identify variances between actual and estimated costs and report the variances to the Owner and Architect and shall provide this information in its monthly reports to the Owner and Architect, in accordance with Section 2.3.2.7 above.

**§ 2.4 Professional Services**
Section 3.12.10 of A201–2007 shall apply to both the Preconstruction and Construction Phases.

**§ 2.5 Hazardous Materials**
Section 10.3 of A201–2007 shall apply to both the Preconstruction and Construction Phases.

**ARTICLE 3    OWNER'S RESPONSIBILITIES**
**§ 3.1 Information and Services Required of the Owner**
**§ 3.1.1** The Owner shall provide information with reasonable promptness, regarding requirements for and limitations on the Project, including a written program which shall set forth the Owner's objectives, constraints, and criteria, including schedule, space requirements and relationships, flexibility and expandability, special equipment, systems, sustainability and site requirements.

**§ 3.1.2** Prior to the execution of the Guaranteed Maximum Price Amendment, the Construction Manager may request in writing that the Owner provide reasonable evidence that the Owner has made financial arrangements to fulfill the Owner's obligations under the Contract. Thereafter, the Construction Manager may only request such evidence if (1) the Owner fails to make payments to the Construction Manager as the Contract Documents require, (2) a change in the Work materially changes the Contract Sum, or (3) the Construction Manager identifies in writing a reasonable concern regarding the Owner's ability to make payment when due. The Owner shall furnish such evidence as a condition precedent to commencement or continuation of the Work or the portion of the Work affected by a material change. After the Owner furnishes the evidence, the Owner shall not materially vary such financial arrangements without prior notice to the Construction Manager and Architect.

**§ 3.1.3** The Owner shall establish and periodically update the Owner's budget for the Project, including (1) the budget for the Cost of the Work as defined in Section 6.1.1, (2) the Owner's other costs, and (3) reasonable contingencies related to all of these costs. If the Owner significantly increases or decreases the Owner's budget for the Cost of the Work, the Owner shall notify the Construction Manager and Architect. The Owner and the Architect, in consultation with the Construction Manager, shall thereafter agree to a corresponding change in the Project's scope and quality.

**§ 3.1.4 Structural and Environmental Tests, Surveys and Reports.** During the Preconstruction Phase, the Owner shall furnish the following information or services with reasonable promptness. The Owner shall also furnish any other information or services under the Owner's control and relevant to the Construction Manager's performance of the Work with reasonable promptness after receiving the Construction Manager's written request for such information or services. The Construction Manager shall be entitled to rely on the accuracy of information and services furnished by the Owner but shall exercise proper precautions relating to the safe performance of the Work.

**§ 3.1.4.1** The Owner shall furnish tests, inspections and reports required by law and as otherwise agreed to by the parties, such as structural, mechanical, and chemical tests, tests for air and water pollution, and tests for hazardous materials.

**Init.**

**/**

AIA Document A133™ – 2009 (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes:                                                                                                                    (1699034438)

**§ 3.1.4.2** The Owner shall furnish surveys describing physical characteristics, legal limitations and utility locations for the site of the Project, and a legal description of the site. The surveys and legal information shall include, as applicable, grades and lines of streets, alleys, pavements and adjoining property and structures; designated wetlands; adjacent drainage; rights-of-way, restrictions, easements, encroachments, zoning, deed restrictions, boundaries and contours of the site; locations, dimensions and necessary data with respect to existing buildings, other improvements and trees; and information concerning available utility services and lines, both public and private, above and below grade, including inverts and depths. All the information on the survey shall be referenced to a Project benchmark.

**§ 3.1.4.3** The Owner, when such services are requested, shall furnish services of geotechnical engineers, which may include but are not limited to test borings, test pits, determinations of soil bearing values, percolation tests, evaluations of hazardous materials, seismic evaluation, ground corrosion tests and resistivity tests, including necessary operations for anticipating subsoil conditions, with written reports and appropriate recommendations.

**§ 3.1.4.4** During the Construction Phase, the Owner shall furnish information or services required of the Owner by the Contract Documents with reasonable promptness. The Owner shall also furnish any other information or services under the Owner's control and relevant to the Construction Manager's performance of the Work with reasonable promptness after receiving the Construction Manager's written request for such information or services.

**§ 3.2 Owner's Designated Representative**
The Owner shall identify a representative authorized to act on behalf of the Owner with respect to the Project. The Owner's representative shall render decisions promptly and furnish information expeditiously, so as to avoid unreasonable delay in the services or Work of the Construction Manager. Except as otherwise provided in Section 4.2.1 of A201–2007, the Architect does not have such authority. The term "Owner" means the Owner or the Owner's authorized representative.

**§ 3.2.1 Legal Requirements.** The Owner shall furnish all legal, insurance and accounting services, including auditing services, that may be reasonably necessary at any time for the Project to meet the Owner's needs and interests.

**§ 3.3 Architect**
The Owner shall retain an Architect to provide services, duties and responsibilities as described in AIA Document B133™–2014, Standard Form of Agreement Between Owner and Architect, Construction Manager as Constructor Edition. The Owner shall provide the Construction Manager a copy of the executed agreement between the Owner and the Architect, and any further modifications to the agreement.

## ARTICLE 4    COMPENSATION AND PAYMENTS FOR PRECONSTRUCTION PHASE SERVICES
**§ 4.1 Compensation**
**§ 4.1.1** For the Construction Manager's Preconstruction Phase services, the Owner shall compensate the Construction Manager as follows:

**§ 4.1.2** For the Construction Manager's Preconstruction Phase services described in Sections 2.1 and 2.2:
*(Insert amount of, or basis for, compensation and include a list of reimbursable cost items, as applicable.)*

**§ 4.1.3** If the Preconstruction Phase services covered by this Agreement have not been completed within  (   ) months of the date of this Agreement, through no fault of the Construction Manager, the Construction Manager's compensation for Preconstruction Phase services shall be equitably adjusted.

**§ 4.1.4** Compensation based on Direct Personnel Expense includes the direct salaries of the Construction Manager's personnel providing Preconstruction Phase services on the Project and the Construction Manager's costs for the mandatory and customary contributions and benefits related thereto, such as employment taxes and other statutory employee benefits, insurance, sick leave, holidays, vacations, employee retirement plans and similar contributions.

**§ 4.2 Payments**
**§ 4.2.1** Unless otherwise agreed, payments for services shall be made monthly in proportion to services performed.

**AIA Document A133™ – 2009** (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes: (1598034438)

8

**§ 4.2.2** Payments are due and payable upon presentation of the Construction Manager's invoice. Amounts unpaid THIRTY ( 30 ) days after the invoice date shall bear interest at the rate entered below, or in the absence thereof at the legal rate prevailing from time to time at the principal place of business of the Construction Manager.
*(Insert rate of monthly or annual interest agreed upon.)*

2 % TWO PERCENT

## ARTICLE 5   COMPENSATION FOR CONSTRUCTION PHASE SERVICES
**§ 5.1** For the Construction Manager's performance of the Work as described in Section 2.3, the Owner shall pay the Construction Manager the Contract Sum in current funds. The Contract Sum is the Cost of the Work as defined in Section 6.1.1 plus the Construction Manager's Fee.

**§ 5.1.1** The Construction Manager's Fee:
*(State a lump sum, percentage of Cost of the Work or other provision for determining the Construction Manager's Fee.)*

THREE POINT THREE PERCENT (3.3%)

**§ 5.1.2** The method of adjustment of the Construction Manager's Fee for changes in the Work:

THREE PERCENT (3%) for changes in contract involving solidifying allowances, and FIVE PERCENT (5%) for all other changes.

**§ 5.1.3** Limitations, if any, on a Subcontractor's overhead and profit for increases in the cost of its portion of the Work:

TEN PERCENT (10%)

**§ 5.1.4** Rental rates for Construction Manager-owned equipment shall not exceed    percent (   %) of the standard rate paid at the place of the Project.

**§ 5.1.5** Unit prices, if any:
*(Identify and state the unit price; state the quantity limitations, if any, to which the unit price will be applicable.)*

| Item | Units and Limitations | Price per Unit ($0.00) |
|------|----------------------|------------------------|
|      |                      |                        |

**§ 5.2 Guaranteed Maximum Price**
**§ 5.2.1** The Construction Manager guarantees that the Contract Sum shall not exceed the Guaranteed Maximum Price set forth in the Guaranteed Maximum Price Amendment, as it is amended from time to time. To the extent the Cost of the Work exceeds the Guaranteed Maximum Price, the Construction Manager shall bear such costs in excess of the Guaranteed Maximum Price without reimbursement or additional compensation from the Owner.
*(Insert specific provisions if the Construction Manager is to participate in any savings.)*

N/A

**§ 5.2.2** The Guaranteed Maximum Price is subject to additions and deductions by Change Order as provided in the Contract Documents and the Date of Substantial Completion shall be subject to adjustment as provided in the Contract Documents.

**§ 5.3 Changes in the Work**
**§ 5.3.1** The Owner may, without invalidating the Contract, order changes in the Work within the general scope of the Contract consisting of additions, deletions or other revisions. The Owner shall issue such changes in writing. The Architect may make minor changes in the Work as provided in Section 7.4 of AIA Document A201–2007, General Conditions of the Contract for Construction. The Construction Manager shall be entitled to an equitable adjustment in the Contract Time as a result of changes in the Work.

**Init.**

**/**

**AIA Document A133™** – 2009 **(formerly A121™ CMc** – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes:                                                                                     (1699034438)

**9**

**§ 5.3.2** Adjustments to the Guaranteed Maximum Price on account of changes in the Work subsequent to the execution of the Guaranteed Maximum Price Amendment may be determined by any of the methods listed in Section 7.3.3 of AIA Document A201–2007, General Conditions of the Contract for Construction.

**§ 5.3.3** In calculating adjustments to subcontracts (except those awarded with the Owner's prior consent on the basis of cost plus a fee), the terms "cost" and "fee" as used in Section 7.3.3.3 of AIA Document A201–2007 and the term "costs" as used in Section 7.3.7 of AIA Document A201–2007 shall have the meanings assigned to them in AIA Document A201–2007 and shall not be modified by Sections 5.1 and 5.2, Sections 6.1 through 6.7, and Section 6.8 of this Agreement. Adjustments to subcontracts awarded with the Owner's prior consent on the basis of cost plus a fee shall be calculated in accordance with the terms of those subcontracts.

**§ 5.3.4** In calculating adjustments to the Guaranteed Maximum Price, the terms "cost" and "costs" as used in the above-referenced provisions of AIA Document A201–2007 shall mean the Cost of the Work as defined in Sections 6.1 to 6.7 of this Agreement and the term "fee" shall mean the Construction Manager's Fee as defined in Section 5.1 of this Agreement.

**§ 5.3.5** If no specific provision is made in Section 5.1.2 for adjustment of the Construction Manager's Fee in the case of changes in the Work, or if the extent of such changes is such, in the aggregate, that application of the adjustment provisions of Section 5.1.2 will cause substantial inequity to the Owner or Construction Manager, the Construction Manager's Fee shall be equitably adjusted on the same basis that was used to establish the Fee for the original Work, and the Guaranteed Maximum Price shall be adjusted accordingly.

## ARTICLE 6   COST OF THE WORK FOR CONSTRUCTION PHASE
### § 6.1 Costs to Be Reimbursed
**§ 6.1.1** The term Cost of the Work shall mean costs necessarily incurred by the Construction Manager in the proper performance of the Work. Such costs shall be at rates not higher than the standard paid at the place of the Project except with prior consent of the Owner. The Cost of the Work shall include only the items set forth in Sections 6.1 through 6.7.

**§ 6.1.2** Where any cost is subject to the Owner's prior approval, the Construction Manager shall obtain this approval prior to incurring the cost. The parties shall endeavor to identify any such costs prior to executing Guaranteed Maximum Price Amendment.

### § 6.2 Labor Costs
**§ 6.2.1** Wages of construction workers directly employed by the Construction Manager to perform the construction of the Work at the site or, with the Owner's prior approval, at off-site workshops.

**§ 6.2.2** Wages or salaries of the Construction Manager's supervisory and administrative personnel when stationed at the site with the Owner's prior approval.
*(If it is intended that the wages or salaries of certain personnel stationed at the Construction Manager's principal or other offices shall be included in the Cost of the Work, identify in Section 11.5, the personnel to be included, whether for all or only part of their time, and the rates at which their time will be charged to the Work.)*

**§ 6.2.3** Wages and salaries of the Construction Manager's supervisory or administrative personnel engaged at factories, workshops or on the road, in expediting the production or transportation of materials or equipment required for the Work, but only for that portion of their time required for the Work.

**§ 6.2.4** Costs paid or incurred by the Construction Manager for taxes, insurance, contributions, assessments and benefits required by law or collective bargaining agreements and, for personnel not covered by such agreements, customary benefits such as sick leave, medical and health benefits, holidays, vacations and pensions, provided such costs are based on wages and salaries included in the Cost of the Work under Sections 6.2.1 through 6.2.3.

**§ 6.2.5** Bonuses, profit sharing, incentive compensation and any other discretionary payments paid to anyone hired by the Construction Manager or paid to any Subcontractor or vendor, with the Owner's prior approval.

**AIA Document A133™ – 2009 (formerly A121™ CMc – 2003).** Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes: (1999034438)

Init.

/

## § 6.3 Subcontract Costs

Payments made by the Construction Manager to Subcontractors in accordance with the requirements of the subcontracts.

## § 6.4 Costs of Materials and Equipment Incorporated in the Completed Construction

§ 6.4.1 Costs, including transportation and storage, of materials and equipment incorporated or to be incorporated in the completed construction.

§ 6.4.2 Costs of materials described in the preceding Section 6.4.1 in excess of those actually installed to allow for reasonable waste and spoilage. Unused excess materials, if any, shall become the Owner's property at the completion of the Work or, at the Owner's option, shall be sold by the Construction Manager. Any amounts realized from such sales shall be credited to the Owner as a deduction from the Cost of the Work.

## § 6.5 Costs of Other Materials and Equipment, Temporary Facilities and Related Items

§ 6.5.1 Costs of transportation, storage, installation, maintenance, dismantling and removal of materials, supplies, temporary facilities, machinery, equipment and hand tools not customarily owned by construction workers that are provided by the Construction Manager at the site and fully consumed in the performance of the Work. Costs of materials, supplies, temporary facilities, machinery, equipment and tools that are not fully consumed shall be based on the cost or value of the item at the time it is first used on the Project less the value of the item when it is no longer used at the Project site. Costs for items not fully consumed by the Construction Manager shall mean fair market value.

§ 6.5.2 Rental charges for temporary facilities, machinery, equipment and hand tools not customarily owned by construction workers that are provided by the Construction Manager at the site and costs of transportation, installation, minor repairs, dismantling and removal. The total rental cost of any Construction Manager-owned item may not exceed the purchase price of any comparable item. Rates of Construction Manager-owned equipment and quantities of equipment shall be subject to the Owner's prior approval.

§ 6.5.3 Costs of removal of debris from the site of the Work and its proper and legal disposal.

§ 6.5.4 Costs of document reproductions, facsimile transmissions and long-distance telephone calls, postage and parcel delivery charges, telephone service at the site and reasonable petty cash expenses of the site office.

§ 6.5.5 That portion of the reasonable expenses of the Construction Manager's supervisory or administrative personnel incurred while traveling in discharge of duties connected with the Work.

§ 6.5.6 Costs of materials and equipment suitably stored off the site at a mutually acceptable location, subject to the Owner's prior approval.

## § 6.6 Miscellaneous Costs

§ 6.6.1 Premiums for that portion of insurance and bonds required by the Contract Documents that can be directly attributed to this Contract. Self-insurance for either full or partial amounts of the coverages required by the Contract Documents, with the Owner's prior approval.

§ 6.6.2 Sales, use or similar taxes imposed by a governmental authority that are related to the Work and for which the Construction Manager is liable.

§ 6.6.3 Fees and assessments for the building permit and for other permits, licenses and inspections for which the Construction Manager is required by the Contract Documents to pay.

§ 6.6.4 Fees of laboratories for tests required by the Contract Documents, except those related to defective or nonconforming Work for which reimbursement is excluded by Section 13.5.3 of AIA Document A201–2007 or by other provisions of the Contract Documents, and which do not fall within the scope of Section 6.7.3.

§ 6.6.5 Royalties and license fees paid for the use of a particular design, process or product required by the Contract Documents; the cost of defending suits or claims for infringement of patent rights arising from such requirement of the Contract Documents; and payments made in accordance with legal judgments against the Construction Manager resulting from such suits or claims and payments of settlements made with the Owner's consent. However, such costs

**Init.**

/

**AIA Document A133™ – 2009** (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.

**User Notes:** (1693034438)

11

of legal defenses, judgments and settlements shall not be included in the calculation of the Construction Manager's Fee or subject to the Guaranteed Maximum Price. If such royalties, fees and costs are excluded by the last sentence of Section 3.17 of AIA Document A201–2007 or other provisions of the Contract Documents, then they shall not be included in the Cost of the Work.

**§ 6.6.6** Costs for electronic equipment and software, directly related to the Work with the Owner's prior approval.

**§ 6.6.7** Deposits lost for causes other than the Construction Manager's negligence or failure to fulfill a specific responsibility in the Contract Documents.

**§ 6.6.8** Legal, mediation and arbitration costs, including attorneys' fees, other than those arising from disputes between the Owner and Construction Manager, reasonably incurred by the Construction Manager after the execution of this Agreement in the performance of the Work and with the Owner's prior approval, which shall not be unreasonably withheld.

**§ 6.6.9** Subject to the Owner's prior approval, expenses incurred in accordance with the Construction Manager's standard written personnel policy for relocation and temporary living allowances of the Construction Manager's personnel required for the Work.

## § 6.7 Other Costs and Emergencies
**§ 6.7.1** Other costs incurred in the performance of the Work if, and to the extent, approved in advance in writing by the Owner.

**§ 6.7.2** Costs incurred in taking action to prevent threatened damage, injury or loss in case of an emergency affecting the safety of persons and property, as provided in Section 10.4 of AIA Document A201–2007.

**§ 6.7.3** Costs of repairing or correcting damaged or nonconforming Work executed by the Construction Manager, Subcontractors or suppliers, provided that such damaged or nonconforming Work was not caused by negligence or failure to fulfill a specific responsibility of the Construction Manager and only to the extent that the cost of repair or correction is not recovered by the Construction Manager from insurance, sureties, Subcontractors, suppliers, or others.

**§ 6.7.4** The costs described in Sections 6.1 through 6.7 shall be included in the Cost of the Work, notwithstanding any provision of AIA Document A201–2007 or other Conditions of the Contract which may require the Construction Manager to pay such costs, unless such costs are excluded by the provisions of Section 6.8.

## § 6.8 Costs Not To Be Reimbursed
**§ 6.8.1** The Cost of the Work shall not include the items listed below:
.1 Salaries and other compensation of the Construction Manager's personnel stationed at the Construction Manager's principal office or offices other than the site office, except as specifically provided in Section 6.2, or as may be provided in Article 11;
.2 Expenses of the Construction Manager's principal office and offices other than the site office;
.3 Overhead and general expenses, except as may be expressly included in Sections 6.1 to 6.7;
.4 The Construction Manager's capital expenses, including interest on the Construction Manager's capital employed for the Work;
.5 Except as provided in Section 6.7.3 of this Agreement, costs due to the negligence or failure of the Construction Manager, Subcontractors and suppliers or anyone directly or indirectly employed by any of them or for whose acts any of them may be liable to fulfill a specific responsibility of the Contract;
.6 Any cost not specifically and expressly described in Sections 6.1 to 6.7;
.7 Costs, other than costs included in Change Orders approved by the Owner, that would cause the Guaranteed Maximum Price to be exceeded; and
.8 Costs for services incurred during the Preconstruction Phase.

## § 6.9 Discounts, Rebates and Refunds
**§ 6.9.1** Cash discounts obtained on payments made by the Construction Manager shall accrue to the Owner if (1) before making the payment, the Construction Manager included them in an Application for Payment and received payment from the Owner, or (2) the Owner has deposited funds with the Construction Manager with which to make payments; otherwise, cash discounts shall accrue to the Construction Manager. Trade discounts, rebates, refunds and

**AIA Document A133™ – 2009 (formerly A121™ CMc – 2003).** Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes: (1699034438)

amounts received from sales of surplus materials and equipment shall accrue to the Owner, and the Construction Manager shall make provisions so that they can be obtained.

**§ 6.9.2** Amounts that accrue to the Owner in accordance with the provisions of Section 6.9.1 shall be credited to the Owner as a deduction from the Cost of the Work.

### § 6.10 Related Party Transactions
**§ 6.10.1** For purposes of Section 6.10, the term "related party" shall mean a parent, subsidiary, affiliate or other entity having common ownership or management with the Construction Manager; any entity in which any stockholder in, or management employee of, the Construction Manager owns any interest in excess of ten percent in the aggregate; or any person or entity which has the right to control the business or affairs of the Construction Manager. The term "related party" includes any member of the immediate family of any person identified above.

**§ 6.10.2** If any of the costs to be reimbursed arise from a transaction between the Construction Manager and a related party, the Construction Manager shall notify the Owner of the specific nature of the contemplated transaction, including the identity of the related party and the anticipated cost to be incurred, before any such transaction is consummated or cost incurred. If the Owner, after such notification, authorizes the proposed transaction, then the cost incurred shall be included as a cost to be reimbursed, and the Construction Manager shall procure the Work, equipment, goods or service from the related party, as a Subcontractor, according to the terms of Sections 2.3.2.1, 2.3.2.2 and 2.3.2.3. If the Owner fails to authorize the transaction, the Construction Manager shall procure the Work, equipment, goods or service from some person or entity other than a related party according to the terms of Sections 2.3.2.1, 2.3.2.2 and 2.3.2.3.

### § 6.11 Accounting Records
The Construction Manager shall keep full and detailed records and accounts related to the cost of the Work and exercise such controls as may be necessary for proper financial management under this Contract and to substantiate all costs incurred. The accounting and control systems shall be satisfactory to the Owner. The Owner and the Owner's auditors shall, during regular business hours and upon reasonable notice, be afforded access to, and shall be permitted to audit and copy, the Construction Manager's records and accounts, including complete documentation supporting accounting entries, books, correspondence, instructions, drawings, receipts, subcontracts, Subcontractor's proposals, purchase orders, vouchers, memoranda and other data relating to this Contract. The Construction Manager shall preserve these records for a period of three years after final payment, or for such longer period as may be required by law.

### ARTICLE 7 PAYMENTS FOR CONSTRUCTION PHASE SERVICES
### § 7.1 Progress Payments
**§ 7.1.1** Based upon Applications for Payment submitted to the Architect by the Construction Manager and Certificates for Payment issued by the Architect, the Owner shall make progress payments on account of the Contract Sum to the Construction Manager as provided below and elsewhere in the Contract Documents.

**§ 7.1.2** The period covered by each Application for Payment shall be one calendar month ending on the last day of the month, or as follows:

**§ 7.1.3** Provided that an Application for Payment is received by the Architect not later than the LAST day of a month, the Owner shall make payment of the certified amount to the Construction Manager not later than the LAST day of the FOLLOWING month. If an Application for Payment is received by the Architect after the application date fixed above, payment shall be made by the Owner not later than THIRTY ( 30 ) days after the Architect receives the Application for Payment.
*(Federal, state or local laws may require payment within a certain period of time.)*

**§ 7.1.4** With each Application for Payment, the Construction Manager shall submit payrolls, petty cash accounts, receipted invoices or invoices with check vouchers attached, and any other evidence required by the Owner or Architect to demonstrate that cash disbursements already made by the Construction Manager on account of the Cost of the Work equal or exceed progress payments already received by the Construction Manager, less that portion of those

**AIA Document A133™** – 2009 (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. **The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission.** This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
**User Notes:** (1899034438)

Init.

/

13

payments attributable to the Construction Manager's Fee, plus payrolls for the period covered by the present Application for Payment.

§ **7.1.5** Each Application for Payment shall be based on the most recent schedule of values submitted by the Construction Manager in accordance with the Contract Documents. The schedule of values shall allocate the entire Guaranteed Maximum Price among the various portions of the Work, except that the Construction Manager's Fee shall be shown as a single separate item. The schedule of values shall be prepared in such form and supported by such data to substantiate its accuracy as the Architect may require. This schedule, unless objected to by the Architect, shall be used as a basis for reviewing the Construction Manager's Applications for Payment.

§ **7.1.6** Applications for Payment shall show the percentage of completion of each portion of the Work as of the end of the period covered by the Application for Payment. The percentage of completion shall be the lesser of (1) the percentage of that portion of the Work which has actually been completed, or (2) the percentage obtained by dividing (a) the expense that has actually been incurred by the Construction Manager on account of that portion of the Work for which the Construction Manager has made or intends to make actual payment prior to the next Application for Payment by (b) the share of the Guaranteed Maximum Price allocated to that portion of the Work in the schedule of values.

§ **7.1.7** Subject to other provisions of the Contract Documents, the amount of each progress payment shall be computed as follows:

    .1  Take that portion of the Guaranteed Maximum Price properly allocable to completed Work as determined by multiplying the percentage of completion of each portion of the Work by the share of the Guaranteed Maximum Price allocated to that portion of the Work in the schedule of values. Pending final determination of cost to the Owner of changes in the Work, amounts not in dispute shall be included as provided in Section 7.3.9 of AIA Document A201–2007;

    .2  Add that portion of the Guaranteed Maximum Price properly allocable to materials and equipment delivered and suitably stored at the site for subsequent incorporation in the Work, or if approved in advance by the Owner, suitably stored off the site at a location agreed upon in writing;

    .3  Add the Construction Manager's Fee, less retainage of TEN  percent ( 10  %). The Construction Manager's Fee shall be computed upon the Cost of the Work at the rate stated in Section 5.1 or, if the Construction Manager's Fee is stated as a fixed sum in that Section, shall be an amount that bears the same ratio to that fixed-sum fee as the Cost of the Work bears to a reasonable estimate of the probable Cost of the Work upon its completion;

    .4  Subtract retainage of TEN  percent ( 10  %) from that portion of the Work that the Construction Manager self-performs;

    .5  Subtract the aggregate of previous payments made by the Owner;

    .6  Subtract the shortfall, if any, indicated by the Construction Manager in the documentation required by Section 7.1.4 to substantiate prior Applications for Payment, or resulting from errors subsequently discovered by the Owner's auditors in such documentation; and

    .7  Subtract amounts, if any, for which the Architect has withheld or nullified a Certificate for Payment as provided in Section 9.5 of AIA Document A201–2007.

§ **7.1.8** The Owner and Construction Manager shall agree upon (1) a mutually acceptable procedure for review and approval of payments to Subcontractors and (2) the percentage of retainage held on Subcontracts, and the Construction Manager shall execute subcontracts in accordance with those agreements.

§ **7.1.9** Except with the Owner's prior approval, the Construction Manager shall not make advance payments to suppliers for materials or equipment which have not been delivered and stored at the site.

§ **7.1.10** In taking action on the Construction Manager's Applications for Payment, the Architect shall be entitled to rely on the accuracy and completeness of the information furnished by the Construction Manager and shall not be deemed to represent that the Architect has made a detailed examination, audit or arithmetic verification of the documentation submitted in accordance with Section 7.1.4 or other supporting data; that the Architect has made exhaustive or continuous on-site inspections; or that the Architect has made examinations to ascertain how or for what purposes the Construction Manager has used amounts previously paid on account of the Contract. Such examinations, audits and verifications, if required by the Owner, will be performed by the Owner's auditors acting in the sole interest of the Owner.

Init.

/

**AIA Document A133™ – 2009** (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes:                                                                                                                    (1699034438)

14

## § 7.2 Final Payment

§ **7.2.1** Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Construction Manager when

- **.1** the Construction Manager has fully performed the Contract except for the Construction Manager's responsibility to correct Work as provided in Section 12.2.2 of AIA Document A201–2007, and to satisfy other requirements, if any, which extend beyond final payment;
- **.2** the Construction Manager has submitted a final accounting for the Cost of the Work and a final Application for Payment; and
- **.3** a final Certificate for Payment has been issued by the Architect.

The Owner's final payment to the Construction Manager shall be made no later than 30 days after the issuance of the Architect's final Certificate for Payment, or as follows:

CERTIFICATE OF SUBSTANTIAL COMPLETION

§ **7.2.2** The Owner's auditors will review and report in writing on the Construction Manager's final accounting within 30 days after delivery of the final accounting to the Architect by the Construction Manager. Based upon such Cost of the Work as the Owner's auditors report to be substantiated by the Construction Manager's final accounting, and provided the other conditions of Section 7.2.1 have been met, the Architect will, within seven days after receipt of the written report of the Owner's auditors, either issue to the Owner a final Certificate for Payment with a copy to the Construction Manager, or notify the Construction Manager and Owner in writing of the Architect's reasons for withholding a certificate as provided in Section 9.5.1 of the AIA Document A201–2007. The time periods stated in this Section supersede those stated in Section 9.4.1 of the AIA Document A201–2007. The Architect is not responsible for verifying the accuracy of the Construction Manager's final accounting.

§ **7.2.3** If the Owner's auditors report the Cost of the Work as substantiated by the Construction Manager's final accounting to be less than claimed by the Construction Manager, the Construction Manager shall be entitled to request mediation of the disputed amount without seeking an initial decision pursuant to Section 15.2 of A201–2007. A request for mediation shall be made by the Construction Manager within 30 days after the Construction Manager's receipt of a copy of the Architect's final Certificate for Payment. Failure to request mediation within this 30-day period shall result in the substantiated amount reported by the Owner's auditors becoming binding on the Construction Manager. Pending a final resolution of the disputed amount, the Owner shall pay the Construction Manager the amount certified in the Architect's final Certificate for Payment.

§ **7.2.4** If, subsequent to final payment and at the Owner's request, the Construction Manager incurs costs described in Section 6.1.1 and not excluded by Section 6.8 to correct defective or nonconforming Work, the Owner shall reimburse the Construction Manager such costs and the Construction Manager's Fee applicable thereto on the same basis as if such costs had been incurred prior to final payment, but not in excess of the Guaranteed Maximum Price. If the Construction Manager has participated in savings as provided in Section 5.2.1, the amount of such savings shall be recalculated and appropriate credit given to the Owner in determining the net amount to be paid by the Owner to the Construction Manager.

## ARTICLE 8    INSURANCE AND BONDS

For all phases of the Project, the Construction Manager and the Owner shall purchase and maintain insurance, and the Construction Manager shall provide bonds as set forth in Article 11 of AIA Document A201–2007.
*(State bonding requirements, if any, and limits of liability for insurance required in Article 11 of AIA Document A201–2007.)*

| Type of Insurance or Bond | Limit of Liability or Bond Amount ($0.00) |
|---|---|
| Labor & Material and Payment & Performance Bonds | $11,295,755.00 |

## ARTICLE 9    DISPUTE RESOLUTION

§ **9.1** Any Claim between the Owner and Construction Manager shall be resolved in accordance with the provisions set forth in this Article 9 and Article 15 of A201–2007. However, for Claims arising from or relating to the

**Init.**

**/**

AIA Document A133™ – 2009 (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:18:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes:                                                                                                                                    (1699034438)

**15**

Construction Manager's Preconstruction Phase services, no decision by the Initial Decision Maker shall be required as a condition precedent to mediation or binding dispute resolution, and Section 9.3 of this Agreement shall not apply.

**§ 9.2** For any Claim subject to, but not resolved by mediation pursuant to Section 15.3 of AIA Document A201–2007, the method of binding dispute resolution shall be as follows:
*(Check the appropriate box. If the Owner and Construction Manager do not select a method of binding dispute resolution below, or do not subsequently agree in writing to a binding dispute resolution method other than litigation, Claims will be resolved by litigation in a court of competent jurisdiction.)*

[ **X** ]    Arbitration pursuant to Section 15.4 of AIA Document A201–2007

[ ]    Litigation in a court of competent jurisdiction

[ ]    Other: *(Specify)*

**§ 9.3 Initial Decision Maker**
The Architect will serve as the Initial Decision Maker pursuant to Section 15.2 of AIA Document A201–2007 for Claims arising from or relating to the Construction Manager's Construction Phase services, unless the parties appoint below another individual, not a party to the Agreement, to serve as the Initial Decision Maker.
*(If the parties mutually agree, insert the name, address and other contact information of the Initial Decision Maker, if other than the Architect.)*

**ARTICLE 10    TERMINATION OR SUSPENSION**
**§ 10.1 Termination Prior to Establishment of the Guaranteed Maximum Price**
**§ 10.1.1** Prior to the execution of the Guaranteed Maximum Price Amendment, the Owner may terminate this Agreement upon not less than seven days' written notice to the Construction Manager for the Owner's convenience and without cause, and the Construction Manager may terminate this Agreement, upon not less than seven days' written notice to the Owner, for the reasons set forth in Section 14.1.1 of A201–2007.

**§ 10.1.2** In the event of termination of this Agreement pursuant to Section 10.1.1, the Construction Manager shall be equitably compensated for Preconstruction Phase services performed prior to receipt of a notice of termination. In no event shall the Construction Manager's compensation under this Section exceed the compensation set forth in Section 4.1.

**§ 10.1.3** If the Owner terminates the Contract pursuant to Section 10.1.1 after the commencement of the Construction Phase but prior to the execution of the Guaranteed Maximum Price Amendment, the Owner shall pay to the Construction Manager an amount calculated as follows, which amount shall be in addition to any compensation paid to the Construction Manager under Section 10.1.2:
.1    Take the Cost of the Work incurred by the Construction Manager to the date of termination;
.2    Add the Construction Manager's Fee computed upon the Cost of the Work to the date of termination at the rate stated in Section 5.1 or, if the Construction Manager's Fee is stated as a fixed sum in that Section, an amount that bears the same ratio to that fixed-sum Fee as the Cost of the Work at the time of termination bears to a reasonable estimate of the probable Cost of the Work upon its completion; and
.3    Subtract the aggregate of previous payments made by the Owner for Construction Phase services.

The Owner shall also pay the Construction Manager fair compensation, either by purchase or rental at the election of the Owner, for any equipment owned by the Construction Manager which the Owner elects to retain and which is not otherwise included in the Cost of the Work under Section 10.1.3.1. To the extent that the Owner elects to take legal assignment of subcontracts and purchase orders (including rental agreements), the Construction Manager shall, as a condition of receiving the payments referred to in this Article 10, execute and deliver all such papers and take all such

**AIA Document A133™ – 2009 (formerly A121™ CMc – 2003).** Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes:                                                                                        (1899034438)

steps, including the legal assignment of such subcontracts and other contractual rights of the Construction Manager, as the Owner may require for the purpose of fully vesting in the Owner the rights and benefits of the Construction Manager under such subcontracts or purchase orders. All Subcontracts, purchase orders and rental agreements entered into by the Construction Manager will contain provisions allowing for assignment to the Owner as described above.

If the Owner accepts assignment of subcontracts, purchase orders or rental agreements as described above, the Owner will reimburse or indemnify the Construction Manager for all costs arising under the subcontract, purchase order or rental agreement, if those costs would have been reimbursable as Cost of the Work if the contract had not been terminated. If the Owner chooses not to accept assignment of any subcontract, purchase order or rental agreement that would have constituted a Cost of the Work had this agreement not been terminated, the Construction Manager will terminate the subcontract, purchase order or rental agreement and the Owner will pay the Construction Manager the costs necessarily incurred by the Construction Manager because of such termination.

### § 10.2 Termination Subsequent to Establishing Guaranteed Maximum Price
Following execution of the Guaranteed Maximum Price Amendment and subject to the provisions of Section 10.2.1 and 10.2.2 below, the Contract may be terminated as provided in Article 14 of AIA Document A201–2007.

**§ 10.2.1** If the Owner terminates the Contract after execution of the Guaranteed Maximum Price Amendment, the amount payable to the Construction Manager pursuant to Sections 14.2 and 14.4 of A201–2007 shall not exceed the amount the Construction Manager would otherwise have received pursuant to Sections 10.1.2 and 10.1.3 of this Agreement.

**§ 10.2.2** If the Construction Manager terminates the Contract after execution of the Guaranteed Maximum Price Amendment, the amount payable to the Construction Manager under Section 14.1.3 of A201–2007 shall not exceed the amount the Construction Manager would otherwise have received under Sections 10.1.2 and 10.1.3 above, except that the Construction Manager's Fee shall be calculated as if the Work had been fully completed by the Construction Manager, utilizing as necessary a reasonable estimate of the Cost of the Work for Work not actually completed.

### § 10.3 Suspension
The Work may be suspended by the Owner as provided in Article 14 of AIA Document A201–2007. In such case, the Guaranteed Maximum Price and Contract Time shall be increased as provided in Section 14.3.2 of AIA Document A201–2007, except that the term "profit" shall be understood to mean the Construction Manager's Fee as described in Sections 5.1 and 5.3.5 of this Agreement.

### ARTICLE 11    MISCELLANEOUS PROVISIONS
**§ 11.1** Terms in this Agreement shall have the same meaning as those in A201–2007.

### § 11.2 Ownership and Use of Documents
Section 1.5 of A201–2007 shall apply to both the Preconstruction and Construction Phases.

### § 11.3 Governing Law
Section 13.1 of A201–2007 shall apply to both the Preconstruction and Construction Phases.

### § 11.4 Assignment
The Owner and Construction Manager, respectively, bind themselves, their agents, successors, assigns and legal representatives to this Agreement. Neither the Owner nor the Construction Manager shall assign this Agreement without the written consent of the other, except that the Owner may assign this Agreement to a lender providing financing for the Project if the lender agrees to assume the Owner's rights and obligations under this Agreement. Except as provided in Section 13.2.2 of A201–2007, neither party to the Contract shall assign the Contract as a whole without written consent of the other. If either party attempts to make such an assignment without such consent, that party shall nevertheless remain legally responsible for all obligations under the Contract.

### § 11.5 Other provisions:

**Init.**

**/**

**AIA Document A133™ – 2009 (formerly A121™ CMc – 2003).** Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes: (1698034436)

**17**

## ARTICLE 12 SCOPE OF THE AGREEMENT

**§ 12.1** This Agreement represents the entire and integrated agreement between the Owner and the Construction Manager and supersedes all prior negotiations, representations or agreements, either written or oral. This Agreement may be amended only by written instrument signed by both Owner and Construction Manager.

**§ 12.2** The following documents comprise the Agreement:

.1 AIA Document A133–2009, Standard Form of Agreement Between Owner and Construction Manager as Constructor where the basis of payment is the Cost of the Work Plus a Fee with a Guaranteed Maximum Price

.2 AIA Document A201–2007, General Conditions of the Contract for Construction

.3 AIA Document E201™–2007, Digital Data Protocol Exhibit, if completed, or the following:

N/A

.4 AIA Document E202™–2008, Building Information Modeling Protocol Exhibit, if completed, or the following:

N/A

.5 Other documents:
*(List other documents, if any, forming part of the Agreement.)*

GMP PROPOSAL – dated 08-26-2020
Plans and Specifications prepared by Kraemer Design Group dated 07-08-2020 titled GMP / Permit Set.

This Agreement is entered into as of the day and year first written above.

| | |
|---|---|
| **OWNER** *(Signature)* | **CONSTRUCTION MANAGER** *(Signature)* |
| Oren Goldenberg | Brian Deming, President |
| Life Is A Dreamtroit, *LLC* | MiG East, LLC |
| *(Printed name and title)* | *(Printed name and title)* |

**AIA Document A133** – 2009 (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.

Init.

/

**18**

(1699034438)

# Additions and Deletions Report for

## AIA® Document A133™ – 2009

This Additions and Deletions Report, as defined on page 1 of the associated document, reproduces below all text the author has added to the standard form AIA document in order to complete it, as well as any text the author may have added to or deleted from the original AIA text. Added text is shown underlined. Deleted text is indicated with a horizontal line through the original AIA text.

Note: This Additions and Deletions Report is provided for information purposes only and is not incorporated into or constitute any part of the associated AIA document. This Additions and Deletions Report and its associated document were generated simultaneously by AIA software at 16:19:43 ET on 01/11/2021.

## PAGE 1

AGREEMENT made as of the TWENTY-FOURTH day of SEPTEMBER in the year TWO THOUSAND TWENTY

...

*(Name, legal status and address)*

LIFE IS A DREAMTROIT, LLC
1331 HOLDEN
DETROIT, MI 48202

...

*(Name, legal status and address)*

MiG EAST, LLC
422 WEST CONGRESS
SUITE 400
DETROIT, MI 48226

...

*(Name and address or location)*

DREAMTROIT – ADAPTIVE RE-USE & RENOVATION
1331 HOLDEN
DETROIT, MI 48202

...

*(Name, legal status and address)*

KRAEMER DESIGN GROUP, PLC
1420 BROADWAY
DETROIT, MI 48226

...

OREN GOLDENBERG
DREAMTROIT, LLC
1331 HOLDEN
DETROIT, MI 48202
ogoldenberg@gmail.com

Additions and Deletions Report for AIA Document A133™ – 2009 (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes: (1699034438)

1

248-224-9063 Mobile
**PAGE 2**

*(Name, address and other information)*

GABE ESTRADA
MiG EAST, LLC
422 WEST CONGRESS
SUITE 400
DETROIT, MI 48226
gestrada@migconstruction.com
313-303-4016 mobile

...

*(Name, address and other information)*

BRIAN REBAIN
KRAEMER DESIGN GROUP, PLC
1420 BROADWAY
DETROIT, MI 48226
barebain@thekraemeredge.com
313-965-3399 x215
**PAGE 9**

**§ 4.2.2** Payments are due and payable upon presentation of the Construction Manager's invoice. Amounts unpaid THIRTY ( 30 ) days after the invoice date shall bear interest at the rate entered below, or in the absence thereof at the legal rate prevailing from time to time at the principal place of business of the Construction Manager.

...

2 % TWO PERCENT

...

THREE POINT THREE PERCENT (3.3%)

...

THREE PERCENT (3%) for changes in contract involving solidifying allowances, and FIVE PERCENT (5%) for all other changes.

...

TEN PERCENT (10%)

...

N/A
**PAGE 13**

**§ 7.1.3** Provided that an Application for Payment is received by the Architect not later than the LAST day of a month, the Owner shall make payment of the certified amount to the Construction Manager not later than the LAST day of the FOLLOWING month. If an Application for Payment is received by the Architect after the application date fixed above, payment shall be made by the Owner not later than THIRTY ( 30 ) days after the Architect receives the Application for Payment.
**PAGE 14**

Additions and Deletions Report for AIA Document A133™ – 2009 (formerly A121™ CMc – 2003). Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes: (1699034438)

2

    **.3**    Add the Construction Manager's Fee, less retainage of <u>TEN</u> percent ( <u>10</u> %). The Construction Manager's Fee shall be computed upon the Cost of the Work at the rate stated in Section 5.1 or, if the Construction Manager's Fee is stated as a fixed sum in that Section, shall be an amount that bears the same ratio to that fixed-sum fee as the Cost of the Work bears to a reasonable estimate of the probable Cost of the Work upon its completion;

    **.4**    Subtract retainage of <u>TEN</u> percent ( <u>10</u> %) from that portion of the Work that the Construction Manager self-performs;

**PAGE 15**

CERTIFICATE OF SUBSTANTIAL COMPLETION

...

    <u>Labor & Material and Payment &</u>       $11,295,755.00
    <u>Performance Bonds</u>

**PAGE 16**

    [ <u>X</u> ]    Arbitration pursuant to Section 15.4 of AIA Document A201–2007

**PAGE 18**

    N/A

...

    N/A

...

    <u>GMP PROPOSAL – dated 08-26-2020</u>
    <u>Plans and Specifications prepared by Kraemer Design Group dated 07-08-2020 titled GMP / Permit</u>
    <u>Set.</u>

...

Oren Goldenberg                               Brian Deming, President
Life Is A Dreamtroit, LLC                   MiG East, LLC

**Additions and Deletions Report for AIA Document A133‾ – 2009 (formerly A121™ CMc – 2003).** Copyright © 1991, 2003 and 2009 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.

**User Notes:**                                                           (1699034438)

**3**

# Certification of Document's Authenticity

*AIA® Document D401™ – 2003*

I, Brian Deming, President, hereby certify, to the best of my knowledge, information and belief, that I created the attached final document simultaneously with its associated Additions and Deletions Report and this certification at 16:19:43 ET on 01/11/2021 under Order No. 1052341304 from AIA Contract Documents software and that in preparing the attached final document I made no changes to the original text of AIA® Document A133™ – 2009, Standard Form of Agreement Between Owner and Construction Manager as Constructor where the basis of payment is the Cost of the Work Plus a Fee with a Guaranteed Maximum Price, as published by the AIA in its software, other than those additions and deletions shown in the associated Additions and Deletions Report.

_____
(Signed)

*President*
_____
(Title)

1/13/21
_____
(Dated)

**AIA Document D401™** – 2003. Copyright © 1992 and 2003 by The American Institute of Architects. All rights reserved. The "American Institute of Architects," "AIA," the AIA Logo, and "AIA Contract Documents" are registered trademarks and may not be used without permission. This document was produced by AIA software at 16:19:43 ET on 01/11/2021 under Order No.1052341304 which expires on 07/01/2021, is not for resale, is licensed for one-time use only, and may only be used in accordance with the AIA Contract Documents® Terms of Service. To report copyright violations, e-mail copyright@aia.org.
User Notes: (1699034438)

1

Debtor name    MIG EAST, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF MICHIGAN

Case number (if known)

☐ Check if this is an
   amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☒ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.6 | Paul Jenkins Sr. | 23150 Laurel Valley St. Southfield, MI 48034 Officer of Debtor | Independent Bank | ☐ D ____ ☒ E/F ___3.49___ ☐ G ____ |
| 2.7 | Paul Jenkins Sr. | 23150 Laurel Valley St. Southfield, MI 48034 Officer of Debtor | Independent Bank | ☒ D ___2.1___ ☐ E/F ____ ☐ G ____ |
| 2.8 | Paul Jenkins, Jr. | 422 W Congress St Ste 400  Detroit, MI 48226 Officer of Debtor | Independent Bank | ☒ D ___2.1___ ☐ E/F ____ ☐ G ____ |

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 64 of 133

Aging as of date: 11/13/2023
Aging basis: Accounting date
Unpaid only?  Yes
Include Retainage?  No
Include Finance Charges?  No
Show detail?  No

# Aging Detail by Job

| Tran Type | ID | Date | Amount | Current | Over 30 | Over 60 | Over 90 | Over 120 | Retainage | Finance Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| **20-006 Harmonie Club Core & Shell** | | | | | | | | | | |
| **311GRAND  311 Grand River LLC** | | | | | | | | | | |
| Invoice | 20222006018 | 09/25/2022 | 56,087.05 | | | | | 56,087.05 | | |
| Invoice | 202220006019 | 10/25/2022 | 237,116.79 | | | | | 237,116.79 | | |
| Invoice | 202220006020 | 11/25/2022 | 51,785.47 | | | | | 51,785.47 | | |
| Invoice | 202320006021 | 01/25/2023 | 35,729.96 | | | | | 35,729.96 | | |
| Invoice | 20232000621523 | 02/25/2023 | -68,425.32 | | | | | -68,425.32 | | |
| Invoice | 20232000600018 | 02/25/2023 | -19,543.50 | | | | | -19,543.50 | | |
| Invoice | 202320006022 | 04/25/2023 | 93,210.62 | | | | | 93,210.62 | | |
| Invoice | 202320006023 | 05/25/2023 | 164,497.56 | | | | | 164,497.56 | | |
| Invoice | 202320006997019 | 07/25/2023 | -137,000.00 | | | | -137,000.00 | | | |
| Invoice | 202320006024 | 08/25/2023 | 439,850.12 | | | 439,850.12 | | | | |
| Invoice | 223200100000024 | 11/10/2023 | -85,000.00 | -85,000.00 | | | | | | |
| | **311 Grand River LLC Totals:** | | **768,308.75** | **-85,000.00** | **0.00** | **439,850.12** | **-137,000.00** | **550,458.63** | | |
| | **20-006 Totals:** | | **768,308.75** | **-85,000.00** | **0.00** | **439,850.12** | **-137,000.00** | **550,458.63** | **0.00** | **0.00** |
| **20-009 AMP Detroit** | | | | | | | | | | |
| **ALLIEDME  Allied Media Projects** | | | | | | | | | | |
| Invoice | 202320009000036 | 09/25/2023 | 58,544.17 | | 58,544.17 | | | | | |
| Invoice | 20232009036 | 09/25/2023 | 129,229.43 | | 129,229.43 | | | | | |
| Invoice | 223200100000025 | 10/25/2023 | 446.36 | 446.36 | | | | | | |
| | **Allied Media Projects Totals:** | | **188,219.96** | **446.36** | **187,773.60** | **0.00** | **0.00** | **0.00** | | |
| | **20-009 Totals:** | | **188,219.96** | **446.36** | **187,773.60** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **20-010 Dreamtroit - Phase 2** | | | | | | | | | | |
| **LIFEISAD  Life Is A Dreamtroit, LLC** | | | | | | | | | | |
| Invoice | 2022201000016 | 07/25/2022 | 8,811.70 | | | | | 8,811.70 | | |
| Invoice | 2022201000017 | 08/25/2022 | 58,536.83 | | | | | 58,536.83 | | |
| Invoice | 20222001000018 | 09/25/2022 | 79,740.54 | | | | | 79,740.54 | | |
| Invoice | 2022201000019 | 10/25/2022 | 90,000.00 | | | | | 90,000.00 | | |
| Invoice | 2023201000023 | 07/25/2023 | 382,155.64 | | | | 382,155.64 | | | |
| Invoice | 223200100000023 | 07/25/2023 | 48,494.44 | | | | 48,494.44 | | | |
| Invoice | 20232001000024 | 09/25/2023 | 793,049.72 | | 793,049.72 | | | | | |
| Invoice | 202320010000024 | 09/25/2023 | 57,150.46 | | 57,150.46 | | | | | |

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 65 of 133

11/13/2023

Aging as of date: 11/13/2023
Aging basis: Accounting date
Unpaid only? Yes
Include Retainage? No
Include Finance Charges? No
Show detail? No

**Aging Detail by Job**

| Tran Type | ID | Date | Amount | Current | Over 30 | Over 60 | Over 90 | Over 120 | Retainage | Finance Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| **LIFEISAD  Life Is A Dreamtroit, LLC** | | | | | | | | | | |
| Invoice | 2023200100025 | 09/25/2023 | 1,427,616.82 | | 1,427,616.82 | | | | | |
| | **Life Is A Dreamtroit, LLC Totals:** | | **2,945,556.15** | **0.00** | **2,277,817.00** | **0.00** | **430,650.08** | **237,089.07** | | |
| | **20-010 Totals:** | | **2,945,556.15** | **0.00** | **2,277,817.00** | **0.00** | **430,650.08** | **237,089.07** | **0.00** | **0.00** |
| **23-002 23-002 DPS - Bethune** | | | | | | | | | | |
| **DETROITEA  Detroit Edison Public SchoolAcademy** | | | | | | | | | | |
| Invoice | 2023230020003 | 08/25/2023 | 154,300.50 | | | 154,300.50 | | | | |
| Invoice | 2023230020004 | 09/25/2023 | 73,465.47 | | 73,465.47 | | | | | |
| Invoice | 202323002005 | 10/25/2023 | 28,166.50 | 28,166.50 | | | | | | |
| | **Detroit Edison Public SchoolAcademy Totals:** | | **255,932.47** | **28,166.50** | **73,465.47** | **154,300.50** | **0.00** | **0.00** | | |
| | **23-002 Totals:** | | **255,932.47** | **28,166.50** | **73,465.47** | **154,300.50** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-006 MGM - Clear 2 Smoking** | | | | | | | | | | |
| **MGMGRAND  MGM Resorts Internatl - MGM Grand** | | | | | | | | | | |
| Invoice | 202323006 | 09/25/2023 | 2,000.00 | | 2,000.00 | | | | | |
| | **MGM Resorts Internatl - MGM Grand Totals:** | | **2,000.00** | **0.00** | **2,000.00** | **0.00** | **0.00** | **0.00** | | |
| | **23-006 Totals:** | | **2,000.00** | **0.00** | **2,000.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-007 MGM Night Club Smoking** | | | | | | | | | | |
| **MGMGRAND  MGM Resorts Internatl - MGM Grand** | | | | | | | | | | |
| Invoice | 202323007004 | 09/25/2023 | 157,561.40 | | 157,561.40 | | | | | |
| Invoice | 202323007005 | 10/25/2023 | -10,775.99 | -10,775.99 | | | | | | |
| | **MGM Resorts Internatl - MGM Grand Totals:** | | **146,785.41** | **-10,775.99** | **157,561.40** | **0.00** | **0.00** | **0.00** | | |
| | **23-007 Totals:** | | **146,785.41** | **-10,775.99** | **157,561.40** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-008 HFMC - Livonia** | | | | | | | | | | |
| **MIGRONCE  MIG Roncelli LLC** | | | | | | | | | | |
| Invoice | 202323008000001 | 10/25/2023 | 10,332.00 | 10,332.00 | | | | | | |
| | **MIG Roncelli LLC Totals:** | | **10,332.00** | **10,332.00** | **0.00** | **0.00** | **0.00** | **0.00** | | |
| | **23-008 Totals:** | | **10,332.00** | **10,332.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-014 OH JV - PARCEL A** | | | | | | | | | | |

Aging as of date: 11/13/2023
Aging basis: Accounting date
Unpaid only? Yes
Include Retainage? No
Include Finance Charges? No
Show detail? No

# Aging Detail by Job

| Tran Type | ID | Date | Amount | Current | Over 30 | Over 60 | Over 90 | Over 120 | Retainage | Finance Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| **OLIVERHA Oliver / Hatcher Construction** | | | | | | | | | | |
| Invoice | 20232014003 | 10/25/2023 | 7,320.00 | 7,320.00 | | | | | | |
| Invoice | 202323014004 | 10/25/2023 | 5,490.00 | 5,490.00 | | | | | | |
| | **Oliver / Hatcher Construction Totals:** | | **12,810.00** | **12,810.00** | **0.00** | **0.00** | **0.00** | **0.00** | | |
| | **23-014 Totals:** | | **12,810.00** | **12,810.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-015 MGM - Zone 8 Bathrooms** | | | | | | | | | | |
| **MGMGRAND MGM Resorts Internatl - MGM Grand** | | | | | | | | | | |
| Invoice | 202323015 | 10/25/2023 | 38,891.46 | 38,891.46 | | | | | | |
| Invoice | 202323015004 | 10/25/2023 | 20,469.24 | 20,469.24 | | | | | | |
| | **MGM Resorts Internatl - MGM Grand Totals:** | | **59,360.70** | **59,360.70** | **0.00** | **0.00** | **0.00** | **0.00** | | |
| | **23-015 Totals:** | | **59,360.70** | **59,360.70** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-016 K + N Office Renovation** | | | | | | | | | | |
| **KUEHNENA Kuehne + Nagel Inc.** | | | | | | | | | | |
| Invoice | 202323016002 | 09/25/2023 | 10,985.00 | | 10,985.00 | | | | | |
| | **Kuehne + Nagel Inc. Totals:** | | **10,985.00** | **0.00** | **10,985.00** | **0.00** | **0.00** | **0.00** | | |
| | **23-016 Totals:** | | **10,985.00** | **0.00** | **10,985.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **23-017 Motown Museum Annex** | | | | | | | | | | |
| **MIGRONCE MIG Roncelli LLC** | | | | | | | | | | |
| Invoice | 202323017003 | 10/25/2023 | 10,434.31 | 10,434.31 | | | | | | |
| | **MIG Roncelli LLC Totals:** | | **10,434.31** | **10,434.31** | **0.00** | **0.00** | **0.00** | **0.00** | | |
| | **23-017 Totals:** | | **10,434.31** | **10,434.31** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| | **Report Totals:** | | **4,410,724.75** | **25,773.88** | **2,709,602.47** | **594,150.62** | **293,650.08** | **787,547.70** | | |

| Account | Title | Current Activity | Current Balance |
|---|---|---|---|
| **Income** | | | |
| 4001 | Income | $ (85,000) | $ 10,973,115 |
| 4006 | WIP Revenue | | 173,887 |
| | Total Income | $ (85,000) | $ 11,147,002 |
| | | | |
| **Cost of Sales** | | | |
| 5001 | Cost of Sales - Labor | $ 32,981 | $ 897,498 |
| 5002 | Cost of Sales - Subcontract | (96,973) | 9,285,613 |
| 5003 | Cost of Sales - Materials | (16,420) | 277,988 |
| 5004 | Cost of Sales - Equipment | | 12,862 |
| 5005 | Cost of Sales - Other | 47,667 | 729,189 |
| 5007 | Labor Burden | 2,469 | 71,919 |
| | Total Cost of Sales | $ (30,276) | $ 11,275,069 |
| | Gross Margin | $ (54,724) | $ (128,067) |
| | | | |
| **Expenses** | | | |
| 6300 | Salaries, Management | $ 11,423 | $ 373,201 |
| 6301 | Salaries, Admin | 13,212 | 296,625 |
| 6302 | Salaries, Bonuses | | 715 |
| 6304 | Salaries, Taxes | 1,856 | 30,527 |
| 6310 | Office, Equip. Rental | | 14,055 |
| 6312 | Office Supplies | | 5,667 |
| 6313 | Freight & Shipping | | 60 |
| 6314 | Postage | | 674 |
| 6315 | Office, Rent | | 57,694 |
| 6317 | Office, Telephone | 312 | 17,714 |
| 6318 | Office, Utilities | 311 | 4,290 |
| 6325 | Computer Supplies | | 1,954 |
| 6326 | Internet Hookups | 544 | 7,058 |
| 6327 | Maint., Computer Equip. | 772 | 13,081 |
| 6328 | Maint., Computer Sftware | 1,062 | 78,690 |
| 6330 | Auto/Truck Lease | | 14,116 |
| 6331 | Parking | | 12,240 |
| 6332 | Vehicles, Repairs & Maint. | | 5,809 |
| 6333 | Vehicles, Operating Expense | | 20,742 |
| 6334 | Taxes & Lisc. Fee's | | 10,794 |
| 6340 | Bus. Meals & Entertainment | | 30,128 |
| 6341 | Travel | | 621 |
| 6342 | Meals Expense | | 380 |

Confidential: For Internal Use Only

| Account | Title | Current Activity | Current Balance |
|---------|-------|------------------|-----------------|
| 6348 | Client Gifts | | $ 4,770 |
| 6350 | Insurance, ST/LT Disability | 586 | 3,717 |
| 6351 | Insurance, Health - CAM | 7,033 | 84,872 |
| 6353 | Insurance, GL | 5,096 | 71,937 |
| 6354 | Insurance, Auto | 1,506 | 22,106 |
| 6355 | Insurance, WComp. | | 11,200 |
| 6356 | Insurance, Umbrella | 2,938 | 48,186 |
| 6357 | Insurance, Life | 519 | 5,607 |
| 6359 | Insurance - Professional Li | | 40,370 |
| 6361 | Accounting | | 19,370 |
| 6362 | Legal | 4,795 | 33,378 |
| 6363 | Payroll Service | 1,262 | 29,390 |
| 6364 | Consulting Services | | 254,000 |
| 6365 | Marketing Services | | 13,871 |
| 6366 | 401k Adminstrative Fees | | 253 |
| 6367 | Other Professional Services | 32 | 3,537 |
| 6370 | Recruiting & Hiring | | 1,336 |
| 6371 | Employee Training & Educati | | 300 |
| 6380 | Commercial Loan Interest | 3,389 | 44,930 |
| 6381 | Note Interest | 767 | 7,716 |
| 6383 | Bank Service Charges | | (18,223) |
| 6384 | Blueprints | | 943 |
| 6386 | Dues & Subscriptions | | 2,976 |
| 6390 | Depreciation | | 31,280 |
| | Total Expenses | $ 57,415 | $ 1,714,657 |

**Other Income**

| 7001 | Investment Income | | $ 324,674 |
|------|-------------------|--|-----------|
| | Total Other Income | | $ 324,674 |
| | Net Income (Loss) | $ (112,139) | $ (1,518,050) |

**MIG East, LLC**
Balance Sheet
November 30, 2023

**Assets**

**Current Assets**

| | | | |
|---|---|---:|---:|
| 1005 | Petty Cash | $ 422.00 | |
| 1014 | Independent Bank | 122,929.21 | |
| 1201 | Accounts Receivable | 4,410,724.75 | |
| 1204 | Retainage Receivable | 771,800.19 | |
| 1212 | Officer Receivable | 80,243.20 | |
| 1215 | Restricted Cash CD | 500,000.00 | |
| | Total Current Assets | | $ 5,886,119.35 |

**Long Term Assets**

| | | | |
|---|---|---:|---:|
| 1701 | Investments | $ 29,934.00 | |
| 1750 | Security Deposit – Office | 3,121.48 | |
| 1802 | Buildings | 22,497.00 | |
| 1803 | Furniture & Fixtures | 112,000.53 | |
| 1804 | Motor Vehicles | 223,816.70 | |
| 1806 | ROU Asset – Building | 132,045.00 | |
| 1901 | Accum Depreciation – ROUA | (49,099.00) | |
| 1902 | Accum Depreciation – Build | (14,472.20) | |
| 1903 | Accum Depreciation – Furni | (112,000.77) | |
| 1904 | Accum Depreciation – Vehic | (74,184.19) | |
| | Total Long Term Assets | | $ 273,658.55 |
| | | | |
| | Total Assets | | $ 6,159,777.90 |

Confidential:  For Internal Use Only

**MIG East, LLC**
Balance Sheet
November 30, 2023

**Liabilities and Equity**

## Current Liabilities

| 2001 | Accounts Payable | $ 2,876,485.33 | |
| 2003 | Auto Loan | 109,807.35 | |
| 2004 | Retainage Payable | 2,621,908.84 | |
| 2006 | Security Deposit | 1,250.00 | |
| 2007 | Credit Card Payable | 4,404.74 | |
| 2009 | Lease Liability | 74,705.00 | |
| 2010 | Bank note payable < 1yr | 39,826.00 | |
| 2012 | JV Roncelli Profit Split – | 250,000.00 | |
| 2104 | FICA – Employee | 8,700.59 | |
| 2105 | FICA – Employer | (8,700.59) | |
| 2205 | Loans Payable – Short LOC | 492,000.00 | |
| 2206 | Billings in Excess of Cost | 2.00 | |
| | Total Current Liabilities | | $ 6,470,389.26 |

## Long Term Liabilities

| 2406 | Subordinated Debt CD | $ 500,000.00 | |
| | Long Term Liabilities | | $ 500,000.00 |
| | Total Liabilities | | $ 6,970,389.26 |

## Equity

| 3001 | Owners' Equity | $ 245,210.28 | |
| 3010 | Retained Earnings | 659,172.82 | |
| 3011 | Owner Distributions | (196,944.46) | |
| | Net Income | (1,518,050.00) | |
| | Total Equity | | $ (810,611.36) |
| | Total Liabilities & Equity | | $ 6,159,777.90 |

Confidential:  For Internal Use Only

Name

Employer Identification Number

MIG EAST, LLC

| Description | Prior Year | Current Year | Increase (Decrease) |
|---|---|---|---|
| ORDINARY BUSINESS INCOME (LOSS): | | | |
| INCOME: | | | |
| GROSS RECEIPTS OR SALES LESS RETURNS AND ALLOWANCES | 28,462,711. | 28,642,189. | 179,478. |
| COST OF GOODS SOLD | 26,742,030. | 27,646,448. | 904,418. |
| GROSS PROFITS | 1,720,681. | 995,741. | -724,940. |
| OTHER INCOME | 11,497. | 307,766. | 296,269. |
| TOTAL INCOME | 1,732,178. | 1,303,507. | -428,671. |
| DEDUCTIONS: | | | |
| SALARIES AND WAGES LESS EMPLOYMENT CREDITS | 923,189. | 990,078. | 66,889. |
| REPAIRS AND MAINTENANCE | 82,060. | 91,185. | 9,125. |
| BAD DEBTS | 8,173. | 13,631. | 5,458. |
| RENTS | 107,444. | 106,593. | -851. |
| TAXES AND LICENSES | 98,847. | 85,630. | -13,217. |
| INTEREST | 17,802. | 22,336. | 4,534. |
| DEPRECIATION | 29,583. | 65,711. | 36,128. |
| ADVERTISING | 2,399. | 42. | -2,357. |
| EMPLOYEE BENEFIT PROGRAMS | 201,897. | 190,472. | -11,425. |
| OTHER DEDUCTIONS | 560,280. | 502,224. | -58,056. |
| TOTAL DEDUCTIONS | 2,031,674. | 2,067,902. | 36,228. |
| ORDINARY BUSINESS INCOME (LOSS) | -299,496. | -764,395. | -464,899. |
| S CORPORATION TAXES: | | | |
| PAYMENTS AND CREDITS: | | | |
| BALANCE DUE OR REFUND: | | | |
| SCHEDULE K: | | | |
| INCOME: | | | |
| ORDINARY BUSINESS INCOME (LOSS) | -299,496. | -764,395. | -464,899. |
| INTEREST INCOME | 0. | 42. | 42. |
| DEDUCTIONS: | | | |
| CHARITABLE CONTRIBUTIONS | 2,015. | 3,000. | 985. |
| INVESTMENT INTEREST: | | | |

| Name |
|---|

MIG EAST, LLC

Employer Identification Number

| Description | Prior Year | Current Year | Increase (Decrease) |
|---|---|---|---|
| INVESTMENT INCOME | 0. | 42. | 42. |
| CREDITS: | | | |
| FOREIGN TAXES: | | | |
| AMT ITEMS: | | | |
| OTHER SCHEDULE K ITEMS: | | | |
| OTHER TAX-EXEMPT INCOME | 899,000. | 0. | -899,000. |
| NONDEDUCTIBLE EXPENSES | 101,760. | 0. | -101,760. |
| PROPERTY DISTRIBUTIONS | 2,962. | 0. | -2,962. |
| INCOME (LOSS) | -301,511. | -767,353. | -465,842. |
| SCHEDULE M-2: | | | |
| ACCUMULATED ADJUSTMENTS ACCOUNT: | | | |
| BALANCE AT BEGINNING OF TAX YEAR | -167,949. | 426,578. | 594,527. |
| OTHER ADDITIONS | 899,000. | 42. | -898,958. |
| LOSS FROM PAGE 1, LINE 21 | -299,496. | -764,395. | -464,899. |
| OTHER REDUCTIONS | 2,015. | 3,000. | 985. |
| COMBINE LINES 1 THROUGH 5 | 429,540. | -340,775. | -770,315. |
| DISTRIBUTIONS | 2,962. | 0. | -2,962. |
| BALANCE AT END OF TAX YEAR | 426,578. | -340,775. | -767,353. |
| OTHER ADJUSTMENTS ACCOUNT: | | | |
| BALANCE AT BEGINNING OF TAX YEAR | 0. | -101,760. | -101,760. |
| OTHER ADDITIONS | 899,000. | 0. | -899,000. |
| OTHER REDUCTIONS | 1,000,760. | 0. | -1,000,760. |
| COMBINE LINES 1 THROUGH 5 | -101,760. | -101,760. | |
| BALANCE AT END OF TAX YEAR | -101,760. | -101,760. | |
| SCHEDULE M-3: | | | |
| INCOME (LOSS) FROM U.S. PARTNERSHIPS | 0. | 365,772. | 365,772. |
| COST OF GOODS SOLD | -26,742,030. | -27,646,448. | -904,418. |
| OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 899,000. | 0. | -899,000. |
| TOTAL INCOME (LOSS) ITEMS | -25,843,030. | -27,280,676. | -1,437,646. |
| CHARITABLE CONTRIBUTION OF CASH | | | |

Name | Employer Identification Number

MIG EAST, LLC

| Description | Prior Year | Current Year | Increase (Decrease) |
|---|---|---|---|
| AND TANGIBLE PROPERTY | 2,015. | 3,000. | 985. |
| DEPRECIATION | 29,583. | 31,474. | 1,891. |
| BAD DEBT EXPENSE | 8,173. | 13,631. | 5,458. |
| INTEREST EXPENSE | 17,802. | 22,336. | 4,534. |
| OTHER EXPENSE/DEDUCTION ITEMS WITH DIFFERENCES | 101,760. | 113,700. | 11,940. |
| TOTAL EXPENSE/DEDUCTION ITEMS | -159,333. | -184,141. | -24,808. |
| OTHER INCOME (LOSS) ITEMS WITH NO DIFFERENCES | 26,498,092. | 26,782,558. | 284,466. |
| RECONCILIATION TOTALS | 495,729. | -682,259. | -1,177,988. |

# 2022 TAX RETURN FILING INSTRUCTIONS
## U.S. INCOME TAX RETURN FOR AN S CORPORATION

**FOR THE YEAR ENDING**
DECEMBER 31, 2022

---

**PREPARED FOR:**

MR. PAUL JENKINS
MIG EAST, LLC
422 W. CONGRESS, SUITE 400
DETROIT, MI  48226

---

**PREPARED BY:**

PLANTE & MORAN, PLLC
19176 HALL ROAD, SUITE 300
CLINTON TOWNSHIP, MI 48038

---

**TO BE SIGNED AND DATED BY:**

THE APPROPRIATE CORPORATE OFFICER(S).

---

**AMOUNT OF TAX:**

| | | |
|---|---|---:|
| TOTAL TAX | $ | 0 |
| LESS: PAYMENTS AND CREDITS | $ | 0 |
| PLUS: INTEREST AND PENALTIES | $ | 0 |
| NO PAYMENT REQUIRED | $ | |

---

**OVERPAYMENT:**

NOT APPLICABLE

---

**MAKE CHECK PAYABLE TO:**

NOT APPLICABLE

---

**MAIL TAX RETURN AND CHECK (IF APPLICABLE) TO:**

THIS RETURN HAS QUALIFIED FOR ELECTRONIC FILING.  AFTER YOU HAVE
REVIEWED THE RETURN FOR ACCURACY, PLEASE SIGN, DATE AND RETURN
FORM 8879-CORP TO OUR OFFICE.  WE WILL TRANSMIT YOUR RETURN
ELECTRONICALLY TO THE IRS.

---

**RETURN MUST BE MAILED ON OR BEFORE:**

WE MUST RECEIVE YOUR SIGNED FORM 8879-CORP BY SEPTEMBER 15, 2023.

---

**SPECIAL INSTRUCTIONS:**

Form **8879-CORP**

(December 2022)

Department of the Treasury
Internal Revenue Service

# E-file Authorization for Corporations

For calendar year 2022, or tax year beginning _____ , 2022, ending _____ , 20 _____

**Do not send to the IRS. Keep for your records.**
**Go to www.irs.gov/Form8879CORP for the latest information.**

OMB No. 1545-0123

Name of corporation

MIG EAST, LLC

Employer identification number

███████████

| Part I | Information (Whole dollars only) | | |
|---|---|---|---|
| 1 | Total income (Form 1120, line 11) | 1 | |
| 2 | Total income (Form 1120-F, Section II, line 11) | 2 | |
| 3 | Total income (loss) (Form 1120-S, line 6) | 3 | 1,303,507. |

| Part II | Declaration and Signature Authorization of Officer. Be sure to get a copy of the corporation's return. |
|---|---|

Under penalties of perjury, I declare that I am an officer of the above corporation and that I have examined a copy of the corporation's electronic income tax return and accompanying schedules and statements and to the best of my knowledge and belief, they are true, correct, and complete. I further declare that the amounts in Part I above are the amounts shown on the copy of the corporation's electronic income tax return. I consent to allow my electronic return originator (ERO), transmitter, or intermediate service provider to send the corporation's return to the IRS and to receive from the IRS **(a)** an acknowledgment of receipt or reason for rejection of the transmission, **(b)** the reason for any delay in processing the return or refund, and **(c)** the date of any refund. If applicable, I authorize the U.S. Treasury and its designated Financial Agent to initiate an electronic funds withdrawal (direct debit) entry to the financial institution account indicated in the tax preparation software for payment of the corporation's federal taxes owed on this return, and the financial institution to debit the entry to this account. To revoke a payment, I must contact the U.S. Treasury Financial Agent at **1-888-353-4537** no later than 2 business days prior to the payment (settlement) date. I also authorize the financial institutions involved in the processing of the electronic payment of taxes to receive confidential information necessary to answer inquiries and resolve issues related to the payment. I have selected a personal identification number (PIN) as my signature for the corporation's electronic income tax return and, if applicable, the corporation's consent to electronic funds withdrawal.

**Officer's PIN: check one box only**

[X] I authorize **PLANTE & MORAN, PLLC** to enter my PIN **00001**

ERO firm name               to enter my PIN    do not enter all zeros

as my signature on the corporation's electronically filed income tax return.

[ ] As an officer of the corporation, I will enter my PIN as my signature on the corporation's electronically filed income tax return.

Officer's signature _____ Date _____ Title **OFFICER**

| Part III | Certification and Authentication |
|---|---|

**ERO's EFIN/PIN.** Enter your six-digit EFIN followed by your five-digit self-selected PIN. | **38549913579**

do not enter all zeros

I certify that the above numeric entry is my PIN, which is my signature on the electronically filed income tax return for the corporation indicated above. I confirm that I am submitting this return in accordance with the requirements of **Pub. 3112,** IRS *e-file* Application and Participation, and **Pub. 4163,** Modernized e-File (MeF) Information for Authorized IRS *e-file* Providers for Business Returns.

ERO's signature **PLANTE & MORAN, PLLC** Date **04/27/23**

**ERO Must Retain This Form - See Instructions**
**Do Not Submit This Form to the IRS Unless Requested To Do So**

**For Paperwork Reduction Act Notice, see instructions.**

Form **8879-CORP** (12-2022)

LHA

210211 01-04-23

09550427 147228 54963         2022.03040 MIG EAST, LLC         54963__1

Form **1120-S**

Department of the Treasury
Internal Revenue Service

# U.S. Income Tax Return for an S Corporation

Do not file this form unless the corporation has filed or is attaching Form 2553 to elect to be an S corporation.
Go to www.irs.gov/Form1120S for instructions and the latest information.

EXTENSION GRANTED TO 09/15/23

OMB No. 1545-0123

**2022**

For calendar year 2022 or tax year beginning _____, ending _____

**A** S election effective date
01/01/2006

**B** Business activity code number (see instructions)
236200

**C** Check if Sch. M-3 attached  [X]

Name  MIG EAST, LLC

Number, street, and room or suite no. If a P.O. box, see instructions.
422 W. CONGRESS, SUITE 400

City or town, state or province, country, and ZIP or foreign postal code
DETROIT, MI   48226

TYPE OR PRINT

**D** Employer identification number

**E** Date incorporated
01/01/2006

**F** Total assets (see instructions)
$ 11,311,121.

**G** Is the corporation electing to be an S corporation beginning with this tax year?  ☐ Yes  [X] No

**H** Check if: **(1)** ☐ Final return  **(2)** ☐ Name change  **(3)** ☐ Address change  **(4)** ☐ Amended return  **(5)** ☐ S election termination

**I** Enter the number of shareholders who were shareholders during any part of the tax year ........... 1

**J** Check if corporation: **(1)** ☐ Aggregated activities for section 465 at-risk purposes  **(2)** ☐ Grouped activities for section 469 passive activity purposes

**Caution:** Include **only** trade or business income and expenses on lines 1a through 21. See the instructions for more information.

**Income**

| | | | |
|---|---|---|---|
| 1 a | Gross receipts or sales  28,642,189. | **b** Return and allowances | **c** Bal. Subtract line 1b from line 1a | **1c** | 28,642,189. |
| 2 | Cost of goods sold (attach Form 1125-A) | | **2** | 27,646,448. |
| 3 | Gross profit. Subtract line 2 from line 1c | | **3** | 995,741. |
| 4 | Net gain (loss) from Form 4797, line 17 (attach Form 4797) | | **4** | |
| 5 | Other income (loss) (attach statement)   STATEMENT 1     STATEMENT 2 | | **5** | 307,766. |
| 6 | **Total income (loss).** Add lines 3 through 5 | | **6** | 1,303,507. |

**Deductions (See instructions for limitations)**

| | | | |
|---|---|---|---|
| 7 | Compensation of officers (see instrs. - attach Form 1125-E) | **7** | |
| 8 | Salaries and wages (less employment credits) | **8** | 990,078. |
| 9 | Repairs and maintenance | **9** | 91,185. |
| 10 | Bad debts | **10** | 13,631. |
| 11 | Rents | **11** | 106,593. |
| 12 | Taxes and licenses   STATEMENT 3 | **12** | 85,630. |
| 13 | Interest (see instructions) | **13** | 22,336. |
| 14 | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | **14** | 65,711. |
| 15 | Depletion **(Do not deduct oil and gas depletion.)** | **15** | |
| 16 | Advertising | **16** | 42. |
| 17 | Pension, profit-sharing, etc., plans | **17** | |
| 18 | Employee benefit programs | **18** | 190,472. |
| 19 | Other deductions (attach statement)   STATEMENT 4 | **19** | 502,224. |
| 20 | **Total deductions.** Add lines 7 through 19 | **20** | 2,067,902. |
| 21 | **Ordinary business income (loss).** Subtract line 20 from line 6 | **21** | -764,395. |

**Tax and Payments**

| | | | |
|---|---|---|---|
| 22 a | Excess net passive income or LIFO recapture tax (see instructions) | 22a | | |
| b | Tax from Schedule D (Form 1120-S) | 22b | | |
| c | Add lines 22a and 22b | | 22c | |
| 23 a | 2022 estimated tax payments and 2021 overpayment credited to 2022 | 23a | | |
| b | Tax deposited with Form 7004 | 23b | | |
| c | Credit for federal tax paid on fuels (attach Form 4136) | 23c | | |
| d | Add lines 23a through 23c | | 23d | |
| 24 | Estimated tax penalty (see instructions). Check if Form 2220 is attached  ☐ | 24 | |
| 25 | **Amount owed.** If line 23d is smaller than the total of lines 22c and 24, enter amount owed | 25 | |
| 26 | **Overpayment.** If line 23d is larger than the total of lines 22c and 24, enter amount overpaid | 26 | |
| 27 | Enter amount from line 26: Credited to 2023 estimated tax _____  Refunded | 27 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer   _____   Date _____   Title  OFFICER

May the IRS discuss this return with the preparer shown below? See instr.
[X] Yes  ☐ No

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check if self-employed | PTIN |
|---|---|---|---|---|
| LAURA K. CLAEYS | LAURA K. CLAEYS | 04/27/23 | ☐ | P00058897 |

Firm's name  PLANTE & MORAN, PLLC    Firm's EIN  38-1357951

Firm's address  19176 HALL ROAD, SUITE 300
CLINTON TOWNSHIP, MI 48038    Phone no.  (586) 416-4900

LHA   **For Paperwork Reduction Act Notice, see separate instructions.**   211701 12-09-22   Form **1120-S** (2022)

| Schedule B | Other Information (see instructions) | | | | Yes | No |
|---|---|---|---|---|---|---|

**1** Check accounting method: **a** ☐ Cash **b** ☒ Accrual **c** ☐ Other (specify) _____

**2** See the instructions and enter the:

**a** Business activity ___CONSTRUCTION___  **b** Product or service ___CONSTRUCTION SERVICE___

**3** At any time during the tax year, was any shareholder of the corporation a disregarded entity, a trust, an estate, or a nominee or similar person? If "Yes," attach Schedule B-1, Information on Certain Shareholders of an S Corporation ........ — | X

**4** At the end of the tax year, did the corporation:

**a** Own directly 20% or more, or own, directly or indirectly, 50% or more of the total stock issued and outstanding of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below — | X

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage of Stock Owned | (v) If Percentage in (iv) is 100%, Enter the Date (if applicable) a Qualified Subchapter S Subsidiary Election Was Made |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below ........ X |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| COLASANTI/MIG II JOINT VENTURE | ███████ | PARTNERSHIP | UNITED STATES | 30.00% |
| | | | | |
| | | | | |
| | | | | |

**5a** At the end of the tax year, did the corporation have any outstanding shares of restricted stock? ................ | X

If "Yes," complete lines (i) and (ii) below.

(i) Total shares of restricted stock _____

(ii) Total shares of non-restricted stock _____

**b** At the end of the tax year, did the corporation have any outstanding stock options, warrants, or similar instruments? ........ | X

If "Yes," complete lines (i) and (ii) below.

(i) Total shares of stock outstanding at the end of the tax year _____

(ii) Total shares of stock outstanding if all instruments were executed _____

**6** Has this corporation filed, or is it required to file, **Form 8918**, Material Advisor Disclosure Statement, to provide info. on any reportable transaction? ... | X

**7** Check this box if the corporation issued publicly offered debt instruments with original issue discount ................ ☐

If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments.

**8** If the corporation **(a)** was a C corporation before it elected to be an S corporation **or** the corporation acquired an asset with a basis determined by reference to the basis of the asset (or the basis of any other property) in the hands of a C corporation, **and (b)** has net unrealized built-in gain in excess of the net recognized built-in gain from prior years, enter the net unrealized built-in gain reduced by net recognized built-in gain from prior years ................ $ _____

**9** Did the corporation have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions ................ | X

**10** Does the corporation satisfy one or more of the following? See instructions ................ | X

**a** The corporation owns a pass-through entity with current, or prior year carryover, excess business interest expense.

**b** The corporation's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $27 million and the corporation has business interest expense.

**c** The corporation is a tax shelter and the corporation has business interest expense.

If "Yes," complete and attach **Form 8990**, Limitation on Business Interest Expense Under Section 163(j).

**11** Does the corporation satisfy **both** of the following conditions? ................ | X

**a** The corporation's total receipts (see instructions) for the tax year were less than $250,000.

**b** The corporation's total assets at the end of the tax year were less than $250,000.

If "Yes," the corporation is not required to complete Schedules L and M-1.

## Schedule B  Other Information  (see instructions) (continued)

| | | Yes | No |
|---|---|---|---|
| 12 | During the tax year, did the corporation have any non-shareholder debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt? | | X |
| | If "Yes," enter the amount of principal reduction .............. $ | | |
| 13 | During the tax year, was a qualified subchapter S subsidiary election terminated or revoked? If "Yes," see instructions | | X |
| 14a | Did the corporation make any payments in 2022 that would require it to file Form(s) 1099? | X | |
| b | If "Yes," did or will the corporation file required Form(s) 1099? | X | |
| 15 | Is the corporation attaching Form 8996 to certify as a Qualified Opportunity Fund? | | X |
| | If "Yes," enter the amount from Form 8996 , line 15 .............. $ | | |

## Schedule K  Shareholders' Pro Rata Share Items

| | | | Total amount |
|---|---|---|---|
| **Income (Loss)** | 1 Ordinary business income (loss) (page 1, line 21) | 1 | −764,395. |
| | 2 Net rental real estate income (loss) (attach Form 8825) | 2 | |
| | 3a Other gross rental income (loss) ................ 3a | | |
| | b Expenses from other rental activities (attach statement) ...... 3b | | |
| | c Other net rental income (loss). Subtract line 3b from line 3a | 3c | |
| | 4 Interest income                    STATEMENT 5 | 4 | 42. |
| | 5 Dividends:  a Ordinary dividends | 5a | |
| | b Qualified dividends ............ 5b | | |
| | 6 Royalties | 6 | |
| | 7 Net short-term capital gain (loss) (attach Schedule D (Form 1120-S)) | 7 | |
| | 8a Net long-term capital gain (loss) (attach Schedule D (Form 1120-S)) | 8a | |
| | b Collectibles (28%) gain (loss) ........ 8b | | |
| | c Unrecaptured section 1250 gain (attach statement) 8c | | |
| | 9 Net section 1231 gain (loss) (attach Form 4797) | 9 | |
| | 10 Other income (loss) (see instructions)   Type | 10 | |
| **Deductions** | 11 Section 179 deduction (attach Form 4562) | 11 | |
| | 12a Charitable contributions            STATEMENT 6 | 12a | 3,000. |
| | b Investment interest expense | 12b | |
| | c Section 59(e)(2) expenditures   Type | 12c | |
| | d Other deductions (see instructions)   Type | 12d | |
| **Credits** | 13a Low-income housing credit (section 42(j)(5)) | 13a | |
| | b Low-income housing credit (other) | 13b | |
| | c Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable) | 13c | |
| | d Other rental real estate credits (see instructions) Type | 13d | |
| | e Other rental credits (see instructions)   Type | 13e | |
| | f Biofuel producer credit (attach Form 6478) | 13f | |
| | g Other credits (see instructions)   Type | 13g | |
| **Inter-national** | 14 Attach Schedule K-2 (Form 1120-S), Shareholders' Pro Rata Share Items - International, and check this box to indicate you are reporting items of international tax relevance ☐ | | |
| **Alternative Minimum Tax (AMT) Items** | 15a Post-1986 depreciation adjustment | 15a | |
| | b Adjusted gain or loss | 15b | |
| | c Depletion (other than oil and gas) | 15c | |
| | d Oil, gas, and geothermal properties - gross income | 15d | |
| | e Oil, gas, and geothermal properties - deductions | 15e | |
| | f Other AMT items (attach statement) | 15f | |
| **Items Affecting Shareholder Basis** | 16a Tax-exempt interest income | 16a | |
| | b Other tax-exempt income | 16b | |
| | c Nondeductible expenses | 16c | |
| | d Distributions (attach statement if required) | 16d | |
| | e Repayment of loans from shareholders | 16e | |
| | f Foreign taxes paid or accrued | 16f | |

Form **1120-S** (2022)

## Schedule K — Shareholders' Pro Rata Share Items *(continued)*

| Other Information | | Total amount |
|---|---|---|
| **17a** Investment income | 17a | 42. |
| **b** Investment expenses | 17b | |
| **c** Dividend distributions paid from accumulated earnings and profits | 17c | |
| **d** Other items and amounts (att. stmt.)      STATEMENT 7 | | |

| Recon-ciliation | | |
|---|---|---|
| **18 Income (loss) reconciliation.** Combine the amounts on lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 16f | 18 | -767,353. |

## Schedule L — Balance Sheets per Books

| Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|
| **1** Cash | | 2,996,676. | | 1,906,958. |
| **2 a** Trade notes and accounts receivable | 7,832,412. | | 8,663,484. | |
| **b** Less allowance for bad debts | ( | 7,832,412. | ( ) | 8,663,484. |
| **3** Inventories | | | | |
| **4** U.S. government obligations | | | | |
| **5** Tax-exempt securities | | | | |
| **6** Other current assets (att. stmt.) | STATEMENT 8 | 44,346. | | 177,704. |
| **7** Loans to shareholders | | | | |
| **8** Mortgage and real estate loans | | | | |
| **9** Other investments (att. stmt.) | STATEMENT 9 | 347,646. | | 220,064. |
| **10 a** Buildings and other depreciable assets | 315,413. | | 358,210. | |
| **b** Less accumulated depreciation | 220,676. | 94,737. | 169,378. | 188,832. |
| **11 a** Depletable assets | | | | |
| **b** Less accumulated depletion | ( | ) | ( | ) |
| **12** Land (net of any amortization) | | | | |
| **13 a** Intangible assets (amortizable only) | | | 132,045. | |
| **b** Less accumulated amortization | | | 49,099. | 82,946. |
| **14** Other assets (att. stmt.) | STATEMENT 10 | 91,883. | | 71,133. |
| **15** Total assets | | 11,407,700. | | 11,311,121. |
| **Liabilities and Shareholders' Equity** | | | | |
| **16** Accounts payable | | 8,502,434. | | 9,181,977. |
| **17** Mortgages, notes, bonds payable in less than 1 year | | 336,103. | | 418,826. |
| **18** Other current liabilities (att. stmt.) | STATEMENT 11 | 563,729. | | 271,083. |
| **19** Loans from shareholders | | 566,912. | | 566,912. |
| **20** Mortgages, notes, bonds payable in 1 year or more | | 51,160. | | 141,089. |
| **21** Other liabilities (att. stmt.) | STATEMENT 12 | | | 29,473. |
| **22** Capital stock | | 1,250,709. | | 1,247,367. |
| **23** Additional paid-in capital | | | | |
| **24** Retained earnings | STATEMENT 13 | 136,653. | | -545,606. |
| **25** Adjustments to shareholders' equity (att. stmt.) | | | | |
| **26** Less cost of treasury stock | | ( ) | | ( ) |
| **27** Total liabilities and shareholders' equity | | 11,407,700. | | 11,311,121. |

Form **1120-S** (2022)

**Schedule M-1** Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note:** The corporation may be required to file Schedule M-3. See instructions.

| | | | | |
|---|---|---|---|---|
| 1 Net income (loss) per books | −682,259. | 5 Income recorded on books this year not included on Schedule K, lines 1 through 10 (itemize): | | |
| 2 Income included on Schedule K, lines 1, 2, 3c, 4, 5a, 6, 7, 8a, 9, and 10, not recorded on books this year (itemize): | | a Tax-exempt interest $ STMT 15  57,964. | 57,964. | |
| 3 Expenses recorded on books this year not included on Schedule K, lines 1 through 12 and 16f (itemize): | | 6 Deductions included on Schedule K, lines 1 through 12 and 16f, not charged against book income this year (itemize): | | |
| a Depreciation $ | | a Depreciation $  34,237. | | |
| b Travel and entertainment $ STMT 14  15,348. | 15,348. | STMT 16  8,241. | 42,478. | |
| | | 7 Add lines 5 and 6 | 100,442. | |
| 4 Add lines 1 through 3 | −666,911. | 8 Income (loss) (Schedule K, line 18). Subtract line 7 from line 4 | −767,353. | |

**Schedule M-2** Analysis of Accumulated Adjustments Account, Shareholders' Undistributed Taxable Income Previously Taxed, Accumulated Earnings and Profits, and Other Adjustments Account (see instrs.)

| | (a) Accumulated adjustments account | (b) Shareholders' undistributed taxable income previously taxed | (c) Accumulated earnings and profits | (d) Other adjustments account |
|---|---|---|---|---|
| 1 Balance at beginning of tax year | 426,578. | | | −101,760. |
| 2 Ordinary income from page 1, line 21 | | | | |
| 3 Other additions  STATEMENT 17 | 42. | | | |
| 4 Loss from page 1, line 21 | ( 764,395. ) | | | |
| 5 Other reductions  STATEMENT 18 | ( 3,000. ) | | | ( ) |
| 6 Combine lines 1 through 5 | −340,775. | | | −101,760. |
| 7 Distributions | | | | |
| 8 Balance at end of tax year. Subtract line 7 from line 6 | −340,775. | | | −101,760. |

Form **1120-S** (2022)

211732
12-09-22

Form **1125-A**

(Rev. November 2018)

Department of the Treasury
Internal Revenue Service

# Cost of Goods Sold

▶ **Attach to Form 1120, 1120-C, 1120-F, 1120S, or 1065.**

▶ **Go to www.irs.gov/Form1125A for the latest information.**

OMB No. 1545-0123

Name

MIG EAST, LLC

Employer Identification number

■■■■■■■■■

| | | |
|---|---|---:|
| 1 | Inventory at beginning of year | |
| 2 | Purchases | 1,760,774. |
| 3 | Cost of labor | 1,449,327. |
| 4 | Additional section 263A costs (attach schedule) | |
| 5 | Other costs (attach schedule) **SEE STATEMENT 19** | 24,436,347. |
| 6 | **Total.** Add lines 1 through 5 | 27,646,448. |
| 7 | Inventory at end of year | |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on Form 1120, page 1, line 2 or the appropriate line of your tax return. See instructions | 27,646,448. |

**9 a** Check all methods used for valuing closing inventory:

   (i) ☐ Cost

   (ii) ☐ Lower of cost or market

   (iii) ☐ Other (Specify method used and attach explanation) ▶ _____

   **b** Check if there was a writedown of subnormal goods ........................................................................ ▶ ☐

   **c** Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) ............. ▶ ☐

   **d** If the LIFO inventory method was used for this tax year, enter amount of closing inventory computed
      under LIFO ........................................................................ **9d** | |

   **e** If property is produced or acquired for resale, do the rules of Section 263A apply to the entity? See instructions ............. ☐ Yes ☒ No

   **f** Was there any change in determining quantities, cost, or valuations between opening and closing inventory? ............. ☐ Yes ☒ No
      If "Yes," attach explanation.

For Paperwork Reduction Act Notice, see separate instructions.

Form **1125-A** (Rev. 11-2018)

224441
04-01-22    LHA

# Net Income (Loss) Reconciliation for S Corporations With Total Assets of $10 Million or More

OMB No. 1545-0123

▶ **Attach to Form 1120-S.**

▶ **Go to www.irs.gov/Form1120S for instructions and the latest information.**

Name of corporation

MIG EAST, LLC

Employer identification number

██████████

## Part I — Financial Information and Net Income (Loss) Reconciliation (see instructions)

**1a** Did the corporation prepare a certified audited non-tax-basis income statement for the period ending with or within this tax year?

See instructions if multiple non-tax-basis income statements are prepared.

☐ **Yes.** Skip line 1b and complete lines 2 through 11 with respect to that income statement.

☒ **No.** Go to line 1b.

**b** Did the corporation prepare a non-tax-basis income statement for that period?

☒ **Yes.** Complete lines 2 through 11 with respect to that income statement.

☐ **No.** Skip lines 2 through 3b and enter the corporation's net income (loss) per its books and records on line 4a.

**2** Enter the income statement period: Beginning 01/01/2022 Ending 12/31/2022

**3a** Has the corporation's income statement been restated for the income statement period on line 2?

☐ **Yes.** If "Yes," attach an explanation and the amount of each item restated.

☒ **No.**

**b** Has the corporation's income statement been restated for any of the five income statement periods immediately preceding the period on line 2?

☐ **Yes.** If "Yes," attach an explanation and the amount of each item restated.

☒ **No.**

| | | |
|---|---|---|
| **4a** Worldwide consolidated net income (loss) from income statement source identified in Part I, line 1 | **4a** | −682,259. |
| **b** Indicate accounting standard used for line 4a (see instructions): | | |
| (1) ☒ GAAP (2) ☐ IFRS (3) ☐ Tax-basis (4) ☐ Other (specify) _____ | | |
| **5a** Net income from nonincludible foreign entities (attach statement) | **5a** | ( ) |
| **b** Net loss from nonincludible foreign entities (attach statement and enter as a positive amount) | **5b** | |
| **6a** Net income from nonincludible U.S. entities (attach statement) | **6a** | ( ) |
| **b** Net loss from nonincludible U.S. entities (attach statement and enter as a positive amount) | **6b** | |
| **7a** Net income (loss) of other foreign disregarded entities (attach statement) | **7a** | |
| **b** Net income (loss) of other U.S. disregarded entities (except qualified subchapter S subsidiaries) (attach stmt.) | **7b** | |
| **c** Net income (loss) of other qualified subchapter S subsidiaries (QSubs) (attach statement) | **7c** | |
| **8** Adjustment to eliminations of transactions between includible entities and nonincludible entities (attach statement) | **8** | |
| **9** Adjustment to reconcile income statement period to tax year (attach statement) | **9** | |
| **10** Other adjustments to reconcile to amount on line 11 (attach statement) | **10** | |
| **11** **Net income (loss) per income statement of the corporation.** Combine lines 4 through 10 | **11** | −682,259. |

**Note:** Part I, line 11, must equal Part II, line 26, column (a); or Schedule M-1, line 1. See instructions.

**12** Enter the total amount (not just the corporation's share) of the assets and liabilities of all entities included or removed on the following lines:

| | Total Assets | Total Liabilities |
|---|---|---|
| **a** Included on Part I, line 4 | 11,311,121. | 10,609,360. |
| **b** Removed on Part I, line 5 | | |
| **c** Removed on Part I, line 6 | | |
| **d** Included on Part I, line 7 | | |

For Paperwork Reduction Act Notice, see the Instructions for Form 1120-S.

211735 04-01-20

Schedule M-3 (Form 1120-S) (Rev. 12-2019)

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 83 of 133

09550427  147228  54963        2022.03040 MIG EAST, LLC        54963__1

| Name of corporation | Employer identification number |
|---|---|
| MIG EAST, LLC | ███████████ |

**Part II** | **Reconciliation of Net Income (Loss) per Income Statement of the Corporation With Total Income (Loss) per Return** (see instructions)

| Income (Loss) Items (attach statements for lines 1 through 10) | (a) Income (Loss) per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Income (Loss) per Tax Return |
|---|---|---|---|---|
| 1 Income (loss) from equity method foreign corporations | | | | |
| 2 Gross foreign dividends not previously taxed | | | | |
| 3 Subpart F, QEF, and similar income inclusions | | | | |
| 4 Gross foreign distributions previously taxed | | | | |
| 5 Income (loss) from equity method U.S. corporations | | | | |
| 6 U.S. dividends not eliminated in tax consolidation | | | | |
| 7 Income (loss) from U.S. partnerships STMT 20 | 365,772. | -57,964. | | 307,808. |
| 8 Income (loss) from foreign partnerships | | | | |
| 9 Income (loss) from other pass-through entities | | | | |
| 10 Items relating to reportable transactions | | | | |
| 11 Interest income (see instructions) | | | | |
| 12 Total accrual to cash adjustment | | | | |
| 13 Hedging transactions | | | | |
| 14 Mark-to-market income (loss) | | | | |
| 15 Cost of goods sold (see instructions) | (27,646,448.) | | | (27,646,448.) |
| 16 Sale versus lease (for sellers and/or lessors) | | | | |
| 17 Section 481(a) adjustments | | | | |
| 18 Unearned/deferred revenue | | | | |
| 19 Income recognition from long-term contracts | | | | |
| 20 Original issue discount and other imputed interest | | | | |
| 21a Income statement gain/loss on sale, exchange, abandonment, worthlessness, or other disposition of assets other than inventory and pass-through entities | | | | |
| b Gross capital gains from Schedule D, excluding amounts from pass-through entities | | | | |
| c Gross capital losses from Schedule D, excluding amounts from pass-through entities, abandonment losses, and worthless stock losses | | | | |
| d Net gain/loss reported on Form 4797, line 17, excluding amounts from pass-through entities, abandonment losses, and worthless stock losses | | | | |
| e Abandonment losses | | | | |
| f Worthless stock losses (attach statement) | | | | |
| g Other gain/loss on disposition of assets other than inventory | | | | |
| 22 Other income (loss) items with differences (attach statement) | | | | |
| 23 Total income (loss) items. Combine lines 1 through 22 | -27,280,676. | -57,964. | | -27,338,640. |
| 24 Total expense/deduction items (from Part III, line 32) | -184,141. | -27,130. | | -211,271. |
| 25 Other items with no differences STMT 21 | 26,782,558. | | | 26,782,558. |
| 26 Reconciliation totals. Combine lines 23 through 25 | -682,259. | -85,094. | | -767,353. |

**Note:** Line 26, column (a), must equal Part I, line 11, and column (d) must equal Form 1120-S, Schedule K, line 18.

Schedule M-3 (Form 1120-S) (Rev. 12-2019)

| Name of corporation | Employer identification number |
|---|---|
| MIG EAST, LLC | ▮▮▮▮▮▮▮▮ |

**Part III** **Reconciliation of Net Income (Loss) per Income Statement of the Corporation With Total Income (Loss) per Return - Expense/Deduction Items** (see instructions)

| | Expense/Deduction Items | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|---|
| 1 | U.S. current income tax expense | | | | |
| 2 | U.S. deferred income tax expense | | | | |
| 3 | State and local current income tax expense | | | | |
| 4 | State and local deferred income tax expense | | | | |
| 5 | Foreign current income tax expense (other than foreign withholding taxes) | | | | |
| 6 | Foreign deferred income tax expense | | | | |
| 7 | Equity-based compensation | | | | |
| 8 | Meals and entertainment | | | | |
| 9 | Fines and penalties | | | | |
| 10 | Judgments, damages, awards, and similar costs | | | | |
| 11 | Pension and profit-sharing | | | | |
| 12 | Other post-retirement benefits | | | | |
| 13 | Deferred compensation | | | | |
| 14 | Charitable contribution of cash and tangible property STMT 23 | 3,000. | | | 3,000. |
| 15 | Charitable contribution of intangible property | | | | |
| 16 | Current year acquisition or reorganization investment banking fees | | | | |
| 17 | Current year acquisition or reorganization legal and accounting fees | | | | |
| 18 | Current year acquisition/ reorganization other costs | | | | |
| 19 | Amortization/impairment of goodwill | | | | |
| 20 | Amortization of acquisition, reorganization, and start-up costs | | | | |
| 21 | Other amortization or impairment write-offs | | | | |
| 22 | Reserved | | | | |
| 23a | Depletion - Oil & Gas | | | | |
| b | Depletion - Other than Oil & Gas | | | | |
| 24 | Depreciation | 31,474. | 34,237. | | 65,711. |
| 25 | Bad debt expense STMT 24 | 13,631. | | | 13,631. |
| 26 | Interest expense (see instructions) | 22,336. | | | 22,336. |
| 27 | Corporate-owned life insurance premiums | | | | |
| 28 | Purchase versus lease (for purchasers and/or lessees) | | | | |
| 29 | Research and development costs | | | | |
| 30 | Section 118 exclusion (attach statement) | | | | |
| 31 | Other expense/deduction items with differences (attach statement) STMT 25 | 113,700. | -7,107. | | 106,593. |
| 32 | **Total expense/deduction items.** Combine lines 1 through 31. Enter here and on Part II, line 24, reporting positive amounts as negative and negative amounts as positive | 184,141. | 27,130. | | 211,271. |

Schedule M-3 (Form 1120-S) (Rev. 12-2019)

# Depreciation and Amortization
### (Including Information on Listed Property)    OTHER

**Attach to your tax return.**

**Go to www.irs.gov/Form4562 for instructions and the latest information.**

OMB No. 1545-0172

**2022**

Attachment
Sequence No. **179**

Department of the Treasury
Internal Revenue Service

Name(s) shown on return: **MIG EAST, LLC**

Business or activity to which this form relates: **OTHER DEPRECIATION**

Identifying number

## Part I    Election To Expense Certain Property Under Section 179   Note: If you have any listed property, complete Part V before you complete Part I.

| | | |
|---|---|---|
| 1 | Maximum amount (see instructions) | **1** | 1,080,000. |
| 2 | Total cost of section 179 property placed in service (see instructions) | **2** | |
| 3 | Threshold cost of section 179 property before reduction in limitation | **3** | 2,700,000. |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | **4** | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | **5** | |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| | | |
|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | **7** | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | **8** | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | **9** | |
| 10 | Carryover of disallowed deduction from line 13 of your 2021 Form 4562 | **10** | |
| 11 | Business income limitation. Enter the **smaller** of business income (not less than zero) or line 5 | **11** | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | **12** | |
| 13 | Carryover of disallowed deduction to 2023. Add lines 9 and 10, less line 12 | **13** | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

## Part II    Special Depreciation Allowance and Other Depreciation (Don't include listed property.)

| | | |
|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year | **14** | 59,753. |
| 15 | Property subject to section 168(f)(1) election | **15** | |
| 16 | Other depreciation (including ACRS) | **16** | |

## Part III    MACRS Depreciation (Don't include listed property. See instructions.)

### Section A

| | | |
|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2022 | **17** | 5,958. |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ☐ | | |

### Section B - Assets Placed in Service During 2022 Tax Year Using the General Depreciation System

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only - see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a  3-year property | | | | | | |
| b  5-year property | | | | | | |
| c  7-year property | | | | | | |
| d  10-year property | | | | | | |
| e  15-year property | | | | | | |
| f  20-year property | | | | | | |
| g  25-year property | | | 25 yrs. | | S/L | |
| h  Residential rental property | / | | 27.5 yrs. | MM | S/L | |
| | / | | 27.5 yrs. | MM | S/L | |
| i  Nonresidential real property | / | | 39 yrs. | MM | S/L | |
| | / | | | MM | S/L | |

### Section C - Assets Placed in Service During 2022 Tax Year Using the Alternative Depreciation System

| | | | | | | |
|---|---|---|---|---|---|---|
| 20a  Class life | | | | | S/L | |
| b  12-year | | | 12 yrs. | | S/L | |
| c  30-year | | | 30 yrs. | MM | S/L | |
| d  40-year | / | | 40 yrs. | MM | S/L | |

## Part IV    Summary (See instructions.)

| | | |
|---|---|---|
| 21 | Listed property. Enter amount from line 28 | **21** | |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instr. | **22** | 65,711. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | **23** | |

| Part V | Listed Property (Include automobiles, certain other vehicles, certain aircraft, and property used for entertainment, recreation, or amusement.) |
|---|---|

**Note:** For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete **only** 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.

**Section A - Depreciation and Other Information (Caution:** See the instructions for limits for passenger automobiles.**)**

| 24a Do you have evidence to support the business/investment use claimed? | [X] Yes [ ] No | 24b If "Yes," is the evidence written? | [X] Yes [ ] No |
|---|---|---|---|

| (a)<br>Type of property<br>(list vehicles first) | (b)<br>Date<br>placed in<br>service | (c)<br>Business/<br>investment<br>use percentage | (d)<br>Cost or<br>other basis | (e)<br>Basis for depreciation<br>(business/investment<br>use only) | (f)<br>Recovery<br>period | (g)<br>Method/<br>Convention | (h)<br>Depreciation<br>deduction | (i)<br>Elected<br>section 179<br>cost |
|---|---|---|---|---|---|---|---|---|
| **25** Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use ............................................................... | | | | | **25** | | | |
| **26** Property used more than 50% in a qualified business use: | | | | | | | | |
| SEE STATEMENT 27 | : : | % | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| **27** Property used 50% or less in a qualified business use: | | | | | | | | |
| | : : | % | | | | S/L - | | |
| | : : | % | | | | S/L - | | |
| | : : | % | | | | S/L - | | |
| **28** Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 | | | | | **28** | | | |
| **29** Add amounts in column (i), line 26. Enter here and on line 7, page 1 ............................................. | | | | | | | **29** | |

**Section B - Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other "more than 5% owner," or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a)<br>Vehicle | (b)<br>Vehicle | (c)<br>Vehicle | (d)<br>Vehicle | (e)<br>Vehicle | (f)<br>Vehicle |
|---|---|---|---|---|---|---|
| **30** Total business/investment miles driven during the year (**don't** include commuting miles) ............. | | | | | | |
| **31** Total commuting miles driven during the year ... | | | | | | |
| **32** Total other personal (noncommuting) miles driven ........................................... | | | | | | |
| **33** Total miles driven during the year. Add lines 30 through 32 ............................ | | | | | | |
| **34** Was the vehicle available for personal use during off-duty hours? | Yes No | Yes No | Yes No | Yes No | Yes No | Yes No |
| **35** Was the vehicle used primarily by a more than 5% owner or related person? ............... | | | | | | |
| **36** Is another vehicle available for personal use? ...................................... | | | | | | |

**Section C - Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **aren't** more than 5% owners or related persons.

| | Yes | No |
|---|---|---|
| **37** Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? | | |
| **38** Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners ............. | | |
| **39** Do you treat all use of vehicles by employees as personal use? | | |
| **40** Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? ............................ | | |
| **41** Do you meet the requirements concerning qualified automobile demonstration use? | | |

**Note:** If your answer to 37, 38, 39, 40, or 41 is "Yes," don't complete Section B for the covered vehicles.

| Part VI | Amortization |
|---|---|

| (a)<br>Description of costs | (b)<br>Date amortization<br>begins | (c)<br>Amortizable<br>amount | (d)<br>Code<br>section | (e)<br>Amortization<br>period or percentage | (f)<br>Amortization<br>for this year |
|---|---|---|---|---|---|
| **42** Amortization of costs that begins during your 2022 tax year: | | | | | |
| | : : | | | | |
| | : : | | | | |
| **43** Amortization of costs that began before your 2022 tax year ............................ | | | **43** | | |
| **44** **Total.** Add amounts in column (f). See the instructions for where to report | | | **44** | | |

# Supplemental Attachment to Schedule M-3

▶ **Attach to Schedule M-3 for Form 1065, 1120, 1120-L, 1120-PC, or 1120-S.**
▶ **Go to www.irs.gov/Form1120 for the latest information.**

OMB No. 1545-0123

| Name of common parent | Employer identification number |
|---|---|
| MIG EAST, LLC | 38-3527400 |
| Name of subsidiary | Employer identification number |

## Part I    Cost of Goods Sold

| Cost of Goods Sold Items | (a)<br>Expense per<br>Income Statement | (b)<br>Temporary<br>Difference | (c)<br>Permanent<br>Difference | (d)<br>Deduction per<br>Tax Return |
|---|---|---|---|---|
| **1** Amounts attributable to cost flow assumptions | | | | |
| **2** Amounts attributable to: | | | | |
| **a** Stock option expense | | | | |
| **b** Other equity-based compensation | | | | |
| **c** Meals and entertainment | | | | |
| **d** Parachute payments | | | | |
| **e** Compensation with section 162(m) limitation | | | | |
| **f** Pension and profit sharing | | | | |
| **g** Other post-retirement benefits | | | | |
| **h** Deferred compensation | | | | |
| **i** Reserved | | | | |
| **j** Amortization | | | | |
| **k** Depletion | | | | |
| **l** Depreciation | | | | |
| **m** Corporate-owned life insurance premiums | | | | |
| **n** Other section 263A costs | | | | |
| **3** Inventory shrinkage accruals | | | | |
| **4** Excess inventory and obsolescence reserves | | | | |
| **5** Lower of cost or market write-downs | | | | |
| **6** Other items with differences (attach statement)<br>SEE STATEMENT 28 | | | | |
| **7** Other items with no differences | 27,646,448. | | | 27,646,448. |
| **8** **Total cost of goods sold.** Add lines 1 through 7 in columns a, b, c, and d. Enter totals on the applicable Schedule M-3. See instructions | 27,646,448. | | | 27,646,448. |

LHA    **For Paperwork Reduction Act Notice, see instructions.**

Form **8916-A** (Rev. 11-2019)

213315
04-01-22

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 88 of 133
09550427  147228  54963                         2022.03040 MIG EAST, LLC                    54963__1

| Part II | Interest Income |
|---------|-----------------|

| Interest Income Item | (a)<br>Income (Loss) per<br>Income Statement | (b)<br>Temporary<br>Difference | (c)<br>Permanent<br>Difference | (d)<br>Income (Loss) per<br>Tax Return |
|---|---|---|---|---|
| 1 Tax-exempt interest income | | | | |
| 2 Interest income from hybrid securities | | | | |
| 3 Sale/lease interest income | | | | |
| 4a Intercompany interest income - From outside tax affiliated group | | | | |
| 4b Intercompany interest income - From tax affiliated group | | | | |
| 5 Other interest income | | | | |
| 6 Total interest income. Add lines 1 through 5 in columns a, b, c, and d. Enter total on the applicable Schedule M-3. See instructions. | | | | |

| Part III | Interest Expense |
|----------|------------------|

| Interest Expense Item | (a)<br>Expense per<br>Income Statement | (b)<br>Temporary<br>Difference | (c)<br>Permanent<br>Difference | (d)<br>Deduction per<br>Tax Return |
|---|---|---|---|---|
| 1 Interest expense from hybrid securities | | | | |
| 2 Lease/purchase interest expense | | | | |
| 3a Intercompany interest expense - Paid to outside tax affiliated group | | | | |
| 3b Intercompany interest expense - Paid to tax affiliated group | | | | |
| 4 Other interest expense　　STMT 29 | 22,336. | | | 22,336. |
| 5 Total interest expense. Add lines 1 through 4 in columns a, b, c, and d. Enter total on the applicable Schedule M-3. See instructions. | 22,336. | | | 22,336. |

Form **8916-A** (Rev. 11-2019)

MIG EAST, LLC

# Qualified Business Income (Section 199A)

| SSTB | PTP | Description | EIN | Ordinary Business Income (Loss) | Rental Income (Loss) | Royalty Income (Loss) | Section 1231 Gain (Loss) | Other Income (Loss) | Section 179 Deduction |
|------|-----|-------------|-----|-------------------------------|---------------------|----------------------|-------------------------|--------------------|----------------------|
| | | TRADE OR BUSINESS | | -1,072,161. | | | | | |
| | | TOTAL | | -1,072,161. | | | | | |

| SSTB | PTP | Description | Other Deductions | W-2 Wages | Unadjusted Basis of Assets | Cooperative | | Reserved | Reserved |
|------|-----|-------------|------------------|-----------|---------------------------|-------------|-----------|----------|----------|
| | | | | | | Qualified Business Income | W-2 Wages | | |
| | | TRADE OR BUSINESS | | 2,439,405. | 346,497. | | | | |
| | | TOTAL | | 2,439,405. | 346,497. | | | | |

Qualified REIT dividends .................

214821 04-01-22

```
COLASANTI/MIG JOINT VENTURE
422 W. CONGRESS, SUITE 400
DETROIT, MI 48226
I.D. NUMBER ███████████
TYPE:PARTNERSHIP


INCOME:

  ORDINARY INCOME (LOSS)                                307,766
  INTEREST                                                   42
```

MIG EAST, LLC

===============================================================================

FORM 1120S       ORDINARY INCOME (LOSS) OTHER PARTNERSHIPS, ETC.   STATEMENT 1

===============================================================================

| NAME AND ADDRESS | EMPLOYER ID | AMOUNT |
|---|---|---|
| COLASANTI/MIG JOINT VENTURE<br>422 W. CONGRESS, SUITE 400<br>DETROIT, MI 48226 | 38-3991699 | 307,766. |
| TOTAL INCLUDED IN FORM 1120S, PAGE 1, LINE 5 | | 307,766. |

===============================================================================

FORM 1120S                     OTHER INCOME                    STATEMENT 2

===============================================================================

| DESCRIPTION | AMOUNT |
|---|---|
| ORDINARY INCOME (LOSS) FROM PASSTHROUGH ENTITIES | 307,766. |
| TOTAL TO FORM 1120S, PAGE 1, LINE 5 | 307,766. |

===============================================================================

FORM 1120S                  TAXES AND LICENSES                 STATEMENT 3

===============================================================================

| DESCRIPTION | AMOUNT |
|---|---|
| GENERAL TAXES & LICENSES | 11,694. |
| PAYROLL TAXES | 73,936. |
| TOTAL TO FORM 1120S, PAGE 1, LINE 12 | 85,630. |

| FORM 1120S | OTHER DEDUCTIONS | STATEMENT 4 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| COMPUTER SUPPLIES | 2,594. |
| DELIVERY EXPENSES | 357. |
| DUES & SUBSCRIPTIONS | 1,027. |
| EMPLOYEE EDUCATION | 5,467. |
| INSURANCE | 153,956. |
| LOSS ON DISPOSAL | 8,862. |
| MISC EXPENSE | 8,205. |
| OFFICE EXPENSE | 18,557. |
| OFFICER LIFE INSURANCE | |
| PROFESSIONAL FEES | 34,819. |
| RECRUITING EXPENSES | 12,021. |
| RESTAURANT MEALS | 52,395. |
| SUBCONTRACT SERVICES | 83,849. |
| SUPPLIES | 16,766. |
| TELEPHONE & UTILITIES | 25,205. |
| TRAVEL EXPENSES | 22,993. |
| VEHICLE EXPENSES | 26,685. |
| VEHICLE LEASE | 28,466. |
| TOTAL TO FORM 1120S, PAGE 1, LINE 19 | 502,224. |

| SCHEDULE K | INTEREST INCOME | STATEMENT 5 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| INTEREST FROM COLASANTI/MIG JOINT VENTURE | 42. |
| TOTAL TO SCHEDULE K, LINE 4 | 42. |

| SCHEDULE K | CHARITABLE CONTRIBUTIONS | STATEMENT 6 |
|---|---|---|

| DESCRIPTION | NO LIMIT | 50%, 60% OR 100% LIMIT | 30% LIMIT | 20% LIMIT |
|---|---|---|---|---|
| CASH CHARITABLE CONTRIBUTIONS (60%) | | 3,000. | | |
| TOTALS TO SCHEDULE K, LINE 12A | | 3,000. | | |

```
SCHEDULE K                OTHER ITEMS, LINE 17D              STATEMENT 7
```

| DESCRIPTION | AMOUNT |
|---|---|
| SECTION 199A - ORDINARY INCOME (LOSS) | -1,072,161. |
| SECTION 199A - W-2 WAGES | 2,439,405. |
| SECTION 199A - UNADJUSTED BASIS OF ASSETS | 346,497. |

```
SCHEDULE L                OTHER CURRENT ASSETS             STATEMENT 8
```

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| COSTS AND EARNINGS IN EXCESS OF BILLING | 20,299. | 7,792. |
| DEPOSITS | 5,597. | 1,871. |
| OTHER RECEIVABLES | | 168,041. |
| RELATED PARTY RECEIVABLES | 18,450. | 0. |
| TOTAL TO SCHEDULE L, LINE 6 | 44,346. | 177,704. |

```
SCHEDULE L                OTHER INVESTMENTS                STATEMENT 9
```

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| INVESTMENT IN JV | 347,646. | 220,064. |
| TOTAL TO SCHEDULE L, LINE 9 | 347,646. | 220,064. |

```
SCHEDULE L                OTHER ASSETS                    STATEMENT 10
```

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| OFFICER RECEIVABLE | 91,883. | 71,133. |
| TOTAL TO SCHEDULE L, LINE 14 | 91,883. | 71,133. |

MIG EAST, LLC ███████████

SCHEDULE L                OTHER CURRENT LIABILITIES               STATEMENT 11

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| ACCRUED & WITHHELD PAYROLL TAXES | 19,319. | 11,848. |
| ACCRUED 401K | 3,902. | 3,423. |
| ACCRUED WAGES | 36,773. | 25,393. |
| BILLINGS IN EXCESS OF COSTS AND EARNINGS | 499,068. | 181,681. |
| OTHER CURRENT LIABILITIES | 4,667. | 48,738. |
| TOTAL TO SCHEDULE L, LINE 18 | 563,729. | 271,083. |

SCHEDULE L                    OTHER LIABILITIES                   STATEMENT 12

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| LEASE LIABILITIES | | 29,473. |
| TOTAL TO SCHEDULE L, LINE 21 | | 29,473. |

SCHEDULE L        ANALYSIS OF TOTAL RETAINED EARNINGS PER BOOKS      STATEMENT 13

| DESCRIPTION | AMOUNT |
|---|---|
| BALANCE AT BEGINNING OF YEAR | 136,653. |
| NET INCOME PER BOOKS | -682,259. |
| DISTRIBUTIONS | 0. |
| OTHER INCREASES (DECREASES) | |
| BALANCE AT END OF YEAR - SCHEDULE L, LINE 24, COLUMN (D) | -545,606. |

SCHEDULE M-1           EXPENSES RECORDED ON BOOKS THIS YEAR          STATEMENT 14
                          NOT INCLUDED ON SCHEDULE K

| DESCRIPTION | AMOUNT |
|---|---|
| OFFICER LIFE INSURANCE | 15,348. |
| TOTAL TO SCHEDULE M-1, LINE 3 | 15,348. |

MIG EAST, LLC                                                          3▮▮▮▮▮▮

---

| SCHEDULE M-1 | INCOME RECORDED ON BOOKS THIS YEAR<br>NOT INCLUDED ON SCHEDULE K | STATEMENT 15 |

---

| DESCRIPTION | AMOUNT |
| --- | --- |
| DOMESTIC PARTNERSHIP | 57,964. |
| TOTAL TO SCHEDULE M-1, LINE 5 | 57,964. |

---

| SCHEDULE M-1 | DEDUCTIONS ON SCHEDULE K<br>NOT CHARGED AGAINST BOOK INCOME THIS YEAR | STATEMENT 16 |

---

| DESCRIPTION | AMOUNT |
| --- | --- |
| RENT EXPENSE | 8,241. |
| TOTAL TO SCHEDULE M-1, LINE 6 | 8,241. |

---

| SCHEDULE M-2  ACCUMULATED ADJUSTMENTS ACCOUNT - OTHER ADDITIONS | STATEMENT 17 |

---

| DESCRIPTION | AMOUNT |
| --- | --- |
| PORTFOLIO INTEREST INCOME | 42. |
| TOTAL TO SCHEDULE M-2, LINE 3 - COLUMN (A) | 42. |

---

| SCHEDULE M-2  ACCUMULATED ADJUSTMENTS ACCOUNT- OTHER REDUCTIONS | STATEMENT 18 |

---

| DESCRIPTION | AMOUNT |
| --- | --- |
| CHARITABLE CONTRIBUTIONS | 3,000. |
| TOTAL TO SCHEDULE M-2, LINE 5 - COLUMN (A) | 3,000. |

```
FORM 1125-A                    OTHER COSTS                    STATEMENT 19
```

| DESCRIPTION | AMOUNT |
|-------------|--------|
| OUTSIDE SERVICES | 24,436,347. |
| TOTAL TO LINE 5 | 24,436,347. |

```
SCHEDULE M-3          INCOME (LOSS) FROM U.S. PARTNERSHIPS          STATEMENT 20
```

NAME

| EIN | END OF YEAR PERCENTAGE | | INCOME (LOSS) PER INCOME STATEMENT | TEMPORARY DIFFERENCE | PERMANENT DIFFERENCE | INCOME (LOSS) PER TAX RETURN |
|-----|------------------|-------------|--------|-----------|-----------|-------|
| | PROFIT-SHARING | LOSS-SHARING | | | | |
| COLASANTI/MIG JOINT VENTURE | | | | | | |
| 38-3991699 | | | 365,772. | -57,964. | 0. | 307,808. |
| TOTALS | | | 365,772. | -57,964. | 0. | 307,808. |

```
SCHEDULE M-3      OTHER INCOME (LOSS) AND EXPENSE / DEDUCTION      STATEMENT 21
                           ITEMS WITH NO DIFFERENCES
```

| DESCRIPTION | PER INCOME STATEMENT | PER TAX RETURN |
|-------------|---------------------|----------------|
| OTHER INCOME (LOSS) - SEE STATEMENT | 28,642,189. | 28,642,189. |
| OTHER EXPENSE / DEDUCTION - SEE STATEMENT | -1,859,631. | -1,859,631. |
| TOTAL TO SCHEDULE M-3, PART II, LINE 25 | 26,782,558. | 26,782,558. |

```
SCHEDULE M-3      OTHER INCOME (LOSS) ITEMS WITH NO DIFFERENCES      STATEMENT 22
```

| DESCRIPTION | INCOME (LOSS) PER INCOME STATEMENT | INCOME (LOSS) PER TAX RETURN |
|-------------|-----------------------------------|------------------------------|
| SALES | 28,642,189. | 28,642,189. |
| TOTAL TO SCHEDULE M-3, PART II, LINE 25 | 28,642,189. | 28,642,189. |

MIG EAST, LLC

SCHEDULE M-3            CHARITABLE CONTRIBUTION OF CASH        STATEMENT 23
AND TANGIBLE PROPERTY

| DESCRIPTION | EXPENSE/ DEDUCTION PER INCOME STATEMENT | TEMPORARY DIFFERENCE | PERMANENT DIFFERENCE | EXPENSE/ DEDUCTION PER TAX RETURN |
|---|---|---|---|---|
| CASH CHARITABLE CONTRIBUTIONS (60%) | 3,000. | | 0. | 3,000. |
| TOTAL | 3,000. | | 0. | 3,000. |

SCHEDULE M-3            BAD DEBT EXPENSE        STATEMENT 24

| DESCRIPTION | EXPENSE PER INCOME STATEMENT | TEMPORARY DIFFERENCE | PERMANENT DIFFERENCE | DEDUCTION PER TAX RETURN |
|---|---|---|---|---|
| BAD DEBTS FROM TRADE OR BUSINESS | 13,631. | | 0. | 13,631. |
| TOTAL | 13,631. | | 0. | 13,631. |

SCHEDULE M-3      OTHER EXPENSE/DEDUCTION ITEMS WITH DIFFERENCES    STATEMENT 25

| DESCRIPTION | EXPENSE/ DEDUCTION PER INCOME STATEMENT | TEMPORARY DIFFERENCE | PERMANENT DIFFERENCE | EXPENSE/ DEDUCTION PER TAX RETURN |
|---|---|---|---|---|
| OFFICER LIFE INSURANCE | 15,348. | -15,348. | 0. | 0. |
| RENT EXPENSE | 98,352. | 8,241. | 0. | 106,593. |
| TOTAL TO M-3, PART III, LINE 31 | 113,700. | -7,107. | 0. | 106,593. |

MIG EAST, LLC ████████

| DESCRIPTION | EXPENSE/ DEDUCTION PER INCOME STATEMENT | EXPENSE/ DEDUCTION PER TAX RETURN |
|---|---:|---:|
| ADVERTISING | 42. | 42. |
| COMPUTER SUPPLIES | 2,594. | 2,594. |
| DELIVERY EXPENSES | 357. | 357. |
| DUES & SUBSCRIPTIONS | 1,027. | 1,027. |
| EMPLOYEE BENEFIT PROGRAMS | 190,472. | 190,472. |
| EMPLOYEE EDUCATION | 5,467. | 5,467. |
| GENERAL TAXES & LICENSES | 11,694. | 11,694. |
| INSURANCE | 153,956. | 153,956. |
| LOSS ON DISPOSAL | 8,862. | 8,862. |
| MISC EXPENSE | 8,205. | 8,205. |
| OFFICE EXPENSE | 18,557. | 18,557. |
| PAYROLL TAXES | 73,936. | 73,936. |
| PROFESSIONAL FEES | 34,819. | 34,819. |
| RECRUITING EXPENSES | 12,021. | 12,021. |
| REPAIRS | 91,185. | 91,185. |
| RESTAURANT MEALS | 52,395. | 52,395. |
| SALARIES AND WAGES | 990,078. | 990,078. |
| SUBCONTRACT SERVICES | 83,849. | 83,849. |
| SUPPLIES | 16,766. | 16,766. |
| TELEPHONE & UTILITIES | 25,205. | 25,205. |
| TRAVEL EXPENSES | 22,993. | 22,993. |
| VEHICLE EXPENSES | 26,685. | 26,685. |
| VEHICLE LEASE | 28,466. | 28,466. |
| TOTAL TO SCHEDULE M-3, PART II, LINE 25 | 1,859,631. | 1,859,631. |

MIG EAST, LLC

---

FORM 4562           LISTED PROPERTY INFORMATION-MORE THAN 50%      STATEMENT 27

| (A) DESCRIPTION | (B) DATE | (C) BUS. % | (D) COST | (E) BASIS | (F) LIFE | (G) MTH/CV | (H) DEDUCTION | (I) 179 ELECTED |
|---|---|---|---|---|---|---|---|---|

| (K) TOTAL MILES | (L) BUSINESS MILES | (M) COMMUTING MILES | (N) PERSONAL MILES | (O) WAS VEH. AVAIL.? Y N | (P) > 5% OWNER? Y N | (Q) ANOTHER VEH. AVAILABLE? Y N |
|---|---|---|---|---|---|---|
| VEHICLE | 11/16/16 | | 30,224. | 5 | 200DB-MQ | |
| VEHICLE | 11/29/16 | | 36,083. | 5 | 200DB-MQ | |
| VEHICLE | 02/05/16 | | 43,816. | 5 | 200DB-MQ | |
| VEHICLE | 08/01/17 | | 84,558. | 5 | 200DB-HY | |
| VEHICLE | 08/18/09 | | 60,643. | 5 | 200DB-HY | |

TOTALS TO FORM 4562, PART V, LINE 26

---

FORM 8916-A           OTHER ITEMS WITH NO DIFFERENCES       STATEMENT 28

| DESCRIPTION | PER INCOME STATEMENT | PER TAX RETURN |
|---|---|---|
| OUTSIDE SERVICES | 24,436,347. | 24,436,347. |
| PURCHASES | 1,760,774. | 1,760,774. |
| SALARIES AND WAGES | 1,449,327. | 1,449,327. |
| TOTAL TO LINE 7 | 27,646,448. | 27,646,448. |

---

FORM 8916-A           OTHER INTEREST EXPENSE       STATEMENT 29

| DESCRIPTION | PER INCOME STATEMENT | TEMPORARY DIFFERENCE | PERMANENT DIFFERENCE | PER TAX RETURN |
|---|---|---|---|---|
| INTEREST EXPENSE FROM TRADE OR BUSINESS | 22,336. | 0. | 0. | 22,336. |
| TOTAL TO PART III, LINE 4 | 22,336. | 0. | 0. | 22,336. |

671121

| | | | |
|---|---|---|---|
| ☐ Final K-1 | ☐ Amended K-1 | | OMB No. 1545-0123 |

**Schedule K-1**
**(Form 1120-S)**
Department of the Treasury
Internal Revenue Service

**2022**

For calendar year 2022, or tax
year beginning _____
ending _____

**Shareholder's Share of Income, Deductions,**
**Credits, etc.** See separate instructions.

### Part I  Information About the Corporation

**A** Corporation's employer identification number

▉▉▉▉▉▉▉

**B** Corporation's name, address, city, state, and ZIP code

MIG EAST, LLC
422 W. CONGRESS, SUITE 400
DETROIT, MI  48226

**C** IRS Center where corporation filed return
E-FILE

**D** Corporation's total number of shares
Beginning of tax year ............. _____
End of tax year ..................... _____

### Part II  Information About the Shareholder

**E** Shareholder's identifying number
***-**-2843

**F** Shareholder's name, address, city, state, and ZIP code

PAUL R. JENKINS
23150 LAUREL VALLEY ST
SOUTHFIELD, MI 48034

**G** Current year allocation percentage ...... 100.000000 %

**H** Shareholder's number of shares
Beginning of tax year ...........  _____
End of tax year .................... _____

**I** Loans from shareholder
Beginning of tax year ........... $ _____
End of tax year .................. $ _____

**For IRS Use Only**

### Part III  Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items

| | | | |
|---|---|---|---|
| **1** Ordinary business income (loss) | -764,395. | **13** Credits | |
| **2** Net rental real estate inc (loss) | | | |
| **3** Other net rental income (loss) | | | |
| **4** Interest income | 42. | | |
| **5a** Ordinary dividends | | | |
| **5b** Qualified dividends | | **14** Schedule K-3 is attached if checked ☐ | |
| **6** Royalties | | **15** Alternative min tax (AMT) items | |
| **7** Net short-term capital gain (loss) | | | |
| **8a** Net long-term capital gain (loss) | | | |
| **8b** Collectibles (28%) gain (loss) | | | |
| **8c** Unrecaptured sec 1250 gain | | | |
| **9** Net section 1231 gain (loss) | | **16** Items affecting shareholder basis | |
| **10** Other income (loss) | | | |
| | | **17** Other information | |
| | | A | 42. |
| **11** Section 179 deduction | | V * | STMT |
| **12** Other deductions | | AC * | STMT |
| A | 3,000. | | |

| | | |
|---|---|---|
| **18** ☐ More than one activity for at-risk purposes* | | |
| **19** ☐ More than one activity for passive activity purposes* | | |
| | *See attached statement for additional information. | |

211271
12-07-22
**LHA  For Paperwork Reduction Act Notice, see the Instructions for Form 1120-S.**   www.irs.gov/Form1120S   **Schedule K-1 (Form 1120-S) 2022**

23-51096-mar   Doc 1   Filed 12/19/23   Entered 12/19/23 10:39:33   Page 101 of 133

09550427 147228 54963                    2022.03040 MIG EAST, LLC                    54963__1

SCHEDULE K-1          SECTION 199A ADDITIONAL INFORMATION

THE SECTION 199A AMOUNTS TO BE USED IN THE CALCULATION OF THE QUALIFIED
BUSINESS INCOME DEDUCTION ON YOUR 1040/1041 RETURN ARE REPORTED ON LINE 17,
UNDER CODE V. PLEASE CONSULT YOUR TAX ADVISOR REGARDING THE CALCULATION OF
QUALIFIED BUSINESS INCOME DEDUCTION, INCLUDING THE POSSIBLE AGGREGATIONS AND
LIMITATIONS THAT MAY APPLY AND THE FILING OF THE 1.199A-4(C)(2)(I) ANNUAL
DISCLOSURE STATEMENT.

SCHEDULE K-1               SECTION 199A ITEMS, BOX 17
                                  CODE V

| DESCRIPTION | AMOUNT |
|---|---|
| TRADE OR BUSINESS | |
| ORDINARY INCOME(LOSS) | -1,072,161. |
| W-2 WAGES | 2,439,405. |
| UNADJUSTED BASIS | 346,497. |

SCHEDULE K-1 GROSS RECEIPTS FOR SECTION 448(C), BOX 17, CODE AC

| DESCRIPTION | AMOUNT |
|---|---|
| GROSS RECEIPTS - CURRENT YEAR | 28,642,189. |

SCHEDULE K-1               SCHEDULE K-3 NOTIFICATION

THE SCHEDULE K-3 HAS NOT BEEN PREPARED FOR YOU. YOU WILL NOT
RECEIVE A COPY OF THE SCHEDULE UNLESS YOU REQUEST ONE.

## List of Codes

This list identifies the codes used on Schedule K-1 for all shareholders. For detailed reporting and filing information, see the specific line instructions, earlier, and the instructions for your income tax return.

**Box 10. Other income (loss)**

Code

A Other portfolio income (loss)
B Involuntary conversions
C Section 1256 contracts & straddles
D Mining exploration costs recapture
E Section 951A(a) income inclusions
F Inclusions of subpart F income
G Section 951(a)(1)(B) inclusions
H Other income (loss)

**Box 12. Other deductions**

A Cash contributions (60%)
B Cash contributions (30%)
C Noncash contributions (50%)
D Noncash contributions (30%)
E Capital gain property to a 50% limit organization (30%)
F Capital gain property (20%)
G Contributions (100%)
H Investment interest expense
I Deductions - royalty income
J Section 59(e)(2) expenditures
K Reserved for future use
L Deductions - portfolio (other)
M Preproductive period expenses
N Reserved for future use
O Reforestation expense deduction
P Reserved for future use
Q Reserved for future use
R Reserved for future use
S Other deductions

**Box 13. Credits**

A Reserved for future use
B Reserved for future use
C Low-income housing credit (section 42(j)(5)) from post-2007 buildings
D Low-income housing credit (other) from post-2007 buildings
E Qualified rehabilitation expenditures (rental real estate)
F Other rental real estate credits
G Other rental credits
H Undistributed capital gains credit
I Biofuel producer credit
J Work opportunity credit
K Disabled access credit
L Empowerment zone employment credit
M Credit for increasing research activities
N Credit for employer social security and Medicare taxes
O Backup withholding
P Other credits

**Box 15. Alternative minimum tax (AMT) items**

A Post-1986 depreciation adjustment
B Adjusted gain or loss
C Depletion (other than oil & gas)
D Oil, gas, & geothermal-gross income
E Oil, gas, & geothermal-deductions
F Other AMT items

**Box 16. Items affecting shareholder basis**

A Tax-exempt interest income
B Other tax-exempt income
C Nondeductible expenses
D Distributions

E Repayment of loans from shareholders
F Foreign taxes paid or accrued

**Box 17. Other information**

A Investment income
B Investment expenses
C Qualified rehabilitation expenditures (other than rental real estate)
D Basis of energy property
E Recapture of low-income housing credit (section 42(j)(5))
F Recapture of low-income housing credit (other)
G Recapture of investment credit
H Recapture of other credits
I Look-back interest-completed long-term contracts
J Look-back interest-income forecast method
K Dispositions of property with section 179 deductions
L Recapture of section 179 deduction
M Section 453(l)(3) information
N Section 453A(c) information
O Section 1260(b) information
P Interest allocable to production expenditures
Q CCF nonqualified withdrawals
R Depletion information-oil and gas
S Reserved for future use
T Reserved for future use
U Net investment income
V Section 199A information
W Reserved for future use
X Reserved for future use
Y Reserved for future use
Z Reserved for future use
AA Excess taxable income
AB Excess business interest income
AC Gross receipts for section 448(c)
AD Other information

Form **7004**
(Rev. December 2018)
Department of the Treasury
Internal Revenue Service

## Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns

▶ File a separate application for each return.
▶ Go to www.irs.gov/Form7004 for instructions and the latest information.

OMB No. 1545-0233

**Print or Type**

| Name | Identifying number |
|---|---|
| MIG EAST, LLC | ▇▇▇▇▇▇▇ |

Number, street, and room or suite no. (If P.O. box, see instructions.)
422 W. CONGRESS, SUITE 400

City, town, state, and ZIP code (If a foreign address, enter city, province or state, and country (follow the country's practice for entering postal code).)
DETROIT, MI 48226

**Note:** File request for extension by the due date of the return. See instructions before completing this form.

| Part I | Automatic Extension for Certain Business Income Tax, Information, and Other Returns. See instructions. |
|---|---|

**1** Enter the form code for the return listed below that this application is for .......... | **25**

| Application Is For: | Form Code | Application Is For: | Form Code |
|---|---|---|---|
| Form 706-GS(D) | 01 | Form 1120-ND (section 4951 taxes) | 20 |
| Form 706-GS(T) | 02 | Form 1120-PC | 21 |
| Form 1041 (bankruptcy estate only) | 03 | Form 1120-POL | 22 |
| Form 1041 (estate other than a bankruptcy estate) | 04 | Form 1120-REIT | 23 |
| Form 1041 (trust) | 05 | Form 1120-RIC | 24 |
| Form 1041-N | 06 | Form 1120S | 25 |
| Form 1041-QFT | 07 | Form 1120-SF | 26 |
| Form 1042 | 08 | Form 3520-A | 27 |
| Form 1065 | 09 | Form 8612 | 28 |
| Form 1066 | 11 | Form 8613 | 29 |
| Form 1120 | 12 | Form 8725 | 30 |
| Form 1120-C | 34 | Form 8804 | 31 |
| Form 1120-F | 15 | Form 8831 | 32 |
| Form 1120-FSC | 16 | Form 8876 | 33 |
| Form 1120-H | 17 | Form 8924 | 35 |
| Form 1120-L | 18 | Form 8928 | 36 |
| Form 1120-ND | 19 | | |

| Part II | All Filers Must Complete This Part |
|---|---|

**2** If the organization is a foreign corporation that does not have an office or place of business in the United States,
check here .......... ▶ ☐

**3** If the organization is a corporation and is the common parent of a group that intends to file a consolidated return,
check here .......... ▶ ☐

If checked, attach a statement listing the name, address, and employer identification number (EIN) for each member covered by this application.

**4** If the organization is a corporation or partnership that qualifies under Regulations section 1.6081-5, check here .... ▶ ☐

**5a** The application is for calendar year 2022, or tax year beginning _____, and ending _____

**b** Short tax year. If this tax year is less than 12 months, check the reason: ☐ Initial return  ☐ Final return
☐ Change in accounting period  ☐ Consolidated return to be filed  ☐ Other (See instructions - attach explanation.)

| | | | |
|---|---|---|---|
| **6** | Tentative total tax .......... | **6** | 0. |
| **7** | **Total** payments and credits. See instructions .......... | **7** | 0. |
| **8** | **Balance due.** Subtract line 7 from line 6. See instructions .......... | **8** | 0. |

LHA **For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**   Form **7004** (Rev. 12-2018)

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE CENTER
KANSAS CITY, MO 64999-0019

# 2022 TAX RETURN FILING INSTRUCTIONS
DETROIT FORM 5297

**FOR THE YEAR ENDING**
DECEMBER 31, 2022

---

**PREPARED FOR:**

MR. PAUL JENKINS
MIG EAST, LLC
422 W. CONGRESS, SUITE 400
DETROIT, MI  48226

---

**PREPARED BY:**

PLANTE & MORAN, PLLC
19176 HALL ROAD, SUITE 300
CLINTON TOWNSHIP, MI 48038

---

**TO BE SIGNED AND DATED BY:**
NOT APPLICABLE

---

**AMOUNT OF TAX:**

| | | |
|---|---|---|
| TOTAL TAX | $ | 0 |
| LESS: PAYMENTS AND CREDITS | $ | 0 |
| PLUS: OTHER AMOUNT | $ | 0 |
| PLUS: INTEREST AND PENALTIES | $ | 0 |
| NO PAYMENT REQUIRED | $ | |

---

**OVERPAYMENT:**
NOT APPLICABLE

---

**MAKE CHECK PAYABLE TO:**
NOT APPLICABLE

---

**MAIL TAX RETURN TO:**

THIS RETURN HAS QUALIFIED FOR ELECTRONIC FILING.  PLEASE REVIEW YOUR
RETURN FOR COMPLETENESS AND ACCURACY.  THE RETURN WILL BE
TRANSMITTED ELECTRONICALLY TO THE MIDOR UPON RECEIPT OF YOUR
SIGNED 8879-CORP.

---

**RETURN MUST BE MAILED ON OR BEFORE:**
WE MUST RECEIVE YOUR SIGNED FEDERAL FORM 8879-CORP AS SOON AS
POSSIBLE.

---

**SPECIAL INSTRUCTIONS:**
DO NOT MAIL THE PAPER COPY OF THE RETURN TO THE MIDOR.

☐ **Check if this is an amended return.**
Complete reason code on line 9.

# 2022 City of Detroit Corporate Income Tax Return

Issued under authority of Public Act 284 of 1964, as amended.

**Return is due April 15 or on or before the 15th day**
**of the fourth month after the close of the tax year.**

| 1. Return is for the city of | City Code |
|---|---|
| DETROIT | 170 |

2. Return is for calendar year 2022 or for tax year beginning: _MM-DD-YYYY_ and ending: _MM-DD-YYYY_

| 3. Taxpayer Name (print or type) | 4. Federal Employer Identification Number (FEIN) |
|---|---|
| MIG EAST, LLC | ███████ |

5. Street Address
422 W. CONGRESS, SUITE 400

| City | State | ZIP/Postal Code | Country Code |
|---|---|---|---|
| DETROIT | MI | 48226 | |

| 6. NAICS Code | 7. Number of locations in the city included in return | 8. Number of locations everywhere | 9. Reason code **if amending** |
|---|---|---|---|
| 236200 | 0 | 1 | |

| 10. Where Incorporated | 11. Date Incorporated (MM-DD-YYYY) | 12. If Discontinued, Effective Date (MM-DD-YYYY) | 13. Discontinued Reason Code |
|---|---|---|---|
| MI | 01-01-2006 | | |

14. ☐ Check if a consolidated return was filed with the IRS

15. ☐ Check if this is a consolidated return

## INCOME APPORTIONMENT - For lines 16-18, if any amount is zero, enter zero.

16. For locations in city
   a. Average net book value of real and tangible personal property located in city ............... 16a. ___ 00
   b. Gross annual rent paid for real property located in city multiplied by 8 ............... 16b. ___ 00
   c. Add line 16a and line 16b ............... 16c. ___ 00
   d. Total wages, salaries, commissions and other compensation of all employees located in city ............... 16d. ___ 00
   e. Gross receipts from sales made or services rendered in city ............... 16e. ___ 00

17. For locations everywhere
   a. Average net book value of real and tangible personal property located everywhere ............... 17a. ___ 00
   b. Gross annual rent paid for real property located everywhere multiplied by 8 ............... 17b. ___ 00
   c. Add line 17a and line 17b ............... 17c. ___ 00
   d. Total wages, salaries, commissions and other compensation of all employees located everywhere ............... 17d. ___ 00
   e. Gross receipts from sales made or services rendered everywhere ............... 17e. ___ 00

18. Apportionment. If there are no locations outside the city in line 17, see instructions for completing line 18.
   a. Real and tangible personal property. Divide line 16c by line 17c ............... 18a. ___ %
   b. Wages, salaries, commissions and other compensation. Divide line 16d by line 17d ............... 18b. ___ %
   c. Gross receipts from sales. Divide line 16e by line 17e ............... 18c. ___ %
   d. Add line 18a, line 18b, and line 18c ............... 18d. ___ %
   e. **Average apportionment.** See instructions ............... 18e. 100.0000 %

## TAX COMPUTATION

19. Taxable income before net operating loss deduction and special deductions per federal 1120 or 1120S as filed with IRS. Include the 1120 or 1120S with this return. ( **Subchapter S Corporations:** Complete Worksheet A in the instructions.) ............... 19. -767353 00

## Additions to Business Income

20. Nondeductible portion of loss, from sale of property acquired prior to July 1, 1962 ............... 20. ___ 00
21. All expenses (including interest) incurred in connection with income not subject to city income tax ............ 21. ___ 00
22. City of Detroit income tax paid or accrued ............... 22. ___ 00
23. Other required additions (see instructions) ............... 23. ___ 00
   Describe additions in line 23 ___
24. Total additions. Add lines 20 through 23 ............... 24. ___ 00
25. Tax base after additions. Add line 19 and line 24 ............... 25. -767353 00

+ 1019 2022 401 01 27 1
293201 01-03-23   Continue and sign on Page 2
23-51096-mar   Doc 1   Filed 12/19/23   Entered 12/19/23 10:39:33   Page 106 of 133

Taxpayer FEIN ████████

## Subtractions from Business Income

| | | | |
|---|---|---|---|
| 26. | Interest from obligations of the United States, the states or subordinate units of government | 26. | 00 |
| 27. | Dividend received deduction | 27. | 00 |
| 28. | Foreign dividend gross up | 28. | 00 |
| 29. | Foreign taxes paid or accrued deduction | 29. | 00 |
| 30. | Nontaxable portion of gain from sales of property acquired prior to July 1, 1962 | 30. | 00 |
| 31. | Other allowable subtractions (include schedule; see instructions) | 31. | 00 |
| | Describe subtractions in line 31 | | |
| 32. | Total deductions. Add lines 26 through 31 | 32. | 00 |
| 33. | Subtract line 32 from line 25. If negative, enter as a negative | 33. | -767353 00 |
| 34. | Multiply line 33 by percentage on line 18e | 34. | -767353 00 |
| 35. | Applicable portion of net operating loss carryover and/or capital loss carryover (see instructions) | 35. | 00 |
| 36. | Subtract line 35 from line 34 | 36. | -767353 00 |
| 37. | Renaissance Zone Deduction from Form 5298, line 13 | 37. | 00 |
| 38. | Total income subject to tax. Subtract line 37 from line 36 | 38. | -767353 00 |
| 39. | **Total Tax Liability.** Multiply line 38 by 2% (0.0200) | 39. | 00 |

## Payments, Credits and Tax Due

| | | | |
|---|---|---|---|
| 40. | Overpayment credited from prior period return | 40. | 00 |
| 41. | Estimated tax payments | 41. | 00 |
| 42. | Tax paid with request for extension | 42. | 00 |
| 43. | Payment and credit total. Add line 40, line 41 and line 42 | 43. | 00 |

**If amending, complete line 44, line 45, and line 46; otherwise, skip to line 47**

| | | | |
|---|---|---|---|
| 44. | Payment made with the original return plus additional tax paid after original return was filed | 44. | 00 |
| 45. | Overpayment received on the original return | 45. | 00 |
| 46. | Add line 43 and line 44, and subtract line 45 from the sum | 46. | 00 |
| 47. | **Tax Due.** Subtract line 43 (or line 46, if amending) from line 39. If less than zero, leave blank | 47. | 00 |
| 48. | Underpaid estimate penalty and interest (see instructions) | 48. | 00 |
| 49. | Annual return penalty (see instructions) | 49. | 00 |
| 50. | Annual return interest (see instructions) | 50. | 00 |
| 51. | **Payment Due.** If line 47 is blank, go to line 52. Otherwise, add line 47, line 48, line 49, and line 50 | 51. | 00 |

## Refund or Credit Forward

| | | | |
|---|---|---|---|
| 52. | Overpayment. Subtract line 39, line 48, line 49, and line 50 from line 43 (or line 46, if amending). If less than zero, leave blank (see instructions) | 52. | 00 |
| 53. | **Credit Forward.** Amount on line 52 to be credited forward and used as an estimate for next tax year | 53. | 00 |
| 54. | **Refund.** Subtract line 53 from line 52 | 54. | 00 |

| **Taxpayer Certification.** *I declare under penalty of perjury that the information in this return and attachments is true and complete to the best of my knowledge.* | **Preparer Certification.** *I declare under penalty of perjury that this return is based on all information of which I have any knowledge.* |
|---|---|
| [X] By checking this box, I authorize the Michigan Department of Treasury to discuss my return with my preparer. | Preparer's PTIN, FEIN or SSN<br>P00058897 |
| Authorized Signature for Tax Matters | Preparer's Business Name (print or type)<br><br>PLANTE & MORAN, PLLC |
| Authorized Signer's Name (print or type)<br>PAUL R. JENKINS | Date<br>04-27-23 | Preparer's Business Address and Telephone Number (print or type)<br>19176 HALL ROAD, SUITE 300 |
| Title<br>OFFICER | Telephone Number<br>3139643155 | CLINTON TOWNSHIP, MI 48038<br>(586) 416-4900 |

**ALL RETURNS,** mail to: Michigan Department of Treasury, PO Box 30811, Lansing MI 48909

**WITH PAYMENT.** Pay amount on line 51. Make check payable to "State of Michigan - Detroit." Print taxpayer FEIN, the tax year and "Detroit Corporate Tax" on the front of the check. Do not staple the check to the return.

+ 1019 2022 401 02 27 0

293202 01-03-23

MIG EAST, LLC

# COMPUTATION OF FEDERAL TAXABLE INCOME

## INCOME

| | | | |
|---|---|---:|---:|
| 1a | Gross receipts/sales 28,642,189. (b) Less: Returns and allow. _____ Balance ▶ | 1c | 28,642,189. |
| 2 | Less: Cost of goods sold and/or operations | 2 | 27,646,448. |
| 3 | Gross profit | 3 | 995,741. |
| 4 | Dividends | 4 | |
| 5 | Interest | 5 | 42. |
| 6 | Gross rents | 6 | |
| 7 | Gross royalties | 7 | |
| 8 | Capital gain net income | 8 | |
| 9 | Net gain or (loss) from Form 4797, Part II, line 17 | 9 | |
| 10 | Other income (attach schedule) | 10 | 307,766. |
| 11 | TOTAL income - Add lines 3 through 10 ▶ | 11 | 1,303,549. |

## DEDUCTIONS

| | | | |
|---|---|---:|---:|
| 12 | Compensation of officers | 12 | |
| 13 | (a) Salaries and wages 990,078. 13(b) Less empl. credit _____ Balance ▶ | 13(c) | 990,078. |
| 14 | Repairs and maintenance | 14 | 91,185. |
| 15 | Bad debts | 15 | 13,631. |
| 16 | Rents | 16 | 106,593. |
| 17 | Taxes and licenses | 17 | 85,630. |
| 18 | Interest | 18 | 22,336. |
| 19 | Contributions | 19 | 3,000. |
| 20a | Depreciation (attach Form 4562) 20a 65,711. | | |
| 20b | Less depreciation claimed elsewhere on return 20b | 20c | 65,711. |
| 21 | Depletion | 21 | |
| 22 | Advertising | 22 | 42. |
| 23 | Pension, profit-sharing, etc. plans | 23 | |
| 24 | Employee benefit programs | 24 | 190,472. |
| 25 | Domestic production activities deduction | 25 | |
| 26 | Other deductions (attach schedule) | 26 | 502,224. |
| 27 | TOTAL deductions - Add lines 12 through 26 ▶ | 27 | 2,070,902. |
| 28 | Taxable income before net operating loss deduction and special deductions (subtract line 27 from line 11) | 28 | -767,353. |

211591
04-01-22

Fill in this information to identify the case:

Debtor name    MIG EAST, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF MICHIGAN

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1:   Income

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date:<br>From 01/01/2023 to Filing Date | ☒ Operating a business<br>☐ Other _____ | $11,147,002.00 |
| For prior year:<br>From 01/01/2022 to 12/31/2022 | ☒ Operating a business<br>☐ Other _____ | $28,642,189.00 |
| For year before that:<br>From 01/01/2021 to 12/31/2021 | ☒ Operating a business<br>☐ Other _____ | $28,462,711.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| **For prior year:**<br>From 01/01/2022 to 12/31/2022 | Other Income (colsanti mig JV)<br>In the form of business loss. | $307,766.00 |
| **For year before that:**<br>From 01/01/2021 to 12/31/2021 | Other Income (Colsanti mig JV, yr. 1)<br>in the form of business loss. | $11,497.00 |

### Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 109 of 133

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.1.   Ordinary course creditor List attached | | $0.00 | ☒ Secured debt<br>☒ Unsecured loan repayments<br>☒ Suppliers or vendors<br>☒ Services<br>☒ Other <u>Please see attached list of ordinary course creditors for the business which plausibly meet the substance of this request.</u> |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**   **Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|--|---------------------------|----------------|-----------------------------------|----------------|
| 7.1. | BJC SERVICES, INC. d/b/a BJ CONSTRUCTION SERVICES v LIFE IS A DREAMTROIT, LLC , et al.<br>Case No. 23-011753-CH | Civil | Third Circuit Court of Wayne County<br>2 Woodward Avenue, Room 1411<br>Detroit, MI 48226 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |

**8.  Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

---

**Part 4:   Certain Gifts and Charitable Contributions**

**9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|------------------------------|-------------------------------------------|-------------|-------|

---

**Part 5:   Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Dates of loss | Value of property lost |
|----|----|----|----|

---

**Part 6:   Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|--|----|----|----|----|
| 11.1. | Maxwell Dunn, PLC<br>2937 E. Grand Blvd., Ste. 308<br>Detroit, MI 48202 | | 11/6/2023 | $25,000.00 |
| | **Email or website address**<br>https://maxwelldunnlaw.com/ | | | |
| | **Who made the payment, if not debtor?** | | | |

---

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 111 of 133

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | Maxwell Dunn, PLC<br>2937 E. Grand Blvd.<br>Ste. 308<br>Detroit, MI 48202 | Pre-payment (to be held in trust) for estimated administrative claim for attorney fees - will be applied for at confirmation and returned to estate in the amount that is unearned (if any). | 12/5/23 | $25,000.00 |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☒ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

### 13. Transfers not already listed on this statement

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:   Previous Locations**

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:   Health Care Bankruptcies**

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If   debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:   Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

☒ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
☒ Yes. Does the debtor serve as plan administrator?

  ☐ No Go to Part 10.
  ☒ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| MIG EAST, LLC, 401(k) Profit Sharing Plan and Trust | EIN: |

Has the plan been terminated?
☒ No
☐ Yes

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Your Personal Storage (See Sched. G) 1423 Franklin St Detroit, MI 48207 | Paul Jenkins (Jr.) and Paul Jenkins (Sr.) | Internal business documents and handtools | ☐ No ☒ Yes |

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

23-51096-mar    Doc 1    Filed 12/19/23    Entered 12/19/23 10:39:33    Page 113 of 133

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

## Part 12:  Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☐ No.
☒ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 10 W. Adams St., Detroit, MI<br>10 W. Adams St.<br>Detroit, MI 48226 | United States - Environmental Protection<br>77 West Jackson Boulevard<br>Chicago, IL 60604-3507 | Out of an abundance of caution, it is disclosed that there is an alleged, potential claim of a violation of 15 USC 2615(a); and 40 CFR 745 | 11/21/2023 |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

## Part 13:  Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com                                         Best Case Bankruptcy

23-51096-mar   Doc 1   Filed 12/19/23   Entered 12/19/23 10:39:33   Page 114 of 133

| Business name address | Describe the nature of the business | Employer Identification number |
|---|---|---|
| | | Do not include Social Security number or ITIN. |
| | | **Dates business existed** |
| 25.1. Colasanti/MIG II, Joint Venture<br>422 W. CONGRESS ST.<br>SUITE 400<br>Detroit, MI 48226 | Construction JV | EIN:    84-1921646<br><br>From-To    04/04/2000-Present |
| 25.2. MCGILL-MIG LLC<br>1363 E FISHER FWY<br>Detroit, MI 48207 | Construction JV | EIN:<br><br>From-To    03/29/2019-Present |
| 25.3. MIG-RONCELLI<br>CONSTRUCTION SERVICES,<br>LLC<br>422 W CONGRESS SUITE 400<br>Detroit, MI 48226 | Construction JV | EIN:<br><br>From-To    11/18/2022-Present |

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1.   Plante & Moran, PLLC<br>3000 TOWN CENTER STE 100<br>Southfield, MI 48075 | 2019-Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☒ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   Plante & Moran, PLLC<br>3000 TOWN CENTER STE 100<br>Southfield, MI 48075 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.   Selective Insurance<br>40 Wantage Ave<br>Branchville, NJ 07890 |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| | Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
| --- | --- | --- | --- |

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
| --- | --- | --- | --- |
| Paul Jenkins (Sr.) | 23140 Laurel Valley St. Southfield, MI 48034 | CEO and President | 100% |

| Name | Address | Position and nature of any interest | % of interest, if any |
| --- | --- | --- | --- |
| Paul Jenkins (Jr.) | 3800 Woodward Ave., Apt. 1107 Detroit, MI 48201 | Executive Vice President | |

| Name | Address | Position and nature of any interest | % of interest, if any |
| --- | --- | --- | --- |
| Korey Moore | | Vice President | |

| Name | Address | Position and nature of any interest | % of interest, if any |
| --- | --- | --- | --- |
| Timberly Burris | 1813 Pagel Ave Lincoln Park, MI 48146 | Treasurer and Controller | |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| --- | --- | --- | --- |
| Paul Jenkins, Jr. | 3800 Woodward Ave., Apt. 1107 Detroit, MI 48201 | Executive Vice President | October 23, 2023 through present |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| --- | --- | --- | --- |
| Paul Jenkins | 23140 Laurel Valley St Southfield, MI 48034 | President and CEO | Inception to Present |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| --- | --- | --- | --- |
| Korey Moore | | Vice President | October 13, 2023 to November 14, 2023 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| --- | --- | --- | --- |
| Timberly Burris | 1813 Pagel Ave. Lincoln Park, MI 48146 | Treasurer and Controller | 10/13/2023 - 11/14/2023 |

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

☐ No

☒ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. Paul Jenkins (Sr.) 23140 Laurel Valley St. Southfield, MI 48034 | $79,500 | 1/1/23-present | Salary |
| **Relationship to debtor** CEO | | | |
| 30.2. Paul Jenkins (Jr.) 3800 Woodward Ave., Apt. 1107 Detroit, MI 48201 | $68615.28 | 1/1/23 to present | Salary |
| **Relationship to debtor** President | | | |
| 30.3. Korey Moore | $64,480.33 | 1/1/23 to present | Salary |
| **Relationship to debtor** Vice President | | | |
| 30.4. Timberly Burris 1813 Pagel Ave. Lincoln Park, MI 48146 | $46,153.92 | 1/1/23 to present | Salary |
| **Relationship to debtor** Treasurer | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      December 12, 2023

/s/   Mr. Paul Jenkins, Jr.                              Mr. Paul Jenkins, Jr.
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    Executive Vice President

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
☒ Yes

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

**MIG East, LLC**                                                                                              **11-30-2023**          **Page 1**

| Check | Date | Payee | Name | Amount | Voided Amount | Status |
|---|---|---|---|---|---|---|
| **Independen** | **Independent Bank** | | | | | |
| 10309 | 09-01-2023 | LIM001 | Limbach Co., LLC | 22,694.40 | | Reconciled |
| 10311 | 09-08-2023 | DIV952 | Diversified Construction | 10,275.00 | | Outstanding |
| 10408 | 09-08-2023 | LIM001 | Limbach Co., LLC | 63,485.40 | | Reconciled |
| 10426 | 09-01-2023 | BLU001 | Blue Cross Blue Shield of MI | 17,132.94 | | Reconciled |
| 10430 | 09-04-2023 | AME001 | American Express | 25,497.35 | | Reconciled |
| 10434 | 09-08-2023 | NAG001 | Nagle Paving Company | 27,580.00 | | Reconciled |
| 10436 | 09-08-2023 | DIV001 | Division 6 | 83,700.00 | | Reconciled |
| 10437 | 09-08-2023 | DUR001 | Duross Painting Company | 20,650.50 | | Reconciled |
| 10438 | 09-08-2023 | GUI001 | Guideline Mechanical, Inc. | 14,574.60 | | Reconciled |
| 10439 | 09-08-2023 | JMC001 | JMC Electrical Contractor LLC | 42,795.60 | | Reconciled |
| 10450 | 09-08-2023 | DIV952 | Diversified Construction | 31,500.00 | | Reconciled |
| 10451 | 09-08-2023 | ENV002 | Envy Modular Wall Systems | 29,998.00 | | Reconciled |
| 10452 | 09-08-2023 | FUT002 | FUTURE MAINTENANCE INC. | 8,730.00 | | Reconciled |
| 10453 | 09-08-2023 | JMC001 | JMC Electrical Contractor LLC | 27,180.00 | | Reconciled |
| 10455 | 09-08-2023 | SAV002 | Sav's Welding Services, Inc. | 24,300.00 | | Outstanding |
| 10457 | 09-08-2023 | DIV952 | Diversified Construction | 13,780.80 | | Outstanding |
| 10466 | 09-22-2023 | MCI003 | McIntosh Poris Associates | 15,350.00 | | Outstanding |
| 10468 | 09-15-2023 | DIV952 | Diversified Construction | 13,575.00 | | Reconciled |
| 10470 | 09-15-2023 | RDJ001 | RDJ Ventures LLC | 15,450.00 | | Reconciled |
| 10487 | 09-13-2023 | MCO001 | M Contemporary Art | 38,382.00 | | Reconciled |
| 10492 | 09-22-2023 | MCI003 | McIntosh Poris Associates | 62,024.40 | | Reconciled |
| 10493 | 09-22-2023 | MCI003 | McIntosh Poris Associates | 19,043.08 | | Reconciled |
| 10498 | 09-22-2023 | MAS001 | Master Craft Carpet | 10,519.30 | | Reconciled |
| 10499 | 10-01-2023 | MAS001 | Master Craft Carpet | 32,389.70 | | Outstanding |
| 10501 | 09-29-2023 | DIV001 | Division 6 | 141,705.00 | | Reconciled |
| 10503 | 09-29-2023 | JMC001 | JMC Electrical Contractor LLC | 57,600.00 | | Reconciled |
| 10504 | 09-29-2023 | MAS001 | Master Craft Carpet | 104,603.89 | | Reconciled |
| 10505 | 09-29-2023 | SAV002 | Sav's Welding Services, Inc. | 26,843.40 | | Outstanding |
| 10509 | 10-01-2023 | CUR001 | Curtis Glass Company | 24,000.00 | | Outstanding |
| 10514 | 10-01-2023 | MAS001 | Master Craft Carpet | 11,622.66 | | Outstanding |
| 10515 | 10-01-2023 | SAV002 | Sav's Welding Services, Inc. | 62,982.60 | | Outstanding |
| 10516 | 09-29-2023 | GUI001 | Guideline Mechanical, Inc. | 19,608.38 | | Reconciled |
| 10517 | 10-13-2023 | ACB001 | A&C Builders Hardware, Inc. | 29,202.24 | | Outstanding |
| 10518 | 10-13-2023 | DIV001 | Division 6 | 12,160.00 | | Outstanding |
| 10519 | 10-13-2023 | DIV952 | Diversified Construction | 23,522.00 | | Outstanding |
| 10522 | 10-13-2023 | GRE002 | Great Lakes Tile & Contracting | 25,878.00 | | Outstanding |
| 10523 | 10-13-2023 | MOT001 | Motor City Electric Co. | 11,248.00 | | Outstanding |
| 10524 | 09-29-2023 | SAV002 | Sav's Welding Services, Inc. | 12,100.00 | | Outstanding |
| 10527 | 10-06-2023 | LIM001 | Limbach Co., LLC | 65,291.60 | | Outstanding |
| 10532 | 09-22-2023 | CIT016 | Citizens Insurance Company | 12,072.01 | | Reconciled |
| 10544 | 10-06-2023 | JMD001 | JMD Building Restoration | 24,950.00 | | Reconciled |
| 10545 | 10-06-2023 | NOR004 | NORR, LLC | 10,086.55 | | Reconciled |
| 10547 | 10-02-2023 | BLU001 | Blue Cross Blue Shield of MI | 17,132.94 | | Reconciled |
| 10554 | 10-04-2023 | AME001 | American Express | 61,946.35 | | Reconciled |
| 10565 | 10-16-2023 | LIM001 | Limbach Co., LLC | 9,875.00 | | Reconciled |
| 10568 | 10-23-2023 | DIV952 | Diversified Construction | 43,139.25 | | Outstanding |
| 10569 | 10-23-2023 | FUT002 | FUTURE MAINTENANCE INC. | 31,866.91 | | Outstanding |
| 10570 | 10-23-2023 | JMC001 | JMC Electrical Contractor LLC | 32,117.44 | | Reconciled |
| 10571 | 10-23-2023 | LIM001 | Limbach Co., LLC | 15,750.00 | | Reconciled |
| 10573 | 10-23-2023 | MVP001 | MVP Concrete | 14,310.00 | | Reconciled |
| 10574 | 10-23-2023 | NAG001 | Nagle Paving Company | 37,154.22 | | Outstanding |
| 10576 | 10-23-2023 | REL001 | Reliable Landscaping Inc. | 24,715.00 | | Outstanding |
| 10579 | 10-23-2023 | SCH002 | Schindler Elevator Corporation | 22,570.22 | | Outstanding |
| 10580 | 10-23-2023 | SEK001 | S.E. Kalchik Mechanical | 11,829.26 | | Outstanding |
| 10581 | 10-23-2023 | SIM003 | Simone Companies | 11,121.10 | | Reconciled |
| 10582 | 10-23-2023 | THE002 | The Sheer Shop | 39,942.90 | | Reconciled |
| 10584 | 10-23-2023 | ROY001 | Royal Roofing | 17,892.00 | | Reconciled |

# Accounts Payable Check Register

| Check | Date | Payee | Name | Amount | Voided Amount | Status |
|---|---|---|---|---|---|---|

**Independen  Independent Bank**

| Check | Date | Payee | Name | Amount | Voided Amount | Status |
|---|---|---|---|---|---|---|
| 10590 | 10-23-2023 | JMC001 | JMC Electrical Contractor LLC | 85,002.43 | | Outstanding |
| 10593 | 10-20-2023 | CIT016 | Citizens Insurance Company | 10,243.39 | | Reconciled |
| 10598 | 10-20-2023 | EPD001 | E. P. Drolet, P.C. | 10,028.75 | | Reconciled |
| 10608 | 11-03-2023 | GEN009 | Gensler | 32,675.00 | | Outstanding |
| 10611 | 11-03-2023 | SAV002 | Sav's Welding Services, Inc. | 9,970.00 | | Outstanding |
| 10612 | 11-03-2023 | MAS001 | Master Craft Carpet | 21,431.70 | | Outstanding |
| 10614 | 11-03-2023 | BAR002 | Barry and Bear, LLC | 30,936.76 | | Outstanding |
| 10615 | 11-03-2023 | BLU002 | Blue Star, Inc. | 12,834.00 | | Outstanding |
| 10616 | 11-03-2023 | CUR001 | Curtis Glass Company | 41,465.00 | | Outstanding |
| 10617 | 11-03-2023 | DIV001 | Division 6 | 125,111.00 | | Outstanding |
| 10618 | 11-03-2023 | DIV952 | Diversified Construction | 190,427.40 | | Outstanding |
| 10619 | 11-03-2023 | DUR001 | Duross Painting Company | 21,444.00 | | Outstanding |
| 10620 | 11-03-2023 | FOR001 | Forced Air Systems | 17,386.84 | | Outstanding |
| 10621 | 11-03-2023 | GUI001 | Guideline Mechanical, Inc. | 25,120.00 | | Outstanding |
| 10622 | 11-03-2023 | JOH004 | Johnson Controls Fire Prot. | 7,673.00 | | Outstanding |
| 10623 | 11-03-2023 | MAS001 | Master Craft Carpet | 52,052.45 | | Outstanding |
| 10624 | 11-03-2023 | ENV002 | Envy Modular Wall Systems | 7,759.00 | | Outstanding |
| 10625 | 11-03-2023 | JMC001 | JMC Electrical Contractor LLC | 37,434.27 | | Outstanding |
| 10626 | 11-03-2023 | LAV951 | LaVanway Sign Co Inc | 15,300.00 | | Outstanding |
| 10627 | 11-03-2023 | MAY001 | MayDay Cleaning Services LLC | 8,700.00 | | Outstanding |
| 10632 | 11-03-2023 | ACB001 | A&C Builders Hardware, Inc. | 41,497.92 | | Outstanding |
| 10633 | 11-03-2023 | DIV001 | Division 6 | 17,280.00 | | Outstanding |
| 10634 | 11-03-2023 | DIV952 | Diversified Construction | 33,426.00 | | Outstanding |
| 10637 | 11-03-2023 | GRE002 | Great Lakes Tile & Contracting | 36,774.00 | | Outstanding |
| 10638 | 11-03-2023 | GUI001 | Guideline Mechanical, Inc. | 32,097.24 | | Outstanding |
| 10639 | 11-03-2023 | MOT001 | Motor City Electric Co. | 15,984.00 | | Outstanding |
| 10649 | 11-03-2023 | DIV001 | Division 6 | 50,775.00 | | Outstanding |
| 10650 | 11-03-2023 | DIV952 | Diversified Construction | 62,701.76 | | Outstanding |
| 10651 | 11-03-2023 | DUR001 | Duross Painting Company | 24,794.50 | | Outstanding |
| 10652 | 11-03-2023 | FOR001 | Forced Air Systems | 10,882.73 | | Outstanding |
| 10653 | 11-03-2023 | GUI001 | Guideline Mechanical, Inc. | 11,462.50 | | Outstanding |
| 10657 | 11-01-2023 | BLU001 | Blue Cross Blue Shield of MI | 15,936.66 | | Outstanding |
| 10661 | 11-06-2023 | AME001 | American Express | 42,243.68 | | Outstanding |
| 10662 | 11-06-2023 | AME008 | American Express | 30,959.38 | | Outstanding |
| 10688 | 11-13-2023 | ROS001 | Rose Moving & Storage | 10,970.00 | | Outstanding |
| 10689 | 11-14-2023 | DIV952 | Diversified Construction | 12,458.00 | | Outstanding |
| 10693 | 11-14-2023 | LIM001 | Limbach Co., LLC | 102,653.70 | | Outstanding |
| 10697 | 11-15-2023 | FUT001 | Future Fence Company | 8,580.00 | | Outstanding |
| 10699 | 11-15-2023 | GOL001 | Gold Star Equipment, Inc | 59,163.00 | | Outstanding |
| | | | **Bank Account Totals** | **3,121,082.05*** | **.00*** | |
| | | | **Report Totals** | **3,121,082.05*** | **.00*** | |

# United States Bankruptcy Court
## Eastern District of Michigan

In re    MIG EAST, LLC                            Case No. _____

                           Debtor(s)        Chapter    11 _____

### STATEMENT OF ATTORNEY FOR DEBTOR(S)
### PURSUANT TO F.R.BANKR.P. 2016(b)

The undersigned, pursuant to F.R.Bankr.P. 2016(b), states that:

1.     The undersigned is the attorney for the Debtor(s) in this case.

2.     The compensation paid or agreed to be paid by the Debtor(s) to the undersigned is: [Check one]

    [ ]     **FLAT FEE**

       A.      For legal services rendered in contemplation of and in connection with this case, exclusive of the filing fee paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

       B.      Prior to filing this statement, received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..    _____

       C.      The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

    [ X ]     **RETAINER**

       A.      Amount of retainer received . . . . . . . . . . . . . . . . . . . . . . . . . . . $10,000.00   has   been   earned prior to filing.

                                                                  An additional $40,000.00 is held in retainage for application post-confirmation for approximated work to be earned post-confirmation.

       B.      The undersigned shall bill against the retainer at an hourly rate of $__ 325.00  for Alexander J. Berry-Santoro and $400 for Ethan D. Dunn __. [Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

3.     $__ 0.00 ____ of the filing fee has been paid.

4.     In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including: [Cross out any that do not apply.]

       A.      ~~Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;~~

       B.      ~~Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;~~

       C.      ~~Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;~~

       D.      Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

       E.      Reaffirmations;

       F.      Redemptions;

       G.      Other:

5.     By agreement with the debtor(s), the above-disclosed fee does not include the following services:

6.     The source of payments to the undersigned was from:

       A.     XX        Debtor(s)' earnings, wages, compensation for services performed

       B.     _____      Other (describe, including the identity of payor) _____

7.  The undersigned has not shared or agreed to share, with any other person, other than with members of the undersigned's law firm or corporation, any compensation paid or to be paid except as follows:

Dated:  November 20, 2023 _____

/s/ Alexander J. Berry-Santoro _____
Attorney for the Debtor(s)
Alexander J. Berry-Santoro
Maxwell Dunn PLC
2937 E. Grand Blvd.
Suite 308

Detroit, MI 48202

aberrysantoro@maxwelldunnlaw.com
P81545 MI

Agreed:  /s/  Mr. Paul Jenkins, Jr. _____
Mr. Paul Jenkins, Jr.
Debtor

_____
Debtor

# United States Bankruptcy Court
## Eastern District of Michigan

In re   MIG EAST, LLC      Case No. _____

Debtor(s)      Chapter   11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Paul Jenkins (Sr.)<br>23140 Laurel Valley St.<br>Southfield, MI 48034 | Membership | 100% of membership | Uncertificated equity and/or securities |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

     I, the Authorized Executive Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   December 12, 2023        Signature   /s/ Mr. Paul Jenkins, Jr.

                                                Mr. Paul Jenkins, Jr.

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Eastern District of Michigan

In re   MIG EAST, LLC

Case No. _____

Debtor(s)

Chapter   11

# VERIFICATION OF CREDITOR MATRIX

I, the Authorized Member of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   December 19, 2023

/s/ Mr. Paul Jenkins, Jr.

Mr. Paul Jenkins, Jr./Authorized Member
Signer/Title

A&C Builders Hardware, Inc.
22212 DEQUINDRE
Warren, MI 48091


ADVANCED SPECIALTIES PRODUCTS LLC
478 BAUMAN AVE
Clawson, MI 48017


AGB Painting, Inc.
13840 W MINISTER ST
Southgate, MI 48195


American Express
PO Box 650448
Dallas, TX 75265


Anselmino Construction
4562 STANTON RD
Oxford, MI 48371


ARC
400 RENAISSANCE CENTER, Ste. 2600
West Bloomfield, MI 48324


Asphalt Specialists, Inc.
1780 E HIGHWOOD
Pontiac, MI 48340


Barry and Bear, LLC
1304 BARNESWOOD LN.
Rochester, MI 48306


BASCO
220 W CONGRESS
Detroit, MI 48226


Blaze Contracting Inc.
1402 SYLVAN CIRCLE
Rochester, MI 48307


Blue Star, Inc.
1402 SYLVAN CIRCLE
Rochester, MI 48307


Bluestone Construction Group
2703 PARKLAWN DR
Brighton, MI 48114


Brooks Lumber, Co.
2200 TRUMBULL AVE.
Detroit, MI 48216


BUTCHER & BUTCHER CONSTRUCTION COMPANY
3885 INDUSTRIAL DRIVE
Rochester, MI 48309

Chickpea Development, LLC
645 GRISWOLD ST., STE. 4300
Detroit, MI 48226


Chickpea Development, LLC
645 GRISWOLD ST., STE. 4300
Detroit, MI 48226


Citizens Ins. Co.
Department 77360 PO Box 77000
Detroit, MI 48277


City of Detroit
C/O Law Dept. 2 Woodward Ave., Ste. 500
Detroit, MI 48226


City Shield Security Svcs.
33 BLOOMFIELD HILLS PARKWAY, SUITE 125
Bloomfield Hills, MI 48304


CNA Surety
151 N. Franklin Street, 17th Floor
Chicago, IL 60606


Comcast
1701 JFK Boulevard
Philadelphia, PA 19103


Contractors Fence & Gate Svc.
14900 TELEGRAPH RD
Redford, MI 48239


Crevier Construction
1539 HUNTINGTON BLVD.
Grosse Pointe, MI 48236


Curtis Glass Company
4146 AUBURN
Royal Oak, MI 48073


D&A Public Safety
16250 NORTHLAND DR., STE .362
Southfield, MI 48075


DataTech Cafe
24875 NOVI RD
Novi, MI 48376


Design Cabinets, Inc.
1898 LARCHWOOD
Troy, MI 48083


Dillon Law Group, LLC
1350 E LAKE LANSING RD, Ste.
East Lansing, MI 48823

Diversified Construction Specialists, In
2141 Austin Ave.
Rochester, MI 48309


Division 6 Fabrication and Installation
27450 Gloede Dr.
Warren, MI 48088


Dixon, Inc.
660 WOODWARD AVE., STE. 1537
Detroit, MI 48226


Dreamtroit
1331 HOLDEN
Detroit, MI 48202


Duross Painting Company
27270 GLOEDE
Warren, MI 48093


Eagle Excavation, Inc.
4295 HOLIDAY DRIVE
Flint, MI 48507


Envy Modular Wall Systems
5812 PARAMUS DRIVE
Clarkston, MI 48346


Eric Ebejer
2660 AUBURN ROAD
Auburn Hills, MI 48326


ESKO Roofing & Sheet Metal
14000 SIMONE
Utica, MI 48315


Everstream Solutions, LLC
1228 Euclid Ave #250
Cleveland, OH 44115


Ferguson Enterprises
28175 HAGGERTY RD
Novi, MI 48377


Ferguson Enterprises, Inc.
55500 Grand River Ave
New Hudson, MI 48165


FiberClass Insulation
29769 ANTHONY DR
Wixom, MI 48393


First Bankcard
1620 Dodge St.
Omaha, NE 68197

FP Mail Solutions, Inc
140 N. Mitchell Ct., Ste. 200
Addison, IL 60101


FRAMING AUTHORITY, INC.
30832 INDUSTRIAL RD
Livonia, MI 48150


FSS Technologies
3858 BESTECH DRIVE, SUITE E
Ypsilanti, MI 48197


Future Maintenance, Inc.
33794 CAPITOL ST
Livonia, MI 48150


Gold Star Equipment, Inc.
21680 COOLIDGE
Oak Park, MI 48237


Great Lakes Tile & Contracting
42730 MOUND RD
Sterling Heights, MI 48314


Guardian Equipment Company
44375 GRAND RIVER AVE
Novi, MI 48375


Guideline Mechanical, Inc.
24323 SORRENTINO COURT
Clinton Township, MI 48035


Harnish Fireproofing
24400 CAPITOL
Redford, MI 48239


Independent Bank
4200 EAST BELTLINE AVENUE
Grand Rapids, MI 49525


Independent Bank
230 W. Main St.
Ionia, MI 48846


Industrial Fence & Landscaping
12030 PLEASANT
Detroit, MI 48217


International Building Products
6240 N. HIX
Westland, MI 48185


J. J. Barney
2397 DEVONDALE, STE. 101
Rochester, MI 48309

JD Candler Roofing Co., Inc.
3666 TEXTILE RD
Ypsilanti, MI 48197


JMC Electrical Contractor, LLC
33651 GIFTOS DRIVE
Clinton Township, MI 48035


Job Site Services
4395 WILDER ROAD
Bay City, MI 48706


JRED Engineering
14137 FARMINGTON RD
Livonia, MI 48154


KASL Enterprises
4197 WENTWORTH
Troy, MI 48098


Kone, Inc.
3410 BELLE CHASE WAY STE 600
Lansing, MI 48911


Laforce, Inc.
289 ROBBINS
Troy, MI 48083


Limbach Co., LLC
3410 BELLE CHASE WAY, Ste. 600
Lansing, MI 48911


M Goldenberg Painting Inc.
25522 Parkwood Dr
Huntington Woods, MI 48070


Master Craft Carpet
15001 FOGG ST
Plymouth, MI 48170


Masters Millwork
30700 STEPHENSON HIGHWAY
Madison Heights, MI 48071


Mechanical Heating & Cooling
6192 N TELEGRAPH RD
Dearborn Heights, MI 48127


Michele Pomponio & Sons Construction
27645 CAHILL
Flat Rock, MI 48134


MICHIGAN OVERHEAD DOOR AND LOADING DOCK
560 REID RD
Grand Blanc, MI 48439

Motor City Electric Co.
9440 GRINNELL
Detroit, MI 48213


MSU FCU
3777 West Rd
East Lansing, MI 48823


MVP Concrete
1370 PETTIBONE LAKE RD
Highland, MI 48356


Nagle Paving Company
39525 WEST 13 MILE, SUITE 300
Novi, MI 48377


Omega Floors, INC.
35370 UNION LAKE ROAD
Harrison Township, MI 48045


Overhead Door West
4680 HATCHERY RD
Redford, MI 48239


Parker Arntz Plumbing & Heating
6319 S GREENVILLE RD., PO. BOX 364
Greenville, MI 48838


Paul Jenkins Sr.
23150 Laurel Valley St.
Southfield, MI 48034


Paul Jenkins, Jr.
422 W Congress St Ste 400
Detroit, MI 48226


Pfeiffer Custom Furnishings
3025 LAPEER ROAD
Auburn Hills, MI 48326


Principal Life Insurance Co.
711 High Street
Des Moines, IA 50392


Quality Installation
6898 VERNMOOR DRIVE
Troy, MI 48098


RAM Construction
13800 ECKLES RD
Livonia, MI 48150


Rayhaven Group
35901 SCHOOLCRAFT RD.
Livonia, MI 48150

Recycle Here LLC
26903 YORK ROAD
Huntington Woods, MI 48070


Reliable Landscaping Inc
8285 LILLEY RD
Canton, MI 48187


Riney Electric
1459 FORT STREET
Wyandotte, MI 48192


Rose Moving & Storage
41775 ECORSE ROAD, SUITE 190
Belleville, MI 48111


Roseville Glass Co. LLC
26153 JOHN R
Madison Heights, MI 48071


Royal Roofing
2445 BROWN RD
Lake Orion, MI 48359


S.E Kalchik Mechanical
47510 AVANTE DR
Wixom, MI 48393


Safety Rail Company
4244 Shoreline Dr
Spring Park, MN 55384


sav's welding services, inc.
11811 PLEASANT ST
Detroit, MI 48217


Scaffolding, Inc.
135 E. MCNICHOLS
Highland Park, MI 48203


Schindler Elevator Corporation
20 WHIPPANY ROAD
Morristown, NJ 07960


Selective Insurance Inc.
40 Wantage Ave.
Branchville, NJ 07890


Simone Companies
51268 Fischer Park Dr
Utica, MI 48316


Sloan Environmental Services
25920 NORTHLINE COMMERCE DR., SUITE 402
Taylor, MI 48180

State of Michigan - SOS
430 W. Allegan St.
Richard H. Austin Building - 4th Floor
Lansing, MI 48918


State of Michigan (MGCB)
3062 West Grand Boulevard, Suite L-700
Detroit, MI 48202


Stony Creek Services, Inc.
875 SOUTH MAIN STREET
Plymouth, MI 48170


Synthetic Plastering, Inc.
34018 BEACON STE 200
Livonia, MI 48150


Taylor English Duma LLP
40600 ANN ARBOR ROAD E STE 201
Plymouth, MI 48170


Testing Engineers & Consultant
1343 ROCHESTER RD
Troy, MI 48083


The Sheer Shop
7393 23 MILE RD
Utica, MI 48316


Toshiba
25530 Commercentre Drive
Lake Forest, CA 92630


Trenko Glass LLC
E55246 5570 E 10 MILE RD
Warren, MI 48091


tri star fire protection, inc
32300 NORTHWESTERN HWY STE 200
Farmington, MI 48334


Triple T Tile LLC
8358 CANANDAIGUA RD
Clayton, MI 49235


Tristar Roofing
2273 WADHAMS ROAD
Smiths Creek, MI 48074


Ventcon
500 ENTERPRISE DR
Allen Park, MI 48101


Vertex Steel Inc.
2175 Fyke Dr
Milford, MI 48381

```
Your Personal Vault
1423 Franklin St.
Detroit, MI 48207


Zeeland Lumber & Supply Co
107 BAY CIRCLE DRIVE
Holland, MI 49424
```